FILED & JUDGMENT ENTERED
David E. Weich

Jul 22 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOSHUA B. FARMER, ) | CONSENT ORDER RESOLVING |
| *dba* TWO MILE PROPERTIES, LLC, ) | MOTION FOR RELIEF FROM STAY |
| ) | Case No. 10-40269 |
| ) | (Chapter 11) |
| ANDREA G. FARMER, ) | |
| ) | |
| Debtors. ) | |

THIS CAUSE comes on for hearing on July 14, 2010, before the undersigned United States Bankruptcy Judge for the Western District of North Carolina, upon the Motion for Relief from the Automatic Stay filed herein on May 14, 2010 (herein the "Motion"), by World Omni Financial Corp. (herein "World Omni"), as to two 2008 Toyota Prius vehicles, vehicle identification number JTDKB20U283346921 and vehicle identification number JTDKB20U283348801 (herein the "Vehicles"). The parties have agreed to resolve the Motion on the terms set forth herein, as evidenced by their respective signatures set forth below. After having considered the Motion and the record in this case, the Court approves such settlement.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. That the Debtors shall begin making adequate protection payments to World

Omni relative to the Vehicles in the amount $550.00 ($275.00 per vehicle) beginning on July 1, 2010 and continuing on the 1st day of each month thereafter until further order of the Court; and

    2.    That should the Debtors fail to make any of the payments due to World Omni under this Consent Order within thirty (30) days of the due date thereof, then the automatic stay of 11 U.S.C. §362(a) should be, and hereby is, immediately lifted and modified to permit World Omni to repossess and foreclose upon its senior security interest in the Vehicles under applicable law; and

    3.    That the ultimate treatment of World Omni's claim relative to the Vehicles following confirmation is hereby reserved and will be dealt with via the confirmation process and nothing contained herein shall serve as a waiver of any objection World Omni might make with respect to the proposed Plan treatment for either of the Vehicles in question. Nothing contained herein shall serve as a waiver of any objection Debtors might make with respect to World Omni's claim relative to the Vehicles; and

    4.    That should relief from the automatic stay be granted to World Omni under the terms of the Consent Order, then the Debtors should be, and hereby are, ordered to immediately release the Vehicles to World Omni or advise World Omni of the location of the Vehicles and the name, address and telephone number of any third party in possession of the Vehicles; and

    5.    That should relief from the automatic stay be granted to World Omni under the terms of this Consent Order, then World Omni shall have 120 days from the recovery of the Vehicles to file any deficiency claim for any amounts remaining due and owing under the Contracts after the sale of the Vehicles; and

    6.    That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

CONSENTS:

| | |
|---|---|
| s/ Richard S. Wright | s/ Kristin Decker Ogburn |
| Richard S. Wright | Kristin Decker Ogburn |
| Attorney for Debtors | Attorney for World Omni Financial Corp. |
| 201 S. College St., Suite 2020 | Horack, Talley, Pharr & Lowndes |
| Charlotte, NC 28244 | 301 S. College St., Suite 2600 |
| Tel: 704/344-1117 | Charlotte, NC 28202-6038 |
| | Tel: 704/ 377-2500 |

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court