

FILED & JUDGMENT ENTERED
David E. Weich

Aug 18 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: **Joshua and Andrea Farmer** Debtors. | Chapter 11 Case No. 10-40270 |
| In re: **Raymond and Diane Farmer** Debtors. | Chapter 11 Case No. 10-40269 |

### ORDER DENYING THE PALMETTO BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS MATTER came before the Court on July 14, 2010, for a hearing upon the Motion of the Palmetto Bank for Relief from the Automatic Stay with Respect to Real and Personal Property Including Application of 11 U.S.C. § 362(e) (the "Stay Relief Motion"). Counsel for the Debtors and counsel for The Palmetto Bank ("Palmetto") appeared at the hearing. The Court has reviewed the Stay Relief Motion and the Debtors' objection thereto, and has heard and considered the testimony of Joshua Farmer and the statements of counsel at the hearing, and by entry of this Order the Court makes the following:

{00229678.DOC V.2 F132.017781;}

**FINDINGS OF FACT**

1. On April 5, 2010 (the "Petition Date"), the Debtors filed two voluntary joint petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors are currently debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in these chapter 11 cases. The chapter 11 cases were administratively consolidated by an order entered on May 10, 2010.

3. Prior to March 31, 2010, Joshua Farmer and Raymond Farmer (the "Farmers") each owned one-half of the membership interests of Two Mile Properties, LLC, a North Carolina limited liability company ("Two Mile"). Two Mile was the owner of, among other things, certain real property and improvements commonly known as 174/220 Edwards Street Extension, Rutherfordton, North Carolina consisting of approximately 5.7 acres and three unimproved parcels consisting of approximately 9.34 acres across the street from 174 Edwards Street Extension, Rutherfordton, North Carolina (collectively, the "Property").

4. Prior to the Petition Date, Two Mile transferred the Property to the Farmers subject to all liens and encumbrances, and the Farmers are currently the owners of the Property. Palmetto has reserved the right to challenge the validity of the transfers in an adversary proceeding.

5. On June 10, 2010, Palmetto filed the Stay Relief Motion seeking either: (i) relief from the automatic stay to exercise its rights under North Carolina law; or (ii) an order requiring the Debtors to commence monthly adequate protection payments.

6. Palmetto asserts a valid Deed of Trust (defined in the Stay Relief Motion) encumbering the Property and a valid, first-priority and properly perfected security interest in,

among other things, the leases, rents, proceeds and profits of the Property (collectively, the "Pre-Petition Collateral").

7. For purposes of this motion, the Court has proceeded with the presumption that there is a valid debt owed to Palmetto and that the Pre-Petition Collateral is subject to a valid, first-priority and properly perfected security interest securing that debt. The Debtors have reserved their right, as well as the right of any other party with standing, to challenge the validity, priority or extent of any asserted lien in a later proceeding.

8. In the Stay Relief Motion, Palmetto contends that it is entitled to relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code "for cause" because the value of the Pre-Petition Collateral, including the Property, is decreasing and the Debtors have failed to provide adequate protection of Palmetto's interest in the collateral.

9. Next, Palmetto argued that it is entitled to relief from the automatic stay under section 362(d)(2) because the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization.

10. For the purpose of this motion, the Debtors and Palmetto stipulated that there is no equity in the Property.

11. The value of the Property is not declining at this time.

12. The Court believes that there is a business that can be reorganized in these chapter 11 cases.

13. On July 6, 2010, the Debtors filed the *Joint Plan of Reorganization of Raymond and Diane Farmer, and Joshua and Andrea Farmer Pursuant to Section 1121(a) of the Bankruptcy Code* (the "Plan").

{00229678.DOC V.2 F132.017781;}

## CONCLUSIONS OF LAW

14. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(G).

15. Cause does not exist to grant relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code.

16. In the short term, Palmetto's interest in the Property and the Pre-Petition Collateral is adequately protected as that term is defined in section 361 of the Bankruptcy Code.

17. The Property is necessary for an effective reorganization under section 362(d)(2) of the Bankruptcy Code.

18. The Debtors have a reasonable possibility of successfully reorganizing their business and affairs within a reasonable amount of time.

In view of the foregoing, it THEREFORE IS ORDERED, ADJUDGED AND DECREED that the Motion is hereby DENIED. This denial and the conclusions contained in this order are without prejudice to the right of Palmetto to seek relief from stay or adequate protection at a later time with regard to the Property.

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court Western District of North Carolina |
|---|---|