IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>**FARMER, RAYMOND AND DIANE**<br><br>Debtors. | Chapter 11<br><br>Case No. 10-40269 |
| In re:<br><br>**FARMER, JOSHUA AND ANDREA**<br><br>Debtors. | Chapter 11<br><br>Case No. 10-40270 |

## MOTION TO RECONSIDER ORDER ON ADEQUATE PROTECTION

The debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, by this motion (the "Motion"), hereby move this Court to reconsider its Order on Adequate Protection, entered on October 1, 2010 (the "Adequate Protection Order"). [Doc. 227]. In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this Motion and the Debtors' chapter 11 cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105 and 361 of the Bankruptcy Code and Bankruptcy Rule 9024.

### BACKGROUND

2. These administratively consolidated cases were commenced by the filing of two joint voluntary Chapter 11 petitions on April 5, 2010 (the "Petition Date").

3. Prior to the Petition Date, Joshua Farmer and Raymond Farmer (the "Farmers") each owned one-half of the membership interests in the following limited liability companies: (i)

{00232369.DOC V. F130.017746;}    1

Wildewood Apartments of Spartanburg, LLC, a South Carolina limited liability company; (ii) Meadow Green Apartments, LLC, a South Carolina limited liability company; (iii) East Ridge Apartments, LLC, a South Carolina limited liability company; (iv) Timbercreek Apartments, LLC, a South Carolina limited liability company; (v) Groves Apartments, LLC, a South Carolina limited liability company; (vi) Georgetown Village Apartments, LLC, a South Carolina limited liability company; (vii) Gaffney Apartments, LLC, a South Carolina limited liability company; and (viii) Two Mile Properties, LLC, a North Carolina limited liability company (each an "Entity," and collectively, the "Entities"). Each Entity owned certain real property and improvements, which were and are operated as apartment complexes and other rental properties (each a "Property," and collectively the "Properties").

4. On or about March 31, 2010, each Entity transferred the Properties and its personal property to the Farmers prior to filing these cases on April 5, 2010. Various senior lenders (the "Mortgage Creditors") who made loans to the Entities assert properly perfected mortgages or deeds of trust encumbering one or more of the Properties.

5. The Mortgage Creditors also assert properly perfected security interests in, among other things, the leases and rents generated by the Properties. The Farmers are the record owners of the Properties pursuant to multiple quit-claim deeds or non-warranty deeds that were executed by each Entity and recorded in the relevant county public registry. The Mortgage Creditors have reserved the right to challenge the validity of the transfers in an adversary proceeding.

6. On April 23, 2010, Inland Mortgage Capital Corp. ("Inland") filed a motion seeking relief from the automatic stay (the "Inland Stay Motion"). [Doc. 41].

7. On July 6, 2010, the Debtors filed their Joint Plan of Reorganization and Disclosure Statement. The hearing on the Disclosure Statement was scheduled for August 11, 2010.

8. On July 28, 2010, the Court heard arguments on the Inland Stay Motion, during which Inland argued that the Court should grant Inland relief from the automatic stay under 11 U.S.C. § 362(d)(3), the single asset real estate provision of Section 362. The Court refrained from ruling on the Inland Motion and continued the hearing to August 11, 2010.

9. The Debtors filed a motion to continue the hearing on the Disclosure Statement on August 3, 2010. After a hearing held on August 11, the Court granted the Debtors' motion and continued the hearing on the Disclosure Statement to September 15, 2010.

10. At the August 11, 2010 hearing, counsel for the Debtors informed the Court that the Debtors intended to commence making adequate protection payments to the Mortgage Creditors. The Court directed the Debtors to pay the Mortgage Creditors interest, at the contractual non-default rate, for September 2010 (the "September Payments"). The hearing on the Inland Stay Motion was continued until September 15, 2010.

11. At the September 15 hearing, Debtors' counsel informed the Court that the September Payments had been made directly to all Mortgage Creditors other than US Bank, 1230 Overbrook Drive Holdings, LLC and CBA-Mezzanine Capital Finance, LLC (collectively, the "Securitization Creditors"), due to, among other things, a dispute as to whether the Securitization Creditors were creditors holding claims secured by property of the estates. The September Payments to the Securitization Creditors were paid into an escrow account maintained by Debtors' counsel pending further order of the Court.

12. The Debtors argued, among other things, that the Court should adopt the value of the Properties set forth in the Debtors' Schedules filed in these cases in determining the amount of adequate protection payments to be paid to the Mortgage Creditors.

13. The Mortgage Creditors argued that the Court should adopt the principal balance of each Mortgage Creditor's pre-petition mortgage loan made to one of the Entities (each a "Mortgage Loan"), in determining the amount of adequate protection payments in the case.

14. On October 1, 2010, the Court entered the Adequate Protection Order, which determined that the unpaid principal balance of each Mortgage Loan as of the Petition Date would serve as the basis for determining the adequate protection payment to be made to each Mortgage Creditor, pending further orders of the Court or agreement of the affected parties.

