# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Raymond and Diane Farmer** | ) | Chapter 11 |
| | ) | Case No. 10-40269 |
| Debtors. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| **Joshua and Andrea Farmer** | ) | Chapter 11 |
| | ) | Case No. 10-40270 |
| Debtors. | ) | |

## MOTION FOR ORDER ALLOWING AMENDMENT OF CLAIM

First National Bank of the South ("FNBS"), a creditor in this case, moves the Court for an Order allowing it to amend its informal proof of claim with a formal proof of claim (the "Motion"). In support the Motion, FNBS respectfully submits the following:

### Factual Background

1. On April 5, 2010 (the "Petition Date"), the Debtors filed two voluntary joint petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors are currently debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases. The chapter 11 cases were administratively consolidated by an order entered on May 10, 2010.

2. The deadline for filing claims in this case was August 19, 2010.

3. Prior to March 31, 2010, Joshua Farmer and his father Raymond Farmer (collectively, the "Farmers") formed various limited liability companies in North and South Carolina for the purpose of acquiring and operating multi-family apartment complexes and other real estate ventures. In particular, the Farmers each owned one-half of the membership interests in the

following limited liability companies: (a) Wildewood Apartments of Spartanburg, LLC, a South Carolina limited liability company; (b) Meadow Green Apartments, LLC, a South Carolina limited liability company; (c) East Ridge Apartments, LLC, a South Carolina limited liability company; (d) Two Mile Properties, LLC, a North Carolina limited liability company; (e) Timbercreek Apartments, LLC a South Carolina limited liability company; (f) Groves Apartments, LLC a South Carolina limited liability company; (g) Georgetown Village Apartments, LLC, a South Carolina limited liability company; and (h) Gaffney Apartments, LLC, a South Carolina limited liability company (each an "Entity," and collectively, the "Entities").

4. Georgetown Village Apartments, LLC ("GVA LLC") was the owner of the Georgetown Village Apartments located in Spartanburg County, South Carolina (the "Property"). GVA, LLC was formed as a single purpose entity by the Farmers to purchase and operate the Property. The sole asset of GVA, LLC was the Property.

5. Prior to the Petition Date, GVA LLC transferred the Property to the Farmers subject to all liens and encumbrances, and the Farmers now claim to be the current owners of the Property. FNBS has reserved the right to challenge the validity of the transfer in an adversary proceeding.

6. Schedule D as filed by the Debtors on April 28, 2010 listed FNBS as a secured creditor with a claim of $1,950,000.00 secured by a lien on the Property (Doc 51, p. 30).

7. On May 28, 2010, the Court entered the Order Resolving Motion of the Palmetto Bank for a Determination that the Debtors are Subject to Various Provisions of the Bankruptcy Code Relating to Single Asset Real Estate and those Applicable to Corporate Entities (the "SARE Order") (Doc. 104). In the SARE Order, the Court held, among other things, that it

2

is appropriate to treat the Debtors' assets and liabilities as if the Pre-Petition Transfers had not occurred and the Entities' assets and liabilities were being administered in separate bankruptcy cases (Doc. 105, p. 5). To aid in the administration of these cases, the Debtors were ordered to file separate schedules and statements of financial affairs for each Entity (Doc. 105, p. 5).

8. Schedule D as filed by the Debtors on June 11, 2010 listed FNBS as a secured creditor with a claim of $1,950,000.00 secured by a lien on the Property (Doc 120, p. 6).

9. On June 21, 2010, FNBS filed a motion for relief from automatic stay requesting either: (i) relief from the automatic stay to commence foreclosure proceedings under South Carolina law; or (ii) an order requiring the Debtors to commence monthly adequate protection payments (Doc. 131). As set forth in the motion for relief from stay, FNBS made a loan to GVA LLC in the amount of $2,072,000.00 (the "Loan") which is secured by a first-priority mortgage and security interest on the Property and proceeds of the Property (Doc. 131, p. 4).

