**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RAYMOND AND DIANE FARMER, et al., | ) Case No. 10-40269 |
| | ) |
| | ) |
| Debtors. | ) |

<u>REPLY TO DEBTORS' RESPONSE TO OBJECTION OF PALMETTO BANK, N.A. TO
DISCLOSURE STATEMENT OF RAYMOND AND DIANE FARMER, et al.</u>

In their response, the Debtors attempt to reargue the clear ruling of the Court in the SARE Order handed down in this case some seven (7) months ago, on May 28, 2010. Palmetto Bank N.A. ("Palmetto") will address the majority of the issues raised in the Debtors' response at the hearing on this matter. However, Palmetto files this reply solely to address the Debtors' incorrect argument that Palmetto somehow previously argued that the Debtors should file a single plan, rather than separate plans with "separate voting" as required by the Court's SARE Order.

The transcript of the SARE hearing on May 12, 2010 (attached as Exhibit B to the Debtors' response) recounts the relevant statements of Ms. Simpson and counsel for Palmetto with regard to the issue of voting and administration. *Transcript* at 18-19. It is clear from that transcript that Palmetto was concerned about the Debtors' attempt to use a class from some former corporate entity which had no lending relationship with Palmetto as the voting class to cram down a plan on Palmetto. Yet, in their response, the Debtors ignore this language and selectively quote a single statement from counsel's argument and attempt to make much of the use of counsel's use of the word "plan" rather than "plans". The relevant transcript portions (cited below) quickly dispel this position.

> Ms. Simpson: . . . I think, if you are going to require one of these complexes to be a single-asset real estate entity, then you split it out entirely as if it were a separate entity. I think we split out the creditors of that entity. I think we split out the assets, whatever they happen to be, including potential tax attributes of those entities. . . .
>
> Mr. Esser: Your Honor, to echo what Ms. Simpson said, I think that that would actually be somewhat of an ideal solution if the court were to just treat these as all split out. **I mean, one of the things that hasn't really been addressed as much is the fact that, if these are all treated separately, the pool of claimants for the particular property and therefore the pool of claimants who will vote on a plan with regard to that property is much narrower.** I mean, I think the court could probably get a pretty good sense the very first day we were in here. All of the lenders were over here arguing with the exception of Mr. Henderson was over [t]here. And guess who their impaired class of creditors to cram down everybody else is going to be? I mean, that became clear on the very first day.
>
> So, if we go ahead and treat it the way that it should have been treated, the way the creditors intended it to be treated, the way it was set up until five days before the bankruptcy [petitions were filed], all of these would be treated separately.
>
> Now, we don't want to insist that the debtors have to file separate cases and bear the various administrative expenses but, if the court were to rule that all of these single assets would be put into separate buckets and the plan is going to have to treat them with separate buckets, then I think that that would be an appropriate resolution to dealing with this.

*Transcript* 18:9-19:19 (emphasis added).

The transcript makes it perfectly clear that Palmetto was requesting that voting be kept separate and distinct for each of the Entities and that a creditor of one entity could <u>not</u> be used to cram down a plan on the creditors of another entity (i.e. "separate buckets"). This was exactly the position adopted by the Court in the SARE Order and the law of the case for the past seven months. The Debtors' last minute attempt to avoid the SARE Order is inappropriate and the Disclosure Statement cannot be approved.

WHEREFORE, for all of the reasons stated herein and to be presented at the hearing on this matter, the Court should deny approval of the Disclosure Statement.

This the 14th day of December, 2010.

/s/William L. Esser IV
William L. Esser IV, Esq.  (NC Bar No. 29201)
Ashley A. Edwards, Esq. (NC Bar No. 40695)
Parker Poe Adams & Bernstein, LLP
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
willesser@parkerpoe.com
ashleyedwards@parkerpoe.com
*Attorneys for The Palmetto Bank*

## CERTIFICATE OF SERVICE

      This is to certify that the undersigned counsel has served the REPLY TO DEBTORS' RESPONSE TO OBJECTION OF PALMETTO BANK, N.A. TO DISCLOSURE STATEMENT OF RAYMOND AND DIANE FARMER, et al. on all of the parties to this cause through the Court's CM/ECF system in accordance with Local Rule 5005-1 as follows:

| | |
|---|---|
| Andrew T. Houston, Esq.<br>Hamilton Moon Stephens Steele & Martin<br>201 South College Street, Suite 2020<br>Charlotte, North Carolina 28244 | Travis W. Moon, Esq.<br>Hamilton Moon Stephens Steele & Martin<br>201 South College Street, Suite 2020<br>Charlotte, North Carolina 28244 |
| James Heath Pulliam, Esq.<br>Kilpatrick Stockton, LLP<br>214 North Tryon Street, Suite 2500<br>Charlotte, North Carolina 28202 | Bradley E. Pearce, Esq.<br>Katten Muchin Rosenman LLP<br>550 South Tryon Street, Suite 2900<br>Charlotte, North Carolina 28202 |
| Louis G. Spencer, Esq.<br>McNair Law Firm, P.A.<br>301 South Tryon Street, Suite 1615<br>Charlotte, North Carolina 28202 | Joe M. Lozano Jr., Esq.<br>Brice, Vander Linden & Wernick, P.C.<br>9441 LBJ Freeway, Suite 350<br>Dallas, Texas 75243 |
| Hillary Brodgers Crabtree, Esq.<br>Moore & Van Allen, PLLC<br>100 North Tryon Street, Floor 47<br>Charlotte, North Carolina 28502-4003 | U.S. Bankruptcy Administrator<br>402 West Trade Street, Suite 200<br>Charlotte, North Carolina 28202 |

      This the 14th day of December, 2010.

      /s/William L. Esser IV
      William L. Esser IV, Esq.  (NC Bar No. 29201)
      Ashley A. Edwards, Esq. (NC Bar No. 40695)
      Parker Poe Adams & Bernstein, LLP
      401 South Tryon Street, Suite 3000
      Charlotte, North Carolina 28202
      Telephone: (704) 372-9000
      Facsimile: (704) 334-4706
      willesser@parkerpoe.com
      ashleyedwards@parkerpoe.com
      *Attorneys for The Palmetto Bank*