FILED & JUDGMENT ENTERED
Christine F. Winchester

Dec 23 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **JOSHUA AND ANDREA FARMER,** | **Case No. 10-40269** |
| Debtors. | |
| **In re:** | **Chapter 11** |
| **RAYMOND AND DIANE FARMER,** | **Case No. 10-40270** |
| Debtors. | |

**CONSENT ORDER RESOLVING INLAND MORTGAGE CAPITAL CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE <u>ALTERNATIVE FOR ADEQUATE PROTECTION</u>**

THIS MATTER came before the Court upon the Motion by Inland Mortgage Capital Corporation for Relief from the Automatic Stay or, in the Alternative for Adequate Protection (ECF No. 41; as supplemented, the "Stay Relief Motion"). Based on a preliminary hearing held before the Court on July 28, 2010, the record before the Court and the stipulations and consent of the parties herein, the Court finds and concludes that the relief set forth herein is in the best interests of the Debtors and their estates, and by entry of this Order the Court adopts the following stipulations as its FINDINGS OF FACT:

- 1 -

1. On April 5, 2010 (the "Petition Date"), the Debtors filed two voluntary joint petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors are currently debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in these chapter 11 cases. The chapter 11 cases were administratively consolidated by an order entered on May 10, 2010.

3. Prior to March 31, 2010, Joshua Farmer and Raymond Farmer (the "Farmers") each owned one-half of the membership interests of Groves Apartments, LLC, a South Carolina limited liability company ("Groves LLC"). Groves LLC was the owner of the Groves Apartments located in the City of North Augusta, South Carolina ("Groves," or the "Property").

4. Before the Petition Date, Inland made a mortgage loan to Groves LLC that was used to, among other things, purchase the Property. The Loan was guarantied by the Debtors.

5. Prior to the Petition Date, Groves LLC transferred the Property to the Farmers subject to all liens and encumbrances, and the Farmers are currently the owners of the Property subject to Inland's lien.

6. On April 23, 2010, Inland filed the Stay Relief Motion seeking either: (i) relief from the automatic stay to commence foreclosure proceedings under South Carolina law; or (ii) an order requiring the Debtors to commence monthly adequate protection payments.

7. Inland filed a proof of claim on July 14, 2010, in the amount of $4,007,026.62. Inland's proof of claim sets forth the amount of the debt owed by the Farmers to Inland as of the Petition Date (the "Debt").

8. Inland and the Farmers have agreed that Inland shall have an allowed claim under Section 502 of the Bankruptcy Code as set forth in decretal paragraph B below.

9. The Debt is secured by a valid, properly perfected, first-priority Mortgage and Security Agreement (defined in the Stay Relief Motion) encumbering the Property and a valid, first-priority and properly perfected security interest in, among other things, the leases, rents, proceeds and profits of the Property.

10. The Debt exceeds the value of the Property, the Property does not generate sufficient income, net of operating and bankruptcy expenses, to ensure that the Debtors can pay Inland the full monthly adequate protection payment that would be due under 11 U.S.C.§ 362(d)(3), and good and sufficient cause exists to grant Inland relief under 11 U.S.C. § 362(d).

11. As used in this Order, a "Stay Relief Event" means as follows:

    i. The Debtors shall fail to file a Plan, reasonably acceptable to Inland, and related Disclosure Statement in adequate time for confirmation of such Plan on or before January 31, 2011;

    ii. Either or both of the cases shall be converted to a Chapter 7 proceeding or dismissed, or a trustee shall be appointed in respect of either or both cases;

    iii. The Debtors shall fail to pay Inland as and when due any adequate protection payment;

    iv. The Debtors shall take any other action, or fail to take any action, which has the reasonably foreseeable consequence of impairing the value of the Property; or

    v. The Bankruptcy Court shall terminate exclusivity before January 31, 2011.

