UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| **Joshua and Andrea Farmer** ) | Chapter 11 |
| ) | Case No. 10-40270 |
| Debtors. ) | |
| In re: ) | |
| ) | |
| **Raymond and Diane Farmer** ) | Chapter 11 |
| ) | Case No. 10-40269 |
| Debtors. ) | |

**EMERGENCY MOTION OF THE DEBTORS: (I) TO COMPEL TAXING AUTHORITIES TO ACCEPT PAYMENT OF POST-PETITION AD VALOREM PROPERTY TAXES, OR ALTERNATIVELY (II) TO USE ACCUMULATED CASH COLLATERAL TO PAY 2010 AD VALOREM PROPERTY TAXES**

The debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, by this motion (the "Motion"), hereby move this Court for entry of an order: i) compelling the Taxing Authorities (defined below) to accept payment of post-petition *ad valorem* property taxes, or alternatively ii) authorizing the Debtors to use accumulated cash collateral to pay the 2010 *ad valorem* property taxes, pursuant to sections 105(a), 361, 363, 503(b) and 506 under Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this Motion and the Debtors' chapter 11 cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105, 361, 363, 503(b) and 506 of the Bankruptcy Code and Bankruptcy Rule 4001.

{00235767.DOC V. F130.017746;}

**BACKGROUND**

2. On April 5, 2010 (the "Petition Date"), Debtors filed two voluntary joint petitions in this Court seeking relief under chapter 11 of the Bankruptcy Code.

3. On May 10, 2010, the Court entered an Order administratively consolidating the Debtors' individual chapter 11 cases. No trustee, examiner, or official committee of unsecured creditors has been appointed in these chapter 11 cases.

4. Joshua Farmer and Raymond Farmer (the "Farmers") are the owners of multiple apartment complexes and commercial properties located in North Carolina and South Carolina (each a "Property," and collectively the "Properties"). The Properties are identified on **Exhibit A** to this Motion.

5. During the first two weeks of January 2011, the 2010 *ad valorem* real property taxes related to the Properties are last payable without penalty to the taxing authorities identified on **Exhibit A** to this Motion (the "Taxing Authorities").

6. The property taxes related to the North Carolina Properties are last payable without penalty on or before January 5, 2011; and the property taxes related to the South Carolina Properties are last payable without penalty on or before January 15, 2011.

7. Pursuant to this Court's cash collateral order as subsequently amended, the Debtors have escrowed funds to satisfy the post-petition property taxes related to the Properties in an account maintained by counsel for the Debtors (the "Post-Petition Taxes"). *See Amended Final Order Authorizing the Use of Cash Collateral, Pursuant to Sections 361 and 363 of the Bankruptcy Code*, Decretal ¶ (e) (ECF No. 145) (the "Cash Collateral Order").

8. While the Debtors were not authorized to escrow the pre-petition portions of the 2010 *ad valorem* property taxes related to the Properties (the "Pre-Petition Taxes"), they are

capable of paying the full amount of the 2010 property taxes from the tax escrow account and accumulated cash collateral on hand at all of the Properties except Wildewood Apartments, Addison Townhomes and Georgetown Village Apartments.

9. On or about December 30, 2010, the Spartanburg County Tax Collector informed the Debtors that it would not accept a partial payment of the 2010 taxes consisting of the Post-Petition Taxes. Upon information and belief, many of the other Taxing Authorities will not accept only the Post-Petition Taxes from the Debtors and may attempt to charge fees, interest, and penalties on the entire amount of the 2010 taxes related to the Properties unless the full year's taxes are timely paid.

## RELIEF REQUESTED

10. By this Motion, the Debtors request the entry of an order, pursuant to sections 105 and 503(b) of the Bankruptcy Code compelling the Taxing Authorities to accept the Post-Petition Taxes in satisfaction of the post-petition taxes incurred by the estate. Further, the Debtors request that the Court enter an order preventing the Taxing Authorities from charging unreasonable fees, interest and charges based on the full amount of the Pre-Petition Taxes for 2010.

11. Alternatively, the Debtors request the Court to amend and supplement the Cash Collateral Order to allow the Debtors to pay the 2010 *ad valorem* property taxes in full from accumulated cash collateral generated by the Properties. Counsel for Inland Mortgage Capital Corporation and counsel for the Securitization Creditors consent to the relief requested herein.

## BASIS FOR THE RELIEF REQUESTED

12. Pursuant to section 105(a):

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title

providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
11 U.S.C. § 105(a).

13. Under section 503(b), an entity has an administrative expense claim for any tax: "(i) incurred by the estate, whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both, except a tax of a kind specified in section 507(a)(8) of this title [11 USCS § 507(a)(8)]." 11 U.S.C. § 503(b)(1)(B). However, section 503(b)(1)(B) applies only to post-petition obligations incurred by the estate, not to pre-petition obligations. *See, e.g., United States v. Friendship College, Inc.*, 737 F.2d 430, 431 (4th Cir. 1984) (holding that the term "incurred by the estate" set forth in section 503(b)(1)(B) relates only to post-petition taxes incurred).

14. The Court should compel the Taxing Authorities to accept payment of the Post-Petition Taxes because they were incurred by the estate, not by the Debtors prior to the Petition Date. In addition, the Court should enter an order preventing the Taxing Authorities from charging the Debtors unreasonable fees, charges and interest in respect of the Pre-Petition Taxes because an oversecured creditor, such as the Taxing Authorities, may only recover "…reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." 11 U.S.C. 506(b).

15. Alternatively, the Court should authorize the Debtors to use accumulated cash collateral pursuant to section 363(c)(2) to pay the total amount of the 2010 property taxes related to the Properties. The standards governing the Debtors' use of cash collateral are well defined and were set forth in the Debtors' initial motions to use cash collateral, which were filed early in these cases and are incorporated by reference herein.

16. Inland and the Securitization Creditors have already expressed to the undersigned their consent to use cash collateral to pay the 2010 taxes in full. In the event any of the secured creditors object to the use of cash collateral to pay the 2010 property taxes, Debtors submit that the secured creditors are adequately protected because, among other reasons, the Debtors are making monthly adequate protection payments to their secured creditors and the payment of the 2010 taxes will increase or preserve the value of the collateral securing any such claim.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting (i) the relief requested herein and (ii) such other and further relief as is just and proper.

Dated: Charlotte, North Carolina
January 3, 2011

HAMILTON MOON STEPHENS
STEELE & MARTIN, PLLC

*/s/ Andrew T. Houston*
Andrew T. Houston (Bar No. 36208)
2020 Charlotte Plaza
201 South College Street
Charlotte, North Carolina 28244-2020
Telephone: (704) 344-1117
*Counsel for the Debtors*