# EXHIBIT E



FILED & JUDGMENT ENTERED
Steven T. Salata

Jan 06 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_/s/ George R. Hodges_
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **FARMER, RAYMOND AND DIANE** | ) Case No. 10-40269 |
| **FARMER, JOSHUA AND ANDREA** | ) Case No. 10-40270 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER DENYING APPROVAL OF THE DEBTORS' FIRST AMENDED JOINT DISCLOSURE STATEMENT**

THIS MATTER came before the Court for hearing on December 15, 2010 on (a) the Debtors' First Amended Joint Disclosure Statement [Docket no. 265], (b) the Objection of Land Rover Capital Group [Docket no. 282], (c) the Objection of World Omni Financial Corp. [Docket no. 283], (d) the Objection of Toby Tomlin and the Estate of Janet L. Tomblin [Docket no. 284], (e) the Objection of Palmetto Bank [Docket no. 285], (f) the Objection of EMC Mortgage [Docket no. 288], (g) the Objection of First National Bank of the South [Docket no. 290], (h) Objection of U.S. Bank National Assn. [Docket no. 291], (i) Objection of 1230 Overbrook Drive Holdings, CBA-Mezzanine Capital Finance [Docket no. 292], (j) the Response of the Debtors' to Palmetto Bank's Objection [Docket no. 293]; and (k) Palmetto Bank's Reply [Docket no. 294]. Based upon the Debtors' prior testimony, the pleadings filed in these cases

1

and the oral argument presented by counsel for the parties, the Court finds that this matter should be resolved as set forth below.

Accordingly, the Court makes the following findings of fact and conclusions of law:

1. The background facts regarding the Debtors' pre-petition transfers of assets are set forth in the Court's May 28, 2010 Order Resolving Motion of the Palmetto Bank for a Determination that the Debtors are Subject to Various Provisions of the Bankruptcy Code Relating to Single Asset Real Estate and Those Applicable to Corporate Entities [Docket no. 104] (the "SARE Order"). The Court incorporates the SARE Order into this order by reference.[1]

2. The Court finds that the Disclosure Statement does not comply with the SARE Order. The Court recognizes that it probably should have dismissed the Debtors' bankruptcy cases at the beginning as bad faith filings, as evidenced by the Pre-Petition Transfers and the corporate shell game which resulted in the present structure. However, rather than dismissing the Debtors' bankruptcy cases, the Court entered the SARE Order as an administrative accommodation to the Debtors to avoid the expense of having the various Entities file separate bankruptcy cases. It was not the Court's intention to grant any substantive advantage to the Debtors or to disadvantage any creditors as a result of the Pre-Petition Transfers. Rather, it was the Court's intention in entering the SARE Order to ensure that the parties had the same substantive and procedural rights as if the Pre-Petition Transfers had never occurred and each of the Entities had filed a separate bankruptcy case. Allowing debtors to change the substantive and procedural rights of their creditors through transfers of assets on the eve of a bankruptcy filing would be an abuse of the bankruptcy system and would violate the intent of Congress as set forth in the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the SARE Order.

2

3.  Among other things, the Disclosure Statement fails to comply with the SARE Order because it allows for the possibility that a class of creditors holding claims against one Entity could be used as an impaired accepting class to cramdown a plan over the objection of classes of creditors holding claims against an entirely separate Entity. This fails to comply with the SARE Order requirement that each Entity's assets and liabilities would be treated as if it were in a separate bankruptcy case, with separate accounting, separate administration and separate voting for each of the Entities.

4.  In the SARE Order, the Court left open the question of whether the "absolute priority" rule of 11 U.S.C. § 1129(b) would apply with regard to the assets of each of the Entities. The Court now resolves that question by holding that the "absolute priority" rule shall apply to each of the Entities in the same manner as if none of the Pre-Petition Transfers had occurred.

5.  Finally, various creditors objected to the Disclosure Statement on the ground that it did not contain adequate information. At the hearing, Debtors' counsel stated at the hearing that the Debtors would make certain amendments to the Disclosure Statement to provide additional information requested by certain of their creditors. Since the Disclosure Statement cannot be approved for the reasons stated above, the Court does address whether the Disclosure Statement contained adequate information for approval.

6.  The Court notes that a number of creditors did not object to the Debtors' proposed treatment. If all of the creditors agree on that, the Court has no independent objection. But, in the absence of such agreement, the Debtors must comply with the SARE Order.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

A.   Approval of the Disclosure Statement is DENIED.

B.   On or before January 26, 2011, the Debtors shall submit new Disclosure Statement(s) and proposed Plan(s) for each of the Entities in conformity with the SARE Order and this Order. Any such plan(s) shall provide for separate treatment and separate voting for each of the Entities as if the Pre-Petition Transfers had not occurred. In addition, each plan(s) shall comply with the requirements of the absolute priority rule of 11 U.S.C. § 1129(b) as if the Pre-Petition Transfers had not occurred. The plan(s) related to each Entity shall be treated separate and apart from the plan(s) for any other Entity in the same way as if the Pre-Petition Transfers had not occurred and the Entities' assets and liabilities were being administered in separate bankruptcy cases.

| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court Western District of North Carolina |
|---|---|