IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| **Joshua and Andrea Farmer** ) | Chapter 11 |
| ) | Case No. 10-40270 |
| Debtors. ) | |
| In re: ) | **Jointly Administered** |
| ) | |
| **Raymond and Diane Farmer** ) | Chapter 11 |
| ) | Case No. 10-40269 |
| Debtors. ) | |

**EMERGENCY MOTION OF THE DEBTORS FOR LIMITED STAY OF PROCEEDINGS PENDING APPEAL**

Pursuant to 11 U.S.C. § 105 and Bankruptcy Rule 8005, the debtors and debtors in possession (together, the "Debtors") in the above-captioned chapter 11 cases, by this motion (the "Motion") request that the Court issue a stay of certain proceedings in these bankruptcy cases pending the Debtors' appeal of the Order Denying Approval of the Debtors' First Amended Joint Disclosure Statement (the "Disclosure Statement Order")[1] [Doc. No. 322]. In support of this Motion, the Debtors state as follows:

**JURISDICTION**

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are § 105 of the Bankruptcy Code and Bankruptcy Rule 8005.

---

[1] Since the Disclosure Statement Order incorporated this Court's Order Resolving Motion of the Palmetto Bank for a Determination that the Debtors are Subject to Various Provisions of the Bankruptcy Code Relating to Single Asset Real Estate and those Applicable to Corporate Entities entered on May 28, 2010 (the "SARE Order"), by reference as part of the Disclosure Statement Order, the Debtors have appealed both orders. Unless specifically referred to herein, the term "Disclosure Statement Order" is also intended to include the SARE Order.

## BACKGROUND

2. On April 5, 2010 (the "Petition Date"), Debtors filed two voluntary joint petitions in this Court seeking relief under chapter 11 of the Bankruptcy Code.

3. On May 10, 2010, the Court entered an Order administratively consolidating the Debtors' individual chapter 11 cases. The Debtors continue in possession of their properties and the management of their business as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in these chapter 11 cases.

4. On November 15, 2010, the Debtors filed their *First Amended Joint Disclosure Statement of Joshua and Andrea Farmer and Raymond and Diane Farmer Relating to First Amended Joint Plan of Reorganization Pursuant to Section 1125 of the Bankruptcy Code* (the "Amended Disclosure Statement"), [Doc. No. 263], and their *First Amended Joint Plan of Reorganization Pursuant to Section 1121(a) of the Bankruptcy Code* (the "Plan") [Doc. 264]. On December 15, 2010, the Court heard arguments on the Debtors' First Amended Joint Disclosure Statement and related objections. The Court subsequently entered the Disclosure Statement Order on January 6, 2011. The Disclosure Statement Order denied approval of the Amended Disclosure Statement and required the Debtors to file a plan on or before January 26, 2011 (Disclosure Statement Order, Decretal ¶B).

5. On January 20, 2011, the Debtors filed their Notice of Appeal of the Disclosure Statement Order (the "Notice of Appeal") as well as their Brief of the Debtors in Support of Appellate Jurisdiction or, in the Alternative, Motion for Leave to Appeal Pursuant to Federal Rule of Bankruptcy Procedure 8003 (the "Jurisdictional Brief") [Doc. No. 329]. The grounds and issues upon which the Debtors are appealing the Disclosure Statement Order are set forth at

pages 18 and 19 of the Jurisdictional Brief, the terms of which are incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors request that the Court stay certain limited aspects of these cases pursuant to Bankruptcy Rule 8005 pending the Debtors' appeal. The Debtors do not seek a stay of all proceedings, but rather only: (i) those proceedings that would impede the Debtors' ability to have the District Court review the Disclosure Statement Order and determine the issues raised in the Appeal, and (ii) those that would deprive the District Court of jurisdiction to grant the relief it sees fit.

7. The terms of the limited stay of proceedings proposed by the Debtors are set forth in the proposed Order Granting Limited Stay of Proceedings Pending Appeal (attached hereto as **Exhibit A** (the "Proposed Stay Order")) and may be summarized as follows: the Debtors request (1) a stay of enforcement of the Disclosure Statement Order; (2) suspension of confirmation; and (3) a stay of any motions, actions, or proceedings that would divest the Debtors' estates of property of the estate.

