IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Joshua and Andrea Farmer** | ) | Chapter 11 |
| | ) | Case No. 10-40270 |
| Debtors. | ) | |
| In re: | ) | **Jointly Administered** |
| | ) | |
| **Raymond and Diane Farmer** | ) | Chapter 11 |
| | ) | Case No. 10-40269 |
| Debtors. | ) | |

### AMENDED[1] APPELLANTS' DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL AND STATEMENT OF ISSUES PRESENTED ON APPEAL

Appellants Joshua and Andrea Farmer and Raymond and Diane Farmer, the debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel and pursuant to the provisions of Federal Rule of Bankruptcy Procedure 8006 and Local Rule 8006-1, hereby designate the following items to be included in the Record on Appeal in this matter and provide a statement of the issues presented on appeal, as follows:

### CONTENTS OF RECORD ON APPEAL

| Docket No. | Docket Entry Date | |
|---|---|---|
| 45 | 04/28/10 | Transcript for Hearing held on 4/16/10 |
| 58 | 04/29/10 | Motion of The Palmetto Bank for a Determination that the Debtors are Subject to Various Provisions of the Bankruptcy Code Relating to Single Asset Real Estate and Those Applicable To Corporate Entities |
| 70 | 05/07/10 | Memorandum of The Palmetto Bank in Support of Single Asset Determination Motion |
| 80 | 05/11/10 | Memorandum of Law of the Debtors in Opposition to Applying the Single Asset Real Estate Rules in this Case |

---

[1] The Appellants are filing this Amended Designation to reflect the accurate date of entry for docket number 45.

{00237335.DOC V.2 F130.017746:}

| | | |
|---|---|---|
| 81 | 05/11/10 | Reply Memorandum of Law of the Palmetto Bank in Support of Motion for a Determination that the Debtors are Subject to Various Provisions of the Bankruptcy Code Relating to Single Asset Real Estate and Those Applicable to Corporate Entities |
| 104 | 05/28/10 | Order Resolving Motion of the Palmetto Bank for a Determination that the Debtors are Subject to Various Provisions of the Bankruptcy Code Relating to Single Asset Real Estate and Those Applicable to Corporate Entities |
| 192 | 8/26/10 | Transcript of Hearing Held on 05/12/10 |
| 264 | 11/15/10 | First Amended Joint Plan of Reorganization |
| 265 | 11/15/10 | Amended Chapter 11 Disclosure Statement Relating to Amended Joint Plan of Reorganization |
| 282 | 12/08/10 | Objection to Disclosure Statement filed by Land Rover Capital Group |
| 283 | 12/08/10 | Objection to Disclosure Statement filed by World Omni Financial Corp. |
| 284 | 12/08/10 | Objection to Disclosure Statement filed by Toby Tomblin and the Estate of Janet L. Tomblin |
| 285 | 12/08/10 | Objection to Disclosure Statement filed by The Palmetto Bank |
| 288 | 12/08/10 | Objection to Disclosure Statement filed by EMC Mortgage Corporation |
| 291 | 12/09/10 | Objection to Disclosure Statement filed by U.S. Bank National Association |
| 292 | 12/09/10 | Objection to Disclosure Statement filed by 1230 Overbrook Drive Holdings, LLC, CBA-Mezzanine Capital Finance, LLC |
| 293 | 12/13/10 | Response of the Debtors to Objection of Palmetto Bank to Joint Disclosure Statement |
| 294 | 12/14/10 | Reply to Debtors' Response to Objection of Palmetto Bank, N.A. to Disclosure Statement of Raymond and Diane Farmer |
| 300 | 12/21/10 | Transcript for Hearing held on 12/15/10 |
| 322 | 01/06/11 | Order Denying Approval of the Debtors' First Amended Joint Disclosure Statement |
| 339 | 02/01/11 | Transcript for Hearing Held on 04/28/10 |

## **STATEMENT OF ISSUES PRESENTED ON APPEAL**

1. Whether the Bankruptcy Court erred as a matter of law by setting aside the pre-petition transfers without any party in interest filing an adversary proceeding.

2. Whether the Debtors were deprived of due process of law because the pre-petition transfers were set aside by the Bankruptcy Court without notice and a hearing, or any evidentiary record before the Court.

3. Whether the Bankruptcy Court exceeded its authority under section 105(a) of the Bankruptcy Code by requiring the Debtors to file multiple plans of reorganization.

4. Whether the Bankruptcy Court exceeded its authority under section 105(a) of the Bankruptcy Code by requiring the Debtors to have multiple impaired classes of creditors accept a plan of reorganization in order to cramdown a plan of reorganization over the objection of a dissenting creditor.

5. Whether the Bankruptcy Court erred as a matter of law by applying the absolute priority rule in an individual chapter 11 case.

This the 9th day of February, 2011.

                HAMILTON MOON STEPHENS STEELE &
                MARTIN PLLC

                */s/ Andrew T. Houston*
                Travis W. Moon (NC Bar #3067)
                Richard S. Wright (NC Bar #24622)
                Andrew T. Houston (NC Bar #36208)
                201 S. College Street, Suite 2020
                Charlotte, NC 28244-2020
                Telephone: 704-344-1117
                Facsimile: 704-344-1483
                *Attorneys for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Appellants' Designation of Items to be Included in Record on Appeal and Statement of Issues Presented on Appeal was served by electronic notification on those parties registered with the United States District Court, Western District of North Carolina ECF system to receive notices for this case.

This the 4th day of February, 2011.

<div style="margin-left:auto;">

HAMILTON MOON STEPHENS STEELE & MARTIN PLLC

    */s/ Andrew T. Houston*
Travis W. Moon (NC Bar #3067)
Richard S. Wright (NC Bar #24622)
Andrew T. Houston (NC Bar #36208)
201 S. College Street, Suite 2020
Charlotte, NC 28244-2020
Telephone: 704-344-1117
Facsimile: 704-344-1483
*Attorneys for the Debtors*

</div>