## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| RAYMOND AND DIANE FARMER, et al., ) | Chapter 11 |
| ) | Case No. 10-40269 |
| ) | |
| Debtors. ) | |
| ) | **NOTICE OF OPPORTUNITY** |
| ) | **FOR HEARING** |
| ) | (No-Protest Notice: No |
| ) | Hearing Will Be Held Unless |
| ) | Request for Hearing Is Filed) |
| ) | |
| ) | |

     **TAKE NOTICE** that **THE PALMETTO BANK** has filed papers with the Court for Relief from the Automatic Stay including application of 11 U.S.C. §362(e) in the jointly administered bankruptcy cases of Raymond and Diane Farmer, et al. (Case No. 10-40269). A copy of these papers are included with this Notice or copied on the reverse side of this Notice.

     **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

     If you do not want the Court to Order that the Stay be lifted, or if you want the Court to consider your views on the Motion, then on or before fifteen (15) days from the date of this Notice, you or your attorney must do three (3) things:

     1.    **File with the Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:**

> U.S. Bankruptcy Court
> Western District of North Carolina
> Charlotte Division
> P.O. Box 34189
> Charlotte, North Carolina 28234-4189

     If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

     2.    **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

> William L. Esser IV, Esq.
> Parker Poe Adams & Bernstein, LLP
> 401 South Tryon Street, Suite, 3000
> Charlotte, North Carolina 28202

Facsimile: (704) 334-4706

3. **Attend the hearing scheduled for February 24, 2011, at 9:30 a.m.** at 401 West Trade Street, Charlotte, North Carolina 28202.

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: February 11, 2011

/s/ Ashley A. Edwards
Ashley A. Edwards, Esq.
Parker Poe Adams & Bernstein, LLP
401 South Tryon Street, Suite, 3000
Charlotte, North Carolina 28202
Facsimile: (704) 334-4706
*Counsel for The Palmetto Bank*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| RAYMOND AND DIANE FARMER, et al., | ) Case No. 10-40269 |
| | ) |
| | ) |
| Debtors. | ) |

**MOTION OF THE PALMETTO BANK FOR RELIEF FROM THE**
**AUTOMATIC STAY WITH RESPECT TO REAL AND PERSONAL PROPERTY**
**INCLUDING APPLICATION OF 11 U.S.C. § 362(e)**

The Palmetto Bank ("Palmetto") hereby moves the Court ("Motion") pursuant to 11 U.S.C. §§ 105 and 362 of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 4001, for an order granting Palmetto relief from the automatic stay with respect to certain real properties commonly known as:

(a) Wildewood Apartments, a multi-family property located at 350 Bryant Road, Spartanburg, Spartanburg County, South Carolina consisting of 31.437 acres and 369 dwelling units ("Wildewood Apartments Property");

(b) Meadow Green Apartments, a multi-family property located at 1504 Ferndale-Glendale Road, Spartanburg, Spartanburg County, South Carolina consisting of 6.310 acres and 116 dwelling units ("Meadow Green Apartments Property");

(c) East Ridge Apartments, a multi-family property located at 300 Regency Street, Spartanburg, Spartanburg County, South Carolina consisting of 8.333 acres and 144 dwelling units ("East Ridge Apartments Property");

(d) Addison Townhomes, a multi-family property located at 104 Watson Road, Taylors, Greenville County, South Carolina consisting of 1.63 acres and 54 townhomes ("Addison Townhomes Property"); and

(e)    an office / warehouse located at 174/220 Edward Street, Ext., Rutherfordton, Rutherford County, North Carolina consisting of approximately 5.7 acres and the equipment and fixtures thereon, together with three (3) unimproved parcels of 9.34 acres total across street from 174 Edwards Street (the "Warehouse Property," together with Wildewood Apartments, Meadow Green Apartments, East Ridge Apartments and Addison Townhomes collectively the "Properties").

The Properties are presently titled in the name of Joshua B. Farmer and Raymond B. Farmer (the "Farmers").

Palmetto also seeks relief from stay with regard to rents and other cash collateral generated from the Properties and certain insurance proceeds held by counsel for the Debtors and related to hail damage done to Wildewood Apartments, Meadow Green Apartments and East Ridge Apartments (the "Proceeds").

