IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Joshua and Andrea Farmer** | ) | Chapter 11 |
| | ) | Case No. 10-40270 |
| Debtors. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| **Raymond and Diane Farmer** | ) | Chapter 11 |
| | ) | Case No. 10-40269 |
| Debtors. | ) | |
| | ) | **NOTICE OF OPPORTUNITY** |
| | ) | **FOR HEARING** |
| | ) | (No-Protest Notice: No |
| | ) | Hearing Will Be Held Unless |
| | ) | Request for Hearing Is Filed) |
| | ) | |
| | ) | |

      **TAKE NOTICE** that **THE FIRST NATIONAL BANK OF THE SOUTH** has filed papers with the Court for Relief from the Automatic Stay including application of 11 U.S.C. §362(e) in the jointly administered bankruptcy cases of Raymond and Diane Farmer, et al. (Case No. 10-40269). A copy of these papers are included with this Notice or copied on the reverse side of this Notice.

      **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

      If you do not want the Court to Order that the Stay be lifted, or if you want the Court to consider your views on the Motion, then on or before February 25, 2011, you or your attorney must do three (3) things:

      1.    **File with the Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:**

          U.S. Bankruptcy Court
          Western District of North Carolina
          Charlotte Division
          P.O. Box 34189
          Charlotte, North Carolina 28234-4189

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

> Louis G. Spencer, Esq.
> McNair Law Firm, P.A.
> 301 South Tryon Street, Suite 1615
> Charlotte, North Carolina 28282
> Facsimile: (704) 625-9219

3. **Attend the hearing scheduled for March 1, 2011, at 9:30 a.m.** at 401 West Trade Street, Charlotte, North Carolina 28202.

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: February 18, 2011

> McNAIR LAW FIRM, P.A.
> By: /s/Louis G. Spencer
> Louis G. Spencer (NC State Bar No. 36019)
> Two Wells Fargo Center – Suite 1615
> 301 South Tryon Street
> Charlotte, North Carolina 28282
> Telephone:    (704) 347-1170
> Facsimile:    (704) 347-4467
> Email: lspencer@mcnair.net
> Attorney for First National Bank of the South

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Joshua and Andrea Farmer** | ) | Chapter 11 |
| | ) | Case No. 10-40270 |
| Debtors. | ) | |
| | ) | |
| In re: | ) | |
| | ) | |
| **Raymond and Diane Farmer** | ) | Chapter 11 |
| | ) | Case No. 10-40269 |
| Debtors. | ) | |

**MOTION OF FIRST NATIONAL BANK OF THE SOUTH FOR RELIEF FROM THE
AUTOMATIC STAY WITH RESPECT TO REAL AND PERSONAL PROPERTY
INCLUDING APPLICATION OF 11 U.S.C. § 362(e)**

First National Bank of the South ("First National") hereby moves the Court ("Motion") pursuant to 11 U.S.C. §§ 105(a) and 362, and Federal Rule of Bankruptcy Procedure 4001, for an Order granting First National relief from the automatic stay with respect to the real property commonly known as Georgetown Village Apartments located in Spartanburg at 1421 John B White Sr. Blvd., Spartanburg, South Carolina consisting of 74 apartments together with appliances, fixtures and office furniture and equipment used with the real property (the "Property"). The Property is presently titled in the name of Joshua B. Farmer and Raymond B. Farmer (the "Farmers").

First National also seeks relief from stay with regard to rents and other cash collateral generated from the Property and certain insurance proceeds held by the Debtors and related to storm damage done to the Property (the "Proceeds").

In accordance with Local Rule 4001-1(b), First National states its intention to hereby seek application of the provisions of 11 U.S.C. § 362(e). In support of the instant motion, First

3

National states the following:

## BACKGROUND

1. Prior to filing these consolidated bankruptcy cases, the Farmers each owned a 50% membership interest in Georgetown Village Apartments, LLC, a South Carolina limited liability company ("Georgetown"). Until March 30, 2010, there was no question that Georgetown owned the Property.