## RELIEF REQUESTED

15. By this Motion, the Debtors request that the Court reconsider and modify the Adequate Protection Order pursuant to sections 105 and 361 of the Bankruptcy Code and Bankruptcy Rule 9024. As set forth below, the Debtors submit that the basis for determining the adequate protection payment to be made to each Mortgage Creditor should be the judicially determined values of each affected Property pursuant to valuation hearings scheduled for October 21 and 22, 2010, rather than the unpaid principal balance of each Mortgage Loan as of the Petition Date.

## BASIS FOR RELIEF REQUESTED

16. In the Adequate Protection Order, the Court found that no valuation hearings had been held related to the Properties, the values of the Properties had not been decided by the Court, and that there was no persuasive evidence before the Court as to the value of the Properties or any Mortgage Creditor's interest in the applicable Property.

17. The Decretal Paragraphs of the Adequate Protection Order provided, in pertinent part:

> B. The unpaid principal balance of each Mortgage Loan as of the Petition Date shall serve as the basis for determining the amount to be paid to each Mortgage Creditor *until such time as: (i) the Court may determine the value of a Mortgage Creditor's interest in the applicable improved real property; (ii) the Debtors and a Mortgage Creditor stipulate in writing as to the value of such Mortgage Creditor's interest in the applicable improved real property; or (iii) the Court shall enter an order modifying this decretal Paragraph B or vacating this Order.*
>
> C. The Debtors shall make the Payments to each Mortgage Creditor until: (i) the Court shall grant such Mortgage Creditor relief from the automatic stay and such order shall have become final; (ii) the Court shall enter an order confirming a plan of reorganization that does not provide for the payment of the Payments; (iii) the Court shall enter an order dismissing or converting these Chapter 11 cases; *(iv) the Court shall enter an order modifying this decretal Paragraph C or vacating this Order*; or (v) such Mortgage Creditor shall agree in writing to waive or modify the applicable Payment.
>
> ...
>
> G. *The Court holds open all issues regarding the claims of the Mortgage Creditors and the valuation of the Properties*, including any challenges that may be asserted as to the validity or amount of any such claim or as to whether such claim is secured by an unavoidable, properly-perfected lien on or against, or by a security interest in, any of the Properties.
>
> ...
>
> J. *Nothing contained herein should be construed to prevent the Court from revisiting the issues of the amount, scope or extent of adequate protection payments to be made in these cases.*

18. Thus, by its express terms, the Adequate Protection Order contemplated that the Court would consider revision of its provisions following a judicial valuation of the Properties.

19. Valuation hearings regarding the Properties are presently scheduled for October 21, 2010 and October 22, 2010. As of the filing of this Motion, the Debtors have provided the affected Mortgage Creditors with appraisals of the affected Properties in anticipation of those hearings.

20.  In addition to the terms of the Adequate Protection Order itself, the upcoming judicial valuations of the Properties, and the evidence offered in connection therewith, constitute grounds for modifying its terms pursuant to Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence"); 60(b)(5) ("prospective application no longer equitable"); or 60(b)(6) ("any other reason that justifies relief").

21.  The Court will definitively determine the value of the Properties for the purposes of this Chapter 11 proceeding in the upcoming valuation hearings.  Therefore, the Debtors submit that it is no longer equitable to use the unpaid principal balance of each Mortgage Loan on the Petition Date as the basis for determining the appropriate adequate protection payment to be made to each Mortgage Creditor, and that good cause exists to amend the Adequate Protection Order based on such judicially determined values.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting (i) the relief requested herein and (ii) such other relief as is just and proper.

Dated: Charlotte, North Carolina
       October 8, 2010

                                HAMILTON MOON STEPHENS
                                STEELE & MARTIN, PLLC

                                    */s/ Richard S. Wright*
                                Andrew T. Houston (Bar No. 36208)
                                Richard S. Wright (Bar No. 24622)
                                2020 Charlotte Plaza
                                201 South College Street
                                Charlotte, North Carolina 28244-2020
                                Telephone:  (704) 344-1117
                                *Counsel for the Debtors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: **Joshua and Andrea Farmer** Debtors. | ) ) ) Chapter 11 ) Case No. 10-40270 ) ) |
| In re: **Raymond and Diane Farmer** Debtors. | ) ) ) Chapter 11 ) Case No. 10-40269 ) ) |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (the "Debtors"), have filed a **Motion to Reconsider Order on Adequate Protection** (the "Motion").

PLEASE TAKE FURTHER NOTICE that your rights may be affected by this Motion. You should read the Motion carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one.

If you do not want the Court to grant the relief requested or if you want the Court to consider your views on the Motion, then you or your attorney should attend the hearing at **9:30 a.m. on Wednesday, October 27, 2010** before The Honorable George Hodges in the Bankruptcy Courtroom 126, 401 West Trade Street, Charlotte, North Carolina.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting the relief requested. No further notice of the hearing will be given.

Dated: Charlotte, North Carolina
October 8, 2010

                                            HAMILTON MOON STEPHENS
                                            STEELE & MARTIN, PLLC

By:      */s/ Richard S. Wright*
                                            Richard S. Wright (Bar No. 24622)
                                            Travis W. Moon (Bar No. 3067)
                                            Andrew T. Houston (Bar No. 36208)
                                            2020 Charlotte Plaza
                                            201 South College Street
                                            Charlotte, North Carolina 28244-2020
                                            Telephone: (704) 344-1117
                                            *Counsel for the Debtors*