10. In support of the motion for relief from stay, FNBS filed an affidavit of Douglas H. Cobb (the "Affidavit") (Doc. 132). The Affidavit attached supporting documentation of the Loan including a copy of the Note evidencing the Loan, the Mortgage and Assignment of Rents recorded against the Property, and the Guaranty of the Farmers.

11. The Affidavit sets forth that the Loan is in default and is immediately due and payable in full as of the Petition Date (Doc. 132, p.2). The Affidavit states that the total outstanding balance of the Loan as of the Petition Date was $1,997,026.39 with the principal balance being $1,935,881.57, accrued interest on the Loan being $57,211.60, and late charges being $3,933.22 (Doc. 132, p. 3).

12. The motion for relief from stay of FNBS came before the Court on July 14, 2010. The

3

Court heard and considered the testimony of Joshua Farmer and the statements of counsel at the hearing and ultimately denied the motion without prejudice to the right of FNBS to seek relief from stay or adequate protection at a later time with regard to the Property (Doc. 189).

13. On July 6, 2010, Debtors filed a Joint Plan of Reorganization (the "Plan") (Doc. 137) and Joint Disclosure Statement (the "Disclosure Statement") (Doc. 138) regarding the Plan. The Plan and Disclosure Statement list the secured claim of FNBS and propose the following Plan treatment:

> **3.9** *Georgetown*
>
> *Class 30: FNBS Secured Claim*
>
> *Classification*
>
> Class 30 consists of the Allowed Secured Claim of FNBS.
>
> *Treatment*
>
> This obligation shall be treated as a secured obligation of Joshua Farmer and Raymond Farmer up to the value of the collateral securing the claim, in amounts: (i) to be determined by the Bankruptcy Court pursuant to section 506 of the Bankruptcy Code either at the Confirmation Hearing or earlier upon motion of the Debtors, or (ii) as otherwise agreed upon by the Debtors and FNBS. Payments on account of the FNBS secured claim shall begin within ninety (90) days of the Effective Date and shall be made monthly from the business and operations of the Reorganized Debtors, with interest payments at the London Interbank Offered Rate (LIBOR) plus three percent (3%), provided however, that the interest rate shall not exceed five percent (5%), for a period of one year. Thereafter, payments on account of the FNBS secured claim shall be paid monthly with interest at the LIBOR plus three percent (3%), provided however, that the interest rate shall not exceed five percent (5%), amortized over a period of twenty-five (25) years, with a five (5) year balloon payment, and no prepayment penalties. FNBS shall retain its lien with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.
>
> *Impairment and Voting*

> Class 30 is impaired by the Plan. The holders of Class 30 Claims are entitled to vote to accept or reject the Plan.

(Doc. 137, p. 29-30) and (Doc. 138, p. 31).

14. On August 2, 2010, the Court ordered that FNBS (along with several other secured creditors) was granted an extension of the deadline for secured creditors to make an § 1111(b) election until the later of ten (10) days after the entry of a final order determining the value of the Property under §506(a) or the conclusion of the hearing on a disclosure statement which specifically contains the amount determined by the Court as the value of the Property under §506(a) (Doc. 172).

15. On August 4, 2010, FNBS filed an objection to the Disclosure Statement and the Plan filed by the Debtors because neither complied with Bankruptcy Code section 1129 as (a) the Plan is not fair and equitable; (b) the Plan is not feasible; and (c) the Plan violates the absolute priority rule (Doc. 178).

16. The Debtors filed a motion to continue the hearing on the Disclosure Statement on August 3, 2010 (Doc. 173). After a hearing held on August 11, the Court granted the Debtors' motion and continued the hearing on the Disclosure Statement to September 15, 2010. At the August 11, 2010 hearing, counsel for the Debtors informed the Court that the Debtors were going to commence making adequate protection payments to certain secured creditors, including FNBS. The Court directed the Debtors to pay FNBS interest, at the contractual non-default rate for September 2010.