12. The Debtors and Inland have agreed to resolve the Stay Relief Motion on the terms set forth below.

In view of the foregoing, it THEREFORE IS ORDERED, ADJUDGED AND DECREED as follows:

A. The Stay Relief Motion is granted subject to the terms set forth below.

B. Inland's claim is an allowed secured claim in the amount of $3,774,559.37 (the "Allowed Secured Claim"), and is not subject to any offset, recoupment, allowance, deduction or counterclaim, of any kind or nature whatsoever. Except as otherwise specifically provided in this Order, the rights afforded in this Order and the treatment of Inland's claim herein shall be in exchange for and in complete satisfaction, discharge, and release of all claims against the Debtors, the Debtors in Possession, the Reorganized Debtors, their respective estates or the assets, or properties of the Debtors, the Debtors in Possession or the Reorganized Debtors of any nature whatsoever.

C. Inland's right to make the Section 1111(b) election will be preserved until the conclusion of the confirmation hearing on the Plan.

D. Commencing with the November 2010 payment, the Debtors will be obligated to pay Inland adequate protection payments consisting of the Property's "Net Cash Flow," which is the amount by which the Property's revenues for the prior month exceed expenses for the Property, as such expenses are set forth in the Court-approved budget for the Property attached as an exhibit to the Amended Final Order Authorizing the Use of Cash Collateral Pursuant to Sections 361 and 363 of the Bankruptcy Code (Doc. No. 145). All such monthly payments will be paid to Inland from the revenues generated by the Property and will be accorded priority under section 503(b)(1) of the Bankruptcy Code.

E. The Debtors will promptly pay past-due City taxes on the Property from the revenue generated by the Property, and such payment shall be deemed to be in accordance with the Court-approved Budget for the Property. Except as expressly set forth in the foregoing sentence, the Debtors will pay insurance premiums and all other taxes on the Property, as and when due, in accordance with the Court-approved budget for the Property.

F. The Debtors will provide Inland with monthly rent rolls and such other reports as Inland may from time to time request. The Debtors will promptly provide Inland with written notice of any extraordinary event or circumstance affecting the Property.

G. The Debtors are authorized and directed to promptly execute and deliver to Chicago Title Insurance Company (the "Escrow Agent") a deed in lieu of foreclosure for the Property (the "Deed in Lieu").

H. If any Stay Relief Event occurs before confirmation of the Plan, Inland shall have the right, in its sole discretion, to file notice thereof (a "Stay Relief Notice") with the Court and to serve such Stay Relief Notice on counsel for the Debtors, the bankruptcy administrator and the Escrow Agent.

I. The Debtors, or the Bankruptcy Administrator may file an objection to the Stay Relief Notice, setting forth specific factual allegations that dispute whether a Stay Relief Event has occurred (an "Objection") within five (5) days of the date on which the Stay Relief Notice was served.

J. If no Objection is timely filed with the Court, Inland in its sole discretion may direct the Escrow Agent to deliver the Deed in Lieu to Inland's counsel or to cause the filing of the Deed in Lieu with the appropriate filing office.

K. If an Objection to a Stay Relief Notice is timely filed and served, the Court shall conduct a hearing on the issue of whether a Stay Relief Event occurred at the next regularly-scheduled Chapter 11 hearing date or at such other date as the Court may designate.

L. If Inland elects not to file and serve a Stay Relief Notice or to instruct the Escrow Agent in accordance with Paragraph J of this Order, such election will not be deemed to be a waiver of such Stay Relief Event or of Inland's rights under this Order, an election of remedies or a waiver of Inland's right to subsequently issue such instructions to the Escrow Agent.

M. The terms of this Order shall be binding on any subsequently appointed Chapter 7 Trustee, or a trustee or examiner appointed under section 1104 of the Bankruptcy Code.

WE STIPULATE AND CONSENT:

| */s/ Andrew T. Houston* | */s/ Bradley E. Pearce* |
|---|---|
| Andrew T. Houston<br>Hamilton Moon Stephens Steele & Martin, PLLC<br>201 S. College Street, Suite 2020<br>Charlotte, NC  28244<br>(704) 344-1117<br>*Attorney for Debtors* | Bradley E. Pearce<br>Katten Muchin Rosenman LLP<br>550 S. Tryon Street, Suite 2900<br>Charlotte, NC 28202<br>(704) 344-3095<br>*Attorney for Inland Mortgage Capital Corporation* |

| This Order has been signed electronically.<br>The Judge's signature and Court's seal<br>appear at the top of this Order. | United States Bankruptcy Court |
|---|---|