## BASIS FOR RELIEF REQUESTED

**A.** *The Bankruptcy Court Lacks Jurisdiction over those Matters Relating to the Appeal of the Disclosure Statement Order.*

8. As a general rule, the filing of a notice of appeal is an event of jurisdictional significance in which a lower court loses jurisdiction over the subject matter involved in the appeal. *E.g., In re Whispering Pines Estates, Inc.,* 369 B.R. 752 (1st Cir.BAP 2007). "The purpose of this rule is to avoid confusion and waste of judicial time by placing the same matter before two courts at the same time. Further, the rule is designed to assure the integrity of the appeal process." *In re Strawberry Square Associates*, 152 B.R. 699 (Bankr. E.D.N.Y. 1993) (citing *In re Fargo Financial, Inc.,* 71 B.R. 702, 704 (Bankr.N.D.Ga.1987)). *See also In re*

*Bryant*, 175 B.R. 9, 13 (W.D.Va. 1994) (noting that bankruptcy court is divested of jurisdiction with respect to matters raised in an appeal to a higher court); *In re Kendrick Equipment Corp.,* 60 B.R. 356, 358 (Bkrtcy.W.D.Va.1986) ("Pending an appeal, the jurisdiction of the Bankruptcy Court terminates in the same fashion as the jurisdiction of a District Court terminates on an appeal to the Court of Appeals.").

9. Courts have recognized, however, that "a bankruptcy case typically raises a myriad of issues, many totally unrelated and unconnected with the issues involved in any given appeal." *E.g., Whispering Pines,* 369 B.R. at 758 (1st Cir. BAP 2007). Accordingly, courts, including the Fourth Circuit, have recognized, that "a bankruptcy court retains jurisdiction over all issues except those on appeal." *Hollowell v. Branch Banking & Trust Co. (In re Hollowell)*, No. 95-1256, 1996 WL 482693 at *3 (4th Cir. Aug. 27, 1996) (unpub.) (citing *In re Christian & Porter Aluminum Co.*, 584 F.2d 326, 334 (9th Cir. 1978)); *Sullivan Central Plaza I, Ltd. v. BancBoston Real Estate Capital Corp.* ( *In re Sullivan Central Plaza I* ), 935 F.2d 723, 727 (5th Cir. 1991).

10. Thus, the filing of the Notice of Appeal divests this Court of jurisdiction over matters relating to the Disclosure Statement Order on appeal.

11. Of course, as the *Whispering Pines* court recognized, "[d]etermining what is related and unrelated to the pending appeal in a bankruptcy case, however, is not always a simple task." 369 B.R. at 758 (citation omitted). In the *Whispering Pines* case, the court ultimately determined that the Bankruptcy Court lacked jurisdiction to grant relief from stay because "the entry of the Stay Relief Order impermissibly interfered with the Debtor's rights in its appeal." *I.D. at 7509*. Thus, in this case, as in *Whispering Pines*, this Court should not entertain any matter that divests the Debtors of property of their estate pending appeal, such as stay relief litigation.

12. Recognizing the potential for confusion over the limits of this Court's jurisdiction in light of the appeal, the Debtors now seek entry of the Proposed Stay Order to clarify the limitations thereon pending the appeal of this matter to the District Court.

13. By this Motion, the Debtors do not seek to delay proceedings in this matter. In fact, the Debtors expressly contemplate the continuation of necessary proceedings during the pendency of the appeal, including without limitation valuation motions and hearings; claims allowance and disallowance proceedings; proceedings to determine the validity, extent and priority of liens; and avoidance actions to the extent applicable.

**B.** *A Stay of Enforcement of the Disclosure Statement Order Pending Appeal is Warranted in these Cases.*

14. Bankruptcy Rule 8005 governs the stay of bankruptcy cases during the pendency of appeals and provides in pertinent part: "…the bankruptcy judge may <u>suspend</u> or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed. R. Bankr. P. 8005 (emphasis added).

15. In a recent memorandum opinion, Judge Waldrep of the United States Bankruptcy Court for the Middle District of North Carolina discussed the procedure and purposes of a stay under Rule 8005. *In re Deluxe Cleaners of Durham, Inc.*, No. 07-80327, 2010 WL 4810822 (Bankr. M.D.N.C. Nov. 17, 2010). The opinion notes that the granting of a stay pending appeal is within the discretion of the court and serves the purpose of "***maintain[ing] the status quo***" and "***prevent[ing] harm to the moving party*** between the time the original order was entered and the decision on appeal." *Id*. at *2 (emphasis added) (citations omitted).

16. The standard for determining when a stay should be granted is well-established and is the same as for an injunction:

> [T]he moving party must prove, by a preponderance of the evidence: (1) the likelihood of irreparable harm to the plaintiff without a stay; (2) that the harm to the moving party if the stay is not granted is greater than the injury to the opposing party if the stay is granted; (3) that the public interest would not be adversely affected by granting the stay; and (4) the Plaintiff's likelihood of success on the merits.

*Id.* (citing *In re Miraj & Sons, Inc.,* 201 B .R. 23, 26 (Bankr.D.Mass.1996)).

17. This Motion discusses these four factors *seriatim*. However, it is important for the Court to remember that "[a]lthough each of these four conditions must be satisfied, not all of the four conditions need be given equal weight. The conditions 'are not to be applied in a vacuum but instead must be viewed in light of ***the importance of the right to appeal***.'" *In re Great Barrington Fair and Amusement, Inc.*, 53 B.R. 237 (Bankr. D.Mass. 1985) (emphasis added) (citation omitted).