In accordance with Local Rule 4001-1(b), Palmetto states its intention to hereby seek application of the provisions of 11 U.S.C. § 362(e). In support of its Motion, Palmetto states the following:

**FACTS**

1.    Prior to filing these bankruptcy cases, the Farmers each owned one-half of the membership interests in Wildewood Apartments of Spartanburg, LLC, a South Carolina limited liability company ("Wildewood Aparments"), Meadow Green Apartments, LLC, a North Carolina limited liability company ("Meadow Green Apartments"), East Ridge Apartment, LLC, a South Carolina limited liability company ("East Ridge Apartments," collectively with Wildewood Apartments and Meadow Green Apartments, the "Entities") and Two Mile Properties, a North Carolina limited liability company ("Two Mile Properties"). Until March 30, 2010, the Entities owned the respective namesake Properties and Two Mile Properties owned the Warehouse Property and Addison Townhomes.

2. On or about June 24, 2008, Wildewood Apartments executed and delivered to Palmetto a promissory note in the original principal amount of $9,850,000.00 (the "Wildewood Apartments Note"). The Wildewood Apartments Note was secured by the Wildewood Apartments Property. Palmetto's security interest was perfected by (among other things) a Mortgage (Book 4102, Page 947) and an Assignment of Rents (Book 91-R, Page 877) recorded with the Spartanburg County Register of Deeds.

3. On or about September 29, 2006, Meadow Green Apartments executed and delivered to Palmetto a promissory note in the original principal amount of $5,100,000.00 (the "Meadow Green Apartments Note"). The Meadow Green Apartments Note was secured by the Meadow Green Apartments Property. Palmetto's security interest was perfected by (among other things) a Mortgage (Book 3756, Page 584) and an Assignment of Rents (Book 86-V, Page 797) recorded with the Spartanburg County Register of Deeds.

4. On or about September 29, 2006, East Ridge Apartments executed and delivered to Palmetto a promissory note in the original principal amount of $6,048,750.00 (the "East Ridge Apartments Note"). The East Ridge Apartments Note was secured by the East Ridge Apartments Property. Palmetto's security interest was perfected by (among other things) a Mortgage (Book 3756, Page 591) and an Assignment of Rents (Book 86-V, Page 804) recorded with the Spartanburg County Register of Deeds.

5. On or about July 21, 2006, Two Mile Properties executed and delivered to Palmetto a promissory note in the original principal amount of $2,340,000.00 (the "Addison Townhomes Note"). The Addison Townhomes Note was secured by the Addison Townhomes Property. Palmetto's security interest was perfected by (among other things) a Mortgage (Book 4611, Page 1688) and an Assignment of Rents (Book 2218, Page 364) recorded with the Greenville County Register of Deeds.

6. On or about August 23, 2006, Two Mile Properties executed and delivered to Palmetto a promissory note in the original principal amount of $575,000.00 (the "Warehouse Note" (collectively with the Wildewood Apartments Note, the Meadow Green Apartments Note, the East Ridge Note, and the Addison Townhomes Note, the "Notes"). The Warehouse Note was secured by the Warehouse Property. Palmetto's security interest was perfected by (among other things) a Deed of Trust (Book 915, Page 1) and an Assignment of Rents (Book 912, Page 205) recorded with the Rutherford County Register of Deeds.[1]

7. The Entities and Two Mile Properties defaulted on the Notes by failing to make payments to Palmetto as they were due. Cash Collateral Transcript at 28:1 [Docket no. 45] ("We've been in payment default on most all these loans since January 2009.").

8. Joshua Farmer testified that the Entities had no equity in the Properties in March 2010. Cash Collateral Transcript at 34:1-2 ("[T]here was not equity in these properties when they were conveyed."); id. at 53:18-20.

9. On or about March 30, 2010, the Farmers executed documents on behalf of each of the Entities and Two Mile Properties whereby they conveyed the Properties into their names individually.