2. On September 23, 2008, First National made a loan to Georgetown in the original principal amount of $2,072,000.00 (the "Loan"). The Loan is secured by a first-priority mortgage and security interest on the Property and proceeds of the Property. First National's security interest was perfected by (among other things) a Mortgage (Book 4137, Pages 523 – 531) and an Assignment of Rents (Book 92H, Pages 809 – 816) recorded with the Spartanburg County Register of Deeds. A complete copy of the loan documents are attached as exhibits to the affidavit of Douglas H. Cobb, Jr. (Rec. Doc. 132).

3. Georgetown defaulted on the Note by failing to make payments to First National when due.

4. Georgetown had no equity in the Property in March 2010.

5. On or about March 30, 2010, the Farmers executed documents on behalf of Georgetown whereby they purportedly conveyed the Property in their names individually.

6. The Debtors filed these consolidated Chapter 11 cases on April 5, 2010.

7. Based upon an appraisal obtained by the Debtors, the Debtors have no equity in the Property. Debtors' appraisal states that the value of the Property as of September 7,

4

2010 is $1,200,000.00. As of April 5, 2010, the amount owed to First National on the Loan was $1,997,026.39.

8. After the Petition Date, Debtors received insurance funds for storm damage caused to the Property. Upon information and belief, the insurance funds are in excess of $111,500.00 and are located in an account owned by Debtors. These insurance funds constitute cash collateral of First National.

9. The Debtors filed a First Amended Plan of Reorganization ("the Plan") and First Amended Joint Disclosure Statement (the "Disclosure Statement") on November 15, 2010. The hearing on approval of the disclosure statement was held on December 15, 2010.

10. The Court entered an order denying the approval of the Disclosure Statement on January 6, 2011 (Rec. Doc. 322), finding that the Disclosure Statement did not comply with the Court's Order dated May 28, 2010 ("SARE Order"). This Court found the actions of the Debtors to be evidence of "bad faith" and a "corporate shell game." Id.

11. The Disclosure Statement Order required that "the Debtors shall submit new Disclosure Statement(s) and proposed Plan(s) for each of the Entities" on or before January 26, 2011. Id. at pg 4.

12. The Debtors filed an appeal of the Disclosure Statement Order and obtained a temporary stay of the Disclosure Statement Order from the District Court. However, on February 9, 2011, Judge Mullen set aside the temporary stay and denied the Debtors' motion for a stay pending appeal. Among other things, Judge Mullen found that the SARE Order was a final order which could not be appealed. He also found that "this is an abusive filing. Mr. Farmer admitted he was trying to avoid the absolute priority rule in

5

his 2004 – Rule 2004 examination. And this simply isn't countenanced in the bankruptcy code." (Rec. Doc. 358-1).

13. As of the filing of this Motion, the Debtors have not filed a new disclosure statement or plan.

## LAW AND ARGUMENT

14. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

15. First National asserts that there is good cause for relief from the automatic stay under subsections (1), (2), and (3) of section 362(d) of the Bankruptcy Code.

16. Relief from stay is appropriate under section 362(d)(1) for cause. First, both this Court and the District Court have found that the Farmers have acted in an abusive manner in an attempt to avoid the requirements of the Bankruptcy Code. Second, as detailed in the Joint Motion to Prohibit Use of Cash Collateral, the Farmers have consistently violated this Court's order with respect to the use of cash collateral. Third, the Debtors failed to file an amended plan and disclosure statement as required by this Court. Fourth, upon information and belief the Property continues to deteriorate in value and First National's interest is not adequately protected.

17. Relief from stay is appropriate under 11 U.S.C. § 362(d)(2) because (1) even counting the Proceeds, the Debtors do not have equity in the Property, and (2) the Property is not necessary for an effective reorganization. Joshua Farmer has already testified regarding the Debtors' lack of equity in the Property, and this is consistent with the appraisal obtained by Debtors.