17. At the September 15, 2010 hearing the Court ordered that Debtors continue adequate protection payments to certain secured creditors, including FNBS (Doc. 227).

18. On November 15, 2010 Debtors filed an Amended Plan (Doc. 264) and Amended Disclosure Statement (Doc. 165). The deadline for objections to the Amended Disclosure

5

Statement is December 8, 2010. FNSB will file a written objection to the Disclosure Statement and the Plan.

## Law and Argument

19. Based on the informal proof of claim doctrine, a variety of writings may qualify as a proof of claim, even if they were not intended as such. *In re Uwimana*, 284 B.R. 218, 220 (D.Md. 2002). By alleviating problems of form over substance, the informal proof of claim doctrine prevents "the potentially devastating effect of the failure of a creditor to formally comply with the requirements of the Code" when pleadings filed by the party have put the parties on sufficient notice of that creditor's claim. *Id.* at 222-23. The Fourth Circuit has indicated that recognizing informal proofs of claim in certain circumstances reflects the general policy of liberality as to claims when there is information in the record justifying such a course of action. *Fyne v. Atlas Supply Co. (In re Fyne)*, 245 F.2d 107, 109 (4th Cir. 1957).

20. "Under the informal proof of claim doctrine, if a creditor filed an informal proof of claim before the expiration of the claims deadline, the creditor is allowed thereafter to amend the informal proof of claim with a formal proof of claim complying with Rule 3001(a)." *In re Graves*, 2001 WL 1699649 at *2 (Bankr.M.D.N.C. 2001) citing 9 *Collier on Bankruptcy* ¶ 3001.05 (15th ed.2000). "In reality, the reference to the creditor filing an 'informal proof of claim' is somewhat misleading because the doctrine arises where a document which was not intended to be a proof of claim when filed is treated as such for purposes of allowing a later filed amended claim to relate back to the filing of the so-called informal proof of claim" *Id.* citing *In re Bargdill*, 238 B.R. 711, 717 n.2 (Bankr.N.D.Ohio 1999).

21. "Various documents and pleading have been treated as informal proofs of claim,

including an objection to confirmation of a debtor's Chapter 13 plan, a motion or complaint seeking relief from the automatic stay, a complaint in an adversary proceeding objecting to dischargeability, a disclosure statement filed by a creditor in support of its plan, a motion for a valuation hearing pursuant to § 506 and a motion to set aside an order." *Id.* citing 9 *Collier on Bankruptcy* ¶ 3001.05[1] (15th ed.2000).

22. "Whether a particular document will be treated as an informal proof of claim depends upon the contents of the document and the particular circumstances of the case. The cases vary somewhat in stating the prerequisites for an informal proof of claim. Frequently, it is said that the following elements are required: (1) it must be in writing; (2) it must contain a demand by the creditor on the estate; (3) it must express an intent to hold the debtor liable for the debt; (4) it must be filed with the bankruptcy court; and (5) the facts of the case must be such that allowance of the claim is equitable." *Id.* at *3. "Another frequently stated standard is that an informal proof of claim exists when the document relied upon by the creditor states a demand showing the nature and amount of the claim against the estate and evidences an intent to hold the debtor liable." *Id.* citing *In re Charter Co.,* 876 F.2d 861, 863 (5th Cir.1989); *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1381 (9th Cir.1989); *In re Hall,* 218 B.R. 275, 277 (Bankr.D.R.I.1998); *In re Anchor Resources Corp.,* 139 B.R. 954, 957 (D.Colo.1992).