18. ***Irreparable Harm***. It cannot be disputed that if a limited stay is not imposed the Debtors will be irreparably harmed. Specifically, the Debtors are unable to tender a plan to this Court on or before the Court's January 26, 2011 deadline that complies with both the Disclosure Statement Order and the express mandates of the Bankruptcy Code. In light of this fact, the Debtors believe that certain creditors will push to have the Court grant relief from stay and the Court will likely grant such relief due to the Debtors' failure to file a plan on or before the Court's January 26, 2011 deadline. Absent a stay of enforcement of the Disclosure Statement Order, the Debtors will thus be irreparably harmed because they will likely be divested of their properties, which would render their appeal moot.

19. ***Greater Harm to Debtors***. The harm to the Debtors in the absence of a stay exceeds the harm to the objecting creditors from the imposition of the stay. This Court has ordered, and the Debtors are paying, adequate protection payments to their secured creditors pursuant to this Court's Amended Order on Adequate Protection entered on November 30, 2010 [Doc. No. 273]. The creditors have not shown that the value of their collateral is declining.

Accordingly, there is no harm to the objecting creditors in delaying proceedings relating to confirmation pending an appeal of the Disclosure Statement Order. This is in stark contrast to the harm to the Debtors if the stay is not granted that is discussed in Paragraph 18 above.

20. *Public Interest*. The public interest would not be adversely affected by the imposition of the limited stay proposed by Debtors. These bankruptcy cases are still very young, having been filed only eight and a half months prior to the filing of the Notice of Appeal and this Motion. The Debtors have not delayed the case and filed the First Amended Plan consistent with an aggressive confirmation schedule proposed by the Debtors. Moreover, under the terms of the limited stay, numerous actions that must occur in advance of confirmation in any event will proceed without interruption. Finally, the stay not only benefits the Debtors but those members of the creditor body who did not object to the First Amended Disclosure Statement and presumably would be in favor of confirmation of a plan in accordance therewith.

21. *Likelihood of Success on the Merits*. As numerous courts have recognized, this factor puts a bankruptcy court in the somewhat awkward position of reviewing its own order. *E.g., In re Elsinore Shore Assocs.*, 91 B.R. 238, 259 (D.N.J. 1988). While the Debtors will not belabor the Court with further iterations of why they believe the Disclosure Statement Order was in error, a brief synopsis of certain of the issues is as follows:

- The Debtors submit that the Court erred as a matter of law by applying the absolute priority rule in these individual chapter 11 cases. *See, e.g. In re Shat*, 424 B.R. 854 (Bankr. D. Nev. 2010)(holding that the absolute priority rule does not apply to individual chapter 11 cases); *In re Roedemeier*, 374 B.R. 264 (Bankr. D. Kan. 2007)(same); *In re Tegeder*, 369 B.R. 477 (Bankr. D. Neb. 2007)(same).

- The Debtors further state that the Court exceeded its authority under section 105(a) of the Bankruptcy Code by requiring the Debtors to file multiple plans and/or have multiple impaired classes of creditors accept the plan(s) in order to cramdown a plan over a creditor's objection. *See Official Committee of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987)(holding that the bankruptcy court could not use its equitable powers under section 105(a) to rewrite specific provisions of section 1129 of the Bankruptcy Code).

- Further, the Court erred as a matter of law by unraveling the pre-petition consolidation of assets without the filing of an adversary proceeding in violation of Federal Rule of Bankruptcy Procedure 7001.

22. Viewing these four factors, as we must, "in light of the importance of the right to appeal," Debtors submit to the Court that the terms of limited stay set forth in the Proposed Stay Order are reasonable and within the discretion of this Court. Moreover, such limited stay during the pendency of the appeal would protect the interests of Debtors and the non-objecting creditor body at large, without resulting in harm to the objecting creditors that are currently receiving adequate protection payments.

## NOTICE

23. Notice of this Motion has been given to all parties to the SARE Order and the Disclosure Statement Order as follows: the Bankruptcy Administrator for the Western District of North Carolina, those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case and those parties that appeared at the hearing on the Disclosure Statement that was held on December 15, 2010.

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Order Granting Limiting Stay of Proceedings Pending Appeal, and grant such other relief as the Court deems just and proper.

Dated: Charlotte, North Carolina
January 21, 2011

HAMILTON MOON STEPHENS STEELE
& MARTIN, PLLC

_/s/ Andrew T. Houston_
Andrew T. Houston (Bar No. 36208)
201 South College Street
Charlotte Plaza, Suite 2020
Charlotte, North Carolina 28244-2020
Telephone: (704) 344-1117
*Counsel for Debtors*

{00236504.DOC V.2 F130.017746;}          8