10. The Debtors filed these Chapter 11 cases on April 5, 2010.

11. Based upon appraisals obtained by the Debtors and by Palmetto, the Debtors have no equity in any of the Properties, with the exception of the Warehouse Property. The chart below compares the amount of Palmetto's debt existing as of the Petition Date to the appraised values of the properties:

---

[1] Due to the voluminous nature of the loan documents for the Properties, Palmetto is not attaching all of the Notes, mortgages/deed of trust and assignment of rents as exhibits. The documents referenced in the Motion will be introduced as exhibits at the hearing and will be made available in advance upon request.

|              | **Palmetto Debt** | **Debtor's Appraised Value (as of 9/7/10)** | **Palmetto Appraised Value** |
|--------------|-------------------|---------------------------------------------|------------------------------|
| Wildewood    | $9,916,169.25     | $6,050,000.00                               | $8,850,000.00                |
| Meadow Green | $4,989,576.78     | $2,050,000.00                               | $2,750,000.00                |
| East Ridge   | $6,383,106.95     | $3,160,000.00                               | $3,750,000.00                |
| Addison      | $2,385,506.24     | $1,330,000.00                               | $1,500,000.00                |
| Warehouse    | $579,877.20       | None obtained                               | $800,000.00                  |

Regardless of whose appraisals are used, it is clear that the Debtors lack equity in all of the Properties with the exception of the Warehouse Property.

12.     After the Petition Date, the Debtors received insurance checks for hail damage caused to Wildewood Property, Meadow Green Property and East Ridge Property. Upon information and belief, those insurance checks total approximately $350,000. The checks were made jointly payable to Palmetto and one or more of the Debtors or Entities. The Proceeds constitute cash collateral of Palmetto. Upon agreement of the parties around January 2011, the checks were deposited into the Hamilton Moon trust account, subject to disposition on further court order.

13.     The Debtors filed a First Amended Plan of Reorganization ("the Plan") and First Amended Joint Disclosure Statement (the "Disclosure Statement") on November 15, 2010. The hearing on approval of the disclosure statement was held on December 15, 2010.

14.     The Court entered an order denying the approval of the Disclosure Statement on January 6, 2011 [Docket no. 322], finding that the Disclosure Statement did not comply with the Court's Order dated May 28, 2010 ("SARE Order"). This Court found the actions of the Debtors to be evidence of "bad faith" and a "corporate shell game." Id.

15.     The Disclosure Statement Order required that "the Debtors shall submit new Disclosure Statement(s) and proposed Plan(s) for each of the Entities" on or before January 26, 2011. Id. at pg 4.

16. The Debtors filed an appeal of the Disclosure Statement Order and obtained a temporary stay of the Disclosure Statement Order from the District Court. However, on February 9, 2011, Judge Mullen set aside the temporary stay and denied the Debtors' motion for a stay pending appeal. Among other things, Judge Mullen found that the SARE Order was a final order which could not be appealed. He also found that "this is an abusive filing. Mr. Farmer admitted he was trying to avoid the absolute priority rule in his 2004 – Rule 2004 examination. And this simply isn't countenanced in the bankruptcy code." Exhibit A (transcript of Judge Mullen's ruling at conclusion of hearing on Debtors' Motion for Stay Pending Appeal).

17. As of the filing of this Motion, the Debtors have not filed a new disclosure statement or plan.

## BASIS FOR RELIEF

18. Palmetto asserts that there is good cause for relief from the automatic stay under subsections (1), (2), and (3) of section 362(d) of the Bankruptcy Code.

19. As an initial matter, relief from stay is appropriate under section 362(d)(1) for cause. As both this Court and the District Court have found, the Farmers have acted in an abusive manner in an attempt to avoid the requirements of the Bankruptcy Code. Second, as detailed in the Joint Motion to Prohibit Use of Cash Collateral, the Farmers have consistently violated this Court's order with respect to the use of cash collateral. Third, the Debtors failed to file an amended plan and disclosure statement as required by this Court. And finally, Palmetto believes that the Properties continue to deteriorate in value and Palmetto's interests are not adequately protected.

20. Moreover, with the exception of the Warehouse Property, the Court should grant relief from the stay pursuant to 11 U.S.C. § 362(d)(2) because (1) even counting the Proceeds, the Debtors do not have equity in the Properties except for the Warehouse Property, and (2) the Properties are not necessary for an effective reorganization. As noted above, Joshua Farmer has

already testified regarding the Debtors' lack of equity in the Properties, and this is consistent with the appraisals obtained by the parties.