18. The debtor has the burden to show that property is necessary for an effective

reorganization. 11 U.S.C. § 362(g). For all the reasons previously argued to the Court at the Disclosure Statement hearing, the Debtors have no ability to reorganize the Georgetown entity, because they cannot confirm a plan of reorganization over First National's objection, nor can they satisfy the absolute priority rule with regard to the Georgetown entity.

19. Relief from stay is appropriate under 11 U.S.C. § 362(d)(3).

20. First National is entitled to an order directing the Debtors to turn over the Proceeds to First National, as well as all cash collateral related to the Property (specifically including all funds held for payment of taxes on the Property). First National is further entitled to pursue recovery of any remaining funds from the insurance company related to the Property.

21. In connection with the requested relief, First National respectfully asks that the 14 day stay of Bankruptcy Rule 4001(a)(3) not apply.

WHEREFORE, First National requests that the Court:

1. Enter an order granting First National relief from the automatic stay with respect to the Property, the Proceeds, and any other cash collateral of First National held by the Debtors or their counsel;

2. Waive Fed. R. Bankr. P. 4001(a)(3); and

3. Grant such other and further relief as this Court deems appropriate.

This the 18th day of February, 2011.

        McNAIR LAW FIRM, P.A.
        By: /s/Louis G. Spencer
        Louis G. Spencer (NC State Bar No. 36019)
        Two Wells Fargo Center – Suite 1615
        301 South Tryon Street
        Charlotte, North Carolina 28282
        Telephone:    (704) 347-1170
        Facsimile:    (704) 347-4467
        Email: lspencer@mcnair.net
        Attorney for First National Bank of the South

# **CERTIFICATE OF SERVICE**

This is to certify that the undersigned counsel has served the MOTION OF FIRST NATIONAL BANK OF THE SOUTH FOR RELIEF FROM THE AUTOMATIC STAY WITH RESPECT TO REAL AND PERSONAL PROPERTY INCLUDING APPLICATION OF 11 U.S.C. § 362(e) on all of the parties to this cause through the Court's CM/ECF system in accordance with Local Rule 5005-1 as follows:

| | |
|---|---|
| Andrew T. Houston, Esq.<br>Hamilton Moon Stephens Steele & Martin<br>201 South College Street, Suite 2020<br>Charlotte, North Carolina  28244 | Travis Moon, Esq.<br>Hamilton Moon Stephens Steele & Martin<br>201 South College Street, Suite 2020<br>Charlotte, North Carolina  28244 |
| James Heath Pulliam, Esq.<br>Kilpatrick Stockton, LLP<br>214 North Tryon Street, Suite 2500<br>Charlotte, North Carolina  28202 | Bradley E. Pearce, Esq.<br>Katten Muchin Rosenman LLP<br>550 South Tryon Street, Suite 2900<br>Charlotte, North Carolina  28202 |
| William L. Esser, IV, Esq.<br>Parker Poe Adams & Bernstein, LLP<br>401 South Tryon Street, Suite 3000<br>Charlotte, North Carolina  28202 | Joe M. Lozano, Jr., Esq.<br>Brice Vander Linden & Wernick, P.C.<br>9441 LBJ Freeway, Suite 350<br>Dallas, Texas  75243 |
| Hillary Brodgers Crabtree, Esq.<br>Moore & Van Allen, PLLC<br>100 North Tryon Street, Floor 47<br>Charlotte, North Carolina  28502-4003 | U. S. Bankruptcy Administrator<br>402 West Trade Street, Suite 200<br>Charlotte, North Carolina  28202 |

This the 18th day of February, 2011.

McNAIR LAW FIRM, P.A.
By: /s/Louis G. Spencer
Louis G. Spencer (NC State Bar No. 36019)
Two Wells Fargo Center – Suite 1615
301 South Tryon Street
Charlotte, North Carolina 28282
Telephone:     (704) 347-1170
Facsimile:     (704) 347-4467
Email: lspencer@mcnair.net
Attorney for First National Bank of the South