23. The doctrine of informal proof of claim is recognized in the Fourth Circuit. If a creditor has made an "informal claim" during the filing period, then a late proof of claim may be treated as a perfecting amendment of the informal claim. *In re Hardgrave,* 1995 WL 371462, at *1 (4th Cir.); *In re Davis,* 936 F.2d 771, 775 (4th Cir.1991); *Dabney v. Addison,* 65 B.R. 348, 351 (E.D.Va.1985). An "informal claim" exists when "sufficient notice of the claim has

7

been given in the course of the bankruptcy proceeding . . . ." *Fyne v. Atlas Supply Co.,* 245 F.2d 107, 107 (4th Cir.1957). A party provides sufficient notice of the claim by undertaking "some affirmative action to constitute sufficient notice that he has a claim against the estate." *In re Davis,* 936 F.2d at 775-76.

24. In the *Graves* case, the issue was whether the filing of a motion for relief from stay was sufficient to constitute an informal proof of claim. 2001 WL 1699649 at *3. The *Graves* court noted as follows:

> Summit's motion for relief from stay supplies much of the information called for in the official proof of claim form. It is in writing and was filed with the court. It states the name and address of the creditor and is signed by an authorized representative, i.e., its attorney. It also provides detailed information concerning the basis for the claim, as well as the date on which the debt was incurred. The motion states that Summit loaned money to the female debtor for the purchase of a 1997 Lincoln automobile and provides specifics regarding the transaction. The motion states that Summit loaned the female debtor the sum of $22,554.00 on July 6, 1999, and has attached copies of supporting documents, including the $22,554.00 loan proceeds check issued by Summit on July 6, 1999. The motion also states that Summit is claiming a lien against the female Debtor's 1997 Lincoln automobile and seeks relief from the automatic stay for the expressed purpose of "allowing Summit Credit Union to obtain a lien on the title on the 1997 Lincoln Town Car to secure the purchase money loan made to the Debtor, Bernice Ferguson Graves." While this may not be an explicit statement of a claim, the obvious inference is that Summit intended to utilize such lien in order to obtain payment of its unpaid loan in this case, which is reflective of an intention to make a claim against the Debtors and property of the estate. If this were not the case, why would Summit go to the trouble and expense of coming into court and filing the motion in the first place?

*Id.* at *4.

25. The *Graves* court concluded "that the filing of the motion for relief from stay was sufficient to reveal that Summit had a claim against the female Debtor, as well as an intent to share in the estate in the present case, and that, judged by the rather liberal standard articulated in the Fourth Circuit cases, the motion for relief from stay is sufficient to constitute an informal proof of claim." *Id.*

26. Rulings from other courts are uniform in their holdings that a creditor's motion for relief from stay may be treated as a document evidencing an informal proof of claim. *See e.g. In re Gateway Investments Corp.,* 114 B.R. 784, 787 (Bankr.S.D.Fla.1990); ("The Motion for Relief from Stay . . . satisfied this requirement as well.  The Motion for Relief from Stay demanded relief from the bankruptcy estate and expressed an intent to hold the estate liable for the claim."); *In re Brown*, 76 Fed.Appx. 471, 472 (3rd Cir. 2003) ("We are satisfied that the motion for relief from automatic stay . . . does meet the *McCoy* requirements – it is in writing; it contains a demand by the creditor on the debtor's estate; it expresses an intent to hold the debtor liable for the debt; it has been filed with the Bankruptcy Court; and we feel that it would be equitable to allow the amendment."); *In re Charter Co.,* 876 F.2d 861, 864 (11th Cir.1989); *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1381 (9th Cir.1985); *Guardian Mortgage Investors v. Sunset Villas Phase III Condo. Ass'n., Inc. (In re Guardian Mortgage Investors),* 15 B.R. 284, 285-86 (M.D.Fla.1981); *In re Chicoine,* 97 B.R. 30 (Bankr.D.Mont.1988); *In re Wm. B. Wilson Mfg. Co.,* 59 B.R. 535, 540 (Bankr.W.D.Tex.1986).

27. In the Fourth Circuit, in deciding whether to permit an amendment based upon an informal claim, the court has discretion and may consider equitable factors such as any potential adverse impact on the debtor, the trustee, other creditors or the public. *In re Hardgrave,* 1995 WL 371462, at *2.