21. The debtor has the burden to show that property is necessary for an effective reorganization. 11 U.S.C. § 362(g). For all the reasons previously argued to the Court at the Disclosure Statement hearing, the Farmers have no ability to reorganize the Entities, because they cannot confirm a plan of reorganization over Palmetto's objection, nor can they satisfy the absolute priority rule with regard to the Entities.

22. Finally, Palmetto is entitled to relief from stay with regard to the Wildewood Property, the Meadow Green Property and the East Ridge Property under 11 U.S.C. § 362(d)(3).

23. Palmetto is entitled to an order directing the Debtors and Hamilton Moon to turnover the Proceeds to Palmetto, as well as all cash collateral related to those Properties (specifically including all funds held for payment of taxes on the Properties). Palmetto is further entitled to pursue recovery of any remaining funds from the insurance company related to the Properties.

24. In connection with the requested relief, Palmetto respectfully asks that the 14 day stay of Bankruptcy Rule 4001(a)(3) not apply.

**WHEREFORE**, Palmetto requests that the Court:

1. Enter an order granting Palmetto relief from the automatic stay with respect to each of the Properties, the Proceeds, and any other cash collateral of Palmetto held by the Debtors or their counsel;

2. Waive Fed. R. Bankr. P. 4001(a)(3); and

3. Grant such other and further relief as this Court deems appropriate.

This the 11th day of February, 2011.

/s/ Ashley A. Edwards_____
William L. Esser IV, Esq. (NC Bar No. 29201)
Ashley A. Edwards, Esq. (NC Bar No. 40695)

Parker Poe Adams & Bernstein, LLP
401 South Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
willesser@parkerpoe.com
ashleyedwards@parkerpoe.com
*Attorneys for The Palmetto Bank*

**CERTIFICATE OF SERVICE**

    This is to certify that the undersigned counsel has served the MOTION OF THE PALMETTO BANK FOR RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO REAL AND PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 362(d) OF THE BANKRUPTCY CODE INCLUDING APPLICATION OF 11 U.S.C. § 362(e) on all of the parties to this cause through the Court's CM/ECF system in accordance with Local Rule 5005-1 as follows:

| | |
|---|---|
| Andrew T. Houston, Esq.<br>Hamilton Moon Stephens Steele & Martin<br>201 South College Street, Suite 2020<br>Charlotte, North Carolina 28244 | Travis W. Moon, Esq.<br>Hamilton Moon Stephens Steele & Martin<br>201 South College Street, Suite 2020<br>Charlotte, North Carolina 28244 |
| James Heath Pulliam, Esq.<br>Kilpatrick Stockton, LLP<br>214 North Tryon Street, Suite 2500<br>Charlotte, North Carolina 28202 | Bradley E. Pearce, Esq.<br>Katten Muchin Rosenman LLP<br>550 South Tryon Street, Suite 2900<br>Charlotte, North Carolina 28202 |
| Louis G. Spencer, Esq.<br>McNair Law Firm, P.A.<br>301 South Tryon Street, Suite 1615<br>Charlotte, North Carolina 28202 | Joe M. Lozano Jr., Esq.<br>Brice, Vander Linden & Wernick, P.C.<br>9441 LBJ Freeway, Suite 350<br>Dallas, Texas 75243 |
| Hillary Bridgers Crabtree, Esq.<br>Moore & Van Allen, PLLC<br>100 North Tryon Street, Floor 47<br>Charlotte, North Carolina 28502-4003 | U.S. Bankruptcy Administrator<br>402 West Trade Street, Suite 200<br>Charlotte, North Carolina 28202 |

This the 11th day of February, 2011.

            /s/ Ashley A. Edwards
            William L. Esser IV, Esq.  (NC Bar No. 29201)
            Ashley A. Edwards, Esq. (NC Bar No. 40695)
            Parker Poe Adams & Bernstein, LLP
            401 South Tryon Street, Suite 3000
            Charlotte, North Carolina 28202
            Telephone: (704) 372-9000
            Facsimile: (704) 334-4706
            willesser@parkerpoe.com
            ashleyedwards@parkerpoe.com
            *Attorneys for The Palmetto Bank*