28. FNBS submits that designating its motion for relief from stay as an informal proof of claim is equitable based on the relative positions of the parties in this case and will not result in prejudice to the Debtors or other creditors.  Debtors and their attorneys have ample notice of the FNBS lien on the Property and the amount of the lien.  In fact, there has been

9

considerable motion practice in this case concerning the liens of the SARE secured creditors (which includes FNBS). The issue of whether FNBS should be permitted to amend its informal proof of claim has arisen before a plan has been confirmed and well before any potential distributions from the estate to creditors. Prejudice to other unsecured creditors as a result of the motion being treated as an informal proof of claim also is unlikely, nor is there any indication of prejudice to the public.

29. Under the circumstances of this case, FNBS submits that substantial justice will be done by treating the FNBS motion as an informal claim and allowing FNBS to formally amend its informal claim for its unpaid loan balance.

WHEREFORE, for the above-stated reasons, FNBS asserts that it would be just and equitable to hold that the motion for relief from stay constitutes an informal proof of claim, and FNBS requests the Court enter an Order permitting it to formally amend its informal proof of claim.

This the 8th day of December, 2010.

                              McNAIR LAW FIRM, P.A.
                              By: /s/Louis G. Spencer_____
                              Louis G. Spencer (NC State Bar No. 36019)
                              Two Wachovia Center – Suite 1615
                              301 South Tryon Street
                              Charlotte, North Carolina 28282
                              Telephone:   (704) 347-1170
                              Facsimile:   (704) 347-4467
                              Email: lspencer@mcnair.net
                              Attorney for First National Bank of the South

## CERTIFICATE OF SERVICE

    This is to certify that the undersigned counsel has served the MOTION TO AMEND PROOF OF CLAIM and NOTICE OF HEARING on all of the parties to this cause through the Court's CM/ECF system in accordance with Local Rule 5005-1 as follows:

| | |
|---|---|
| Andrew T. Houston, Esq.<br>Hamilton Moon Stephens Steele & Martin<br>201 South College Street, Suite 2020<br>Charlotte, North Carolina  28244 | Travis Moon, Esq.<br>Hamilton Moon Stephens Steele & Martin<br>201 South College Street, Suite 2020<br>Charlotte, North Carolina  28244 |
| James Heath Pulliam, Esq.<br>Kilpatrick Stockton, LLP<br>214 North Tryon Street, Suite 2500<br>Charlotte, North Carolina  28202 | Bradley E. Pearce, Esq.<br>Katten Muchin Rosenman LLP<br>550 South Tryon Street, Suite 2900<br>Charlotte, North Carolina  28202 |
| William L. Esser, IV, Esq.<br>Parker Poe Adams & Bernstein, LLP<br>401 South Tryon Street, Suite 3000<br>Charlotte, North Carolina  28202 | Joe M. Lozano, Jr., Esq.<br>Brice Vander Linden & Wernick, P.C.<br>9441 LBJ Freeway, Suite 350<br>Dallas, Texas  75243 |
| Hillary Brodgers Crabtree, Esq.<br>Moore & Van Allen, PLLC<br>100 North Tryon Street, Floor 47<br>Charlotte, North Carolina  28502-4003 | U. S. Bankruptcy Administrator<br>402 West Trade Street, Suite 200<br>Charlotte, North Carolina  28202 |

    This the 8th day of December, 2010.

                               McNAIR LAW FIRM, P.A.
                               By: /s/Louis G. Spencer_____
                               Louis G. Spencer (NC State Bar No. 36019)
                               Two Wachovia Center – Suite 1615
                               301 South Tryon Street
                               Charlotte, North Carolina 28282
                               Telephone:    (704) 347-1170
                               Facsimile:    (704) 347-4467
                               Email: lspencer@mcnair.net
                               Attorney for First National Bank of the South