**Joshua & Andrea Farmer - Liquidation Analysis**

| Description (refer to schedules for more complete description) | Scheduled Value | Lien | Equity | Equity in Property Being Retained by Debtors | Exemptions Claimed by Debtors | Equity in Property Being Retained by Debtors After Exemptions | Estimated Liquidation Costs in Hypothetical Chapter 7 Liquidation[1,3] | Estimated Trustee Commissions in Hypothetical Chapter 7 Liquidation[2] | Net Benefit to Unsecured Creditors in Hypothetical Chapter 7 Liquidation for Property Being Retained | Disposition |
|---|---|---|---|---|---|---|---|---|---|---|
| Honeysuckle House - 50% Interest | 225,000.00 | Yes | - | | | | | | | Retain |
| 234 Edwards Street House | 217,900.00 | Yes | - | | | | | | | Retain |
| Dewees Island House - 50% Interest | 500,000.00 | Yes | - | | | | | | | Retain |
| Honeysuckle Lot - 50% Interest | 11,100.00 | Yes | 5,099.00 | 5,099.00 | - | 5,099.00 | 1,110.00 | | | Retain |
| Bank Accounts | 2,569.22 | No | 2,569.22 | 2,569.22 | 1,405.22 | 1,164.00 | - | | | Retain |
| Household Goods | 6,000.00 | No | 6,000.00 | 6,000.00 | 6,000.00 | - | N/A | | | Retain |
| Collectibles, dolls, baseball cards | 500.00 | No | 500.00 | 500.00 | 500.00 | - | N/A | | | Retain |
| Collectible crystal | 450.00 | No | 450.00 | 450.00 | 450.00 | - | N/A | | | Retain |
| Bibles/books | 300.00 | No | 300.00 | 300.00 | 300.00 | - | N/A | | | Retain |
| Coin collection - certified | 50,000.00 | No | 50,000.00 | 50,000.00 | - | 50,000.00 | 10,000.00 | | | Retain |
| Coin collection | 1,980.00 | No | 1,980.00 | 1,980.00 | - | 1,980.00 | 594.00 | | | Retain |
| Clothing | 1,000.00 | No | 1,000.00 | 1,000.00 | 1,000.00 | - | N/A | | | Retain |
| Fur coats | 809.00 | No | 809.00 | 809.00 | 809.00 | - | N/A | | | Retain |
| Gold and Diamond Jewelry | 6,230.00 | No | 6,230.00 | 6,230.00 | 6,230.00 | - | N/A | | | Retain |
| Cufflinks and watch | 3,950.00 | No | 3,950.00 | 3,950.00 | 3,900.00 | 50.00 | - | | | Retain |
| Pearl Jewelry | 16,200.00 | No | 16,200.00 | 16,200.00 | 511.00 | 15,689.00 | 4,860.00 | | | Retain |
| Remaining Jewelry | 4,490.00 | No | 4,490.00 | 4,490.00 | - | 4,490.00 | 1,347.00 | | | Retain |
| Guns | 1,100.00 | No | 1,100.00 | 1,100.00 | 1,100.00 | - | N/A | | | Retain |
| Aquariums | 8,000.00 | No | 8,000.00 | 8,000.00 | 1,741.00 | 6,259.00 | 2,400.00 | | | Retain |
| Life Insurance | 134.46 | No | 134.46 | 134.46 | 134.46 | - | N/A | | | Retain |
| Corporate Interests | 1,856.71 | No | 1,856.71 | 1,856.71 | - | 1,856.71 | - | | | Retain |
| Volvo Duett - 50% interest | 800.00 | No | 800.00 | 800.00 | 800.00 | - | 240.00 | | | Retain |
| 2006 Audi A8L - 50% Interest | 25,550.00 | Yes | - | - | - | - | - | | | Retain |
| Pets | 200.00 | No | 200.00 | 200.00 | 200.00 | | - | | | Retain |
| | 143,219.39 | | 111,668.39 | 111,668.39 | 25,080.68 | 85,587.71 | 20,551.00 | 7,992.00 | 58,044.71 | |

[1] Based on 10% commission to agent for sale of real estate and 30% auctioneer's commission for sale of other personalty (per quotes to debtor from local auctioneers).

[2] Based on 28 USC 1930

[3] The Debtors are not taking into account additional fees that would be incurred in a Chapter 7 liquidation such as Trustee Attorney fees, Accountant fees and capital gains taxes. Taking these figures into account would reduce the hypothetical recovery of unsecured creditors in a Chapter 7 case.



EXHIBIT

B

### Raymond & Diane Farmer - Liquidation Analysis

| Description (refer to schedules for more complete description) | Scheduled Value | Equity | Lien | Equity in Property Being Retained by Debtors | Exemptions Claimed by Debtors | Equity in Property Being Retained by Debtors After Exemptions | Estimated Liquidation Costs in Hypothetical Chapter 7 Liquidation[1,3] | Estimated Trustee Commissions in Hypothetical Chapter 7 Liquidation[2] | Net Benefit to Unsecured Creditors in Hypothetical Chapter 7 Liquidation for Property Being Retained | Disposition |
|---|---|---|---|---|---|---|---|---|---|---|
| Honeysuckle House - 50% Interest | 225,000.00 | 5,099.00 | Yes | 5,099.00 | - | 5,099.00 | N/A | | | Retain |
| Honeysuckle Lot - 50% Interest | 11,100.00 | 365.42 | Yes | 365.42 | 363.45 | 1.97 | 1,110.00 | | | Retain |
| Bank Accounts | 365.42 | 365.42 | No | 365.42 | 363.45 | - | - | | | Retain |
| Security Deposit with Duke Power | 600.00 | 600.00 | No | 600.00 | 600.00 | - | N/A | | | Retain |
| Household Goods | 7,900.00 | 7,900.00 | No | 7,900.00 | 7,900.00 | - | 120.00 | | | Retain |
| Household Goods in Storage | 400.00 | 400.00 | No | 400.00 | - | 400.00 | N/A | | | Retain |
| Pictures/photos | 300.00 | 300.00 | No | 300.00 | 300.00 | - | N/A | | | Retain |
| Bibles/books | 250.00 | 250.00 | No | 250.00 | 250.00 | - | N/A | | | Retain |
| Brazilian Rocks | 500.00 | 500.00 | No | 500.00 | 500.00 | - | N/A | 2,879.00 | | Retain |
| Clothes | 500.00 | 500.00 | No | 500.00 | 500.00 | - | N/A | | | Retain |
| Fur Coat | 150.00 | 150.00 | No | 150.00 | 150.00 | - | N/A | | | Retain |
| Pearl Jewelry | 8,200.00 | 8,200.00 | No | 8,200.00 | 8,200.00 | - | N/A | | | Retain |
| Gold and Diamond Jewelry | 4,280.00 | 4,280.00 | No | 4,280.00 | 390.00 | 3,890.00 | 1,167.00 | | | Retain |
| Guns | 1,800.00 | 1,800.00 | No | 1,800.00 | 400.00 | 1,400.00 | N/A | | | Retain |
| Life Insurance | 2,033.10 | 2,033.10 | No | 2,033.10 | 1,549.51 | 483.59 | - | | | Retain |
| Corporate Interests | 1,623.81 | 1,623.81 | No | 1,623.81 | - | 1,623.81 | - | | | Retain |
| Volvo Duett - 50% interest | 800.00 | 800.00 | No | 800.00 | 800.00 | - | 240.00 | | | Retain |
| 2002 Volvo S80 | 4,075.00 | 4,075.00 | No | 4,075.00 | 3,500.00 | 575.00 | 172.50 | | | Retain |
| Pets | 10.00 | 10.00 | No | 10.00 | 10.00 | - | - | | | Retain |
| Garden plants | 200.00 | 200.00 | No | 200.00 | | 200.00 | - | | | Retain |
| Deposit on chickens | 250.00 | 250.00 | No | 250.00 | | 250.00 | - | | | Retain |
| | 45,337.33 | 39,336.33 | | 39,336.33 | 25,412.96 | 13,923.37 | 2,809.50 | 2,879.00 | 8,234.87 | |

[1] Based on 10% commission to agent for sale of real estate and 30% auctioneer's commission for sale of other personality (per quotes to debtor from local auctioneers).

[2] Based on 28 USC 1930

[3] The Debtors are not taking into account additional fees that would be incurred in a Chapter 7 liquidation such as Trustee Attorney fees, Accountant fees and capital gains taxes. Taking these figures into account would reduce the hypothetical recovery of unsecured creditors in a Chapter 7 case.



EXHIBIT
C

Two Mile Properties, LLC – Liquidation Analysis

| Description (refer to schedules for more complete description) | Mileage | Scheduled Value (or Stipulated Value) | Lien | Equity | Disposition [4] | Equity in Property Being Retained by Debtors | Estimated Liquidation Costs in Hypothetical Chapter 7 Liquidation [1,3] | Estimated Trustee Commissions in Hypothetical Chapter 7 Liquidation [2] | Net Benefit to Unsecured Creditors in Hypothetical Chapter 7 Liquidation for Property Being Retained |
|---|---|---|---|---|---|---|---|---|---|
| Office and Warehouse | | 628,000.00 | Yes | 17,000.00 | Retain | 17,000.00 | 37,680.00 | N/A | |
| 2008 Toyota Prius (VIN: xx8801) | 85,926 | 13,500.00 | Yes | - | Retain | | N/A | | |
| 2008 Toyota Prius (VIN: xx6921) | 80,986 | 13,500.00 | Yes | - | Retain | | N/A | | |
| 2008 Chevrolet Silverado 3500 | 26,778 | 18,500.00 | Yes | - | Retain | | N/A | | |
| 2007 Chevrolet Silverado 2500 (VIN: xx8682) | 64,375 | 9,250.00 | Yes | - | Retain | | N/A | | |
| 2007 Chevrolet Silverado 2500 (VIN: xx8398) | 72,200 | 9,250.00 | Yes | - | Surrender | | N/A | | |
| 2006 Audi A8L | | 25,500.00 | Yes | - | Retain | | N/A | | |
| 2008 Range Rover | | 50,325.00 | Yes | - | Surrender | | N/A | | |
| 10 Utility Trailers | | 13,000.00 | No | 13,000.00 | Retain | 13,000.00 | 3,900.00 | | |
| 2002 Ford E-250 Van | 110,543 | 4,675.00 | No | 4,675.00 | Retain | 4,675.00 | 1,402.50 | | |
| 1988 Chevrolet G20 van | unknown | | No | | Auction | | N/A | | |
| 2003 Jeep Grand Cherokee | 152,797 | | No | | Auction | | N/A | | |
| 2001 Ford F150 | | 21,600.00 | No | 21,600.00 | Auction | | N/A | | |
| 2003 Dodge Grand Cavaran | 215,478 | | No | | Auction | | N/A | | |
| 2000 Ford Focus | | | No | | Auction | | N/A | | |
| 1986 Volvo Truck | | 2,500.00 | No | 2,500.00 | Retain | 2,500.00 | 750.00 | | |
| 2003 Audi A6 (needs transmission) | 93,606 | 14,000.00 | No | 14,000.00 | Auction | | N/A | | |
| Computer Servers - now 6 years old | | 4,000.00 | No | 4,000.00 | Auction | | N/A | | |
| Boxxer 421 carpet cleaning machine | | 8,000.00 | Yes | - | Retain | | N/A | | |
| Toshiba Copier | | 4,000.00 | No | - | Surrender | | N/A | | |
| Speed Queen Washers and Dryers | | 11,328.00 | Yes | - | Surrender | | N/A | | |
| Building Materials and tools | | 28,415.00 | No | 28,415.00 | Auction | | N/A | | |
| Building Materials formerly at Stonecutter Mill | | 22,220.00 | No | 22,220.00 | Auction | | N/A | | |
| Tools and equipment formerly at Stonecutter Mill | | 8,550.00 | No | 8,550.00 | Retain | 8,550.00 | 2,565.00 | | |
| Equipment described in FNB UCC and three cargo trailers (which includes John Deere 737 mower) | | 60,000.00 | Yes | - | Retain | - | N/A | | |
| John Deere Tractor, implements, John Deere Gators (2), Polaris Ranger, John Deere 1445 | | 26,000.00 | No | 26,000.00 | Retain | 26,000.00 | 7,800.00 | | |
| Maintenance Tools at various apartment complexes | | 6,550.00 | No | 6,550.00 | Retain | 6,550.00 | 1,965.00 | | |
| Continental Girbau Washers | | 4,000.00 | No | 2,000.00 | Auction | | N/A | | |
| 2007 Komatsu PC27 excavator | | 16,000.00 | Yes | 16,000.00 | Retain | 16,000.00 | 4,800.00 | | |
| John Deere 36" walk behind mower | | 1,500.00 | Yes | - | Surrender | | N/A | | |
| | | | | | | 77,275.00 | 23,182.50 | 6,905.00 | 47,187.50 |

[1] Based on 10% commission to agent (or commission for sale of real estate and 30% auctioneer's commission for sale of other personalty (per quotes to debtor from local auctioneers).

[2] Based on 28 USC 1930

[3] The Debtors are not taking into account additional fees that would be incurred in a Chapter 7 liquidation such as Trustee Attorney fees, Accountant fees and capital gains taxes. Taking these figures into account would reduce the hypothetical recovery of unsecured creditors in a Chapter 7 case.

[4] "Auction" refers to a post-confirmation auction that will be held by Simpson Auction Company to liquidate the intended items. All net proceeds of the auction shall be distributed to the unsecured creditor pool.

EXHIBIT
D

# CLAIMS TREATMENT SUMMARY
## (By Sub-Plan)

### Sub-Plan 1: Joshua Farmer and Andrea Farmer

*Class 1: Secured Tax Claims of Rutherford County*
*Classification:* Class 1 consists of the Allowed Secured Claim of Rutherford County.
*Treatment:* The holder of the Allowed Class 1 Claim shall be paid its Allowed Secured Tax Claim, at the option of
Joshua Farmer and Andrea Farmer: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b)
upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 1 Claim and
Joshua and Andrea Farmer; or (c) in annual Cash payments commencing twelve (12) months after the Effective
Date, in an aggregate amount equal to such Allowed Secured Tax Claim as required by Section 1129(a)(9)(D) of the
Bankruptcy Code, within five (5) years of the Petition Date. The holder of the Allowed Class 1 Claim shall retain its
existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on
the Petition Date.
*Impairment and Voting:* Class 1 is impaired by the Plan. The holders of Class 1 Claims are entitled to vote to
accept or reject the Plan.
*Estimated Recovery:* 100%

*Class 2: EMC Secured Claim (234 Edwards Street Home)*
*Classification:* Class 2 consists of the Allowed Secured Claim of EMC. Prior to the Petition Date, EMC asserted a
first position deed of trust encumbering the 234 Edwards Street Home. The value of the 234 Edwards Street Home
is less than the amount of the debt secured by the EMC first position deed of trust.
*Treatment:* To the extent EMC has an Allowed Secured Claim, then this obligation shall be treated as a secured
obligation of Joshua Farmer and Andrea Farmer. Payments on account of the Allowed EMC Secured claims shall
begin within ninety (90) days of the Effective Date and shall be paid: (i) monthly at the nondefault contract rate of
interest, on the terms set forth in the applicable loan documents as required by 11 U.S.C. § 1123(b)(5), or (ii) as
otherwise agreed upon by Joshua Farmer and Andrea Farmer and EMC. All arrearages in respect of the Allowed
EMC secured claim shall be paid: (i) monthly over a period of five (5) years until all arrearages are paid in full, or
(ii) as otherwise agreed upon by the Debtors and EMC. EMC shall retain its liens with the priority thereof, as they
existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as
set forth herein.
*Impairment and Voting:* Class 2 is impaired by the Plan. The holders of Class 2 Claims are entitled to vote to
accept or reject the Plan.
*Estimated Recovery:* Unknown

*Class 3: EMC Secured Claim (234 Edwards Street Home)*
*Classification:* Class 3 consists of the Allowed Secured Claim of EMC. Prior to the Petition Date, EMC asserted a
second position deed of trust encumbering the 234 Edwards Street Home.
*Treatment:* Since the value of the 234 Edwards Street Home is less than the amount owed on the EMC first deed of
trust, then the lien shall be deemed satisfied pursuant to 11 U.S.C. §§105 and 1123(a)(5)(E), and automatically
canceled, terminated and of no further force or effect without further act or action under any applicable agreement,
law, regulation, order, or rule, provided however, that Joshua Farmer and Andrea Farmer reserve the right to seek an
Order from the Bankruptcy Court cancelling the lien. To the extent EMC has an Allowed Claim, it shall be treated
as a General Unsecured Claim in Class 8.
*Impairment and Voting:* Class 3 takes nothing under the Plan. The holder of a Class 3 Claim is not entitled to vote
and is deemed to have rejected the Plan.
*Estimated Recovery:* 0%

*Class 4: Tomblin Secured Claim (Honeysuckle House)*
*Classification:* Class 4 consists of the Allowed Secured Claim of Tomblin. Prior to the Petition Date, Tomblin
asserted a third deed of trust encumbering the Honeysuckle House.
*Treatment:* Since the value of the Honeysuckle House is less than the amount owed on the EMC first deed of trust,
then the lien shall be deemed satisfied pursuant to 11 U.S.C. §§105 and 1123(a)(5)(E), and automatically canceled,
terminated and of no further force or effect without further act or action under any applicable agreement, law,



EXHIBIT
E

regulation, order, or rule, provided however, that Joshua Farmer and Andrea Farmer reserve the right to seek an Order from the Bankruptcy Court cancelling the lien. To the extent Tomblin's Claim is Allowed, it shall be treated as a General Unsecured Claim in Class 8.

*Impairment and Voting:* Class 4 takes nothing under the Plan. The holder of a Class 4 Claim is not entitled to vote and is deemed to have rejected the Plan.

*Estimated Recovery:* 0%

**Class 5: Wachovia Secured Claim (Honeysuckle Lot)**

*Classification:* Class 5 consists of the Allowed Secured Claim of Wachovia. Prior to the Petition Date, Wachovia asserted a first position deed of trust encumbering the Honeysuckle Lot.

*Treatment:* This obligation shall be treated as a secured obligation of Joshua Farmer and Andrea Farmer at the value set forth in the Debtors' Schedules. Payments on account of the Wachovia Allowed Secured Claim shall begin within ninety (90) days of the Effective Date and shall be paid monthly with interest at a fixed rate of 4.70% per annum, amortized over thirty (30) years, with no prepayment penalties. Wachovia shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.

*Impairment and Voting:* Class 5 is impaired by the Plan. The holder of a Class 5 Claim is entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

**Class 6: BOA Secured Claim (Dewees Island House)**

*Classification:* Class 6 consists of the Allowed Secured Claim of BOA. Prior to the Petition Date, BOA asserted a first position mortgage and a second position mortgage encumbering the Dewees Island House. The value of the Dewees Island House is less than the amount owed on the BOA deeds of trust.

*Treatment:* At the option of BOA, the Debtors' interest in the Dewees Island House will upon confirmation of the Plan either: (i) re-vest in the names of Joshua Farmer and Andrea Farmer with the Debtors to make no payments; or (ii) will be transferred to the co-owners of the Dewees Island House by quitclaim deed with the Debtors to make no payments. BOA shall have until the date of the Confirmation Hearing to make such election in writing to Debtors' counsel. In the event such election is not timely made, then BOA shall be deemed to have elected the first option identified above. The co-owners will continue to make debt service payments. BOA shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.

*Impairment and Voting:* Class 6 is impaired by the Plan. The holders of Class 6 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 0%

**Class 7: Audi Secured Claim (2006 Audi A8L)**

*Classification:* Class 7 consists of the Allowed Secured Claim of Audi. Prior to the Petition Date, Audi held a purchase money security interest in a 2006 Audi A8L.

*Treatment:* This obligation shall be treated as a secured obligation of Andrea Farmer in the amount set forth in the Debtors' Schedules, less the amount of any pre-confirmation adequate protection payments. Payments on account of the Audi secured claim shall begin within ninety (90) days of the Effective Date and shall be made monthly, as follows: (i) with interest payments of 5.25% per annum, amortized over a period of seventy-two (72) months, or (ii) on such other terms as may be agreed upon by Andrea Farmer and Audi. Audi shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein. To the extent Audi's Allowed Claim exceeds its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim shall be treated in Class 8 below.

*Impairment and Voting:* Class 7 is impaired by the Plan. The holder of a Class 7 Claim is entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

**Class 8: Joshua Farmer and Andrea Farmer General Unsecured Claims**

*Classification:* Class 8 consists of all Allowed General Unsecured Claims of creditors of Joshua Farmer and Andrea Farmer.

*Treatment:* Class 8 Claims shall be paid their Pro Rata Share of an amount equal to the value of Joshua Farmer's and Andrea Farmer's projected disposable income for a period of five (5) years as defined in section 1129(a)(15)(B)

of the Bankruptcy Code. Class 8 Claims will be paid from the relevant Distribution Reserve on a pro rata basis in semiannual installments with the first payment to be made within six (6) months of the Effective Date. The Debtors reserve the right to satisfy their obligations under this paragraph in less than five (5) years.

*Impairment and Voting:* Class 8 is impaired by the Plan. The holders of Class 8 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 0%

### Sub-Plan 2: Raymond Farmer and Diane Farmer

#### Class 9: Secured Tax Claims of Rutherford County, North Carolina

*Classification:* Class 9 consists of the Allowed Secured Claims of Rutherford County, North Carolina.

*Treatment:* The holder of the Allowed Class 9 Claim shall be paid its Allowed Secured Tax Claim, at the option of Raymond Farmer and Diane Farmer: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 9 Claim and Raymond Farmer and Diane Farmer; or (c) in annual Cash payments commencing twelve (12) months after the Effective Date, in an aggregate amount equal to such Allowed Secured Tax Claim as required by Section 1129(a)(9)(D) of the Bankruptcy Code, within five (5) years of the Petition Date. The holder of the Allowed Class 9 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.

*Impairment and Voting:* Class 9 is impaired by the Plan. The holders of Class 9 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

#### Class 10: EMC Secured Claim (Honeysuckle House)

*Classification:* Class 10 consists of the Allowed Secured Claim of EMC. Prior to the Petition Date, EMC asserted a first position deed of trust encumbering the Honeysuckle House. The value of the Honeysuckle House is less than the amount of the debt secured by the EMC first position deed of trust.

*Treatment:* To the extent EMC has an Allowed Secured Claim, then this obligation shall be treated as a secured obligation of Raymond Farmer and Diane Farmer. Payments on account of the Allowed EMC Secured Claim shall begin within ninety (90) days of the Effective Date and shall be paid: (i) monthly at the nondefault contract rate of interest, on the terms set forth in the applicable loan documents as required by 11 U.S.C. § 1123(b)(5), or (ii) as otherwise agreed upon by Raymond Farmer and Diane Farmer and EMC. All arrearages in respect of the Allowed EMC secured claim shall be paid: (i) monthly over a period of five (5) years until all arrearages are paid in full, or (ii) as otherwise agreed upon by the Debtors and EMC. EMC shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.

*Impairment and Voting:* Class 10 is impaired by the Plan. The holders of Class 10 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* Unknown

#### Class 11: SLS Secured Claim (Honeysuckle House)

*Classification:* Class 11 consists of the Allowed Secured Claim of SLS. Prior to the Petition Date, SLS asserted a second position deed of trust encumbering the Honeysuckle House.

*Treatment:* Since the value of the Honeysuckle House is less than the amount owed on the EMC first deed of trust, then this lien shall be deemed satisfied pursuant to 11 U.S.C. §§105 and 1123(a)(5)(E), and automatically canceled, terminated and of no further force or effect without further act or action under any applicable agreement, law, regulation, order, or rule, provided however, that Raymond Farmer and Diane Farmer reserve the right to seek an Order from the Bankruptcy Court cancelling the lien. To the extent SLS's Claim is Allowed, it shall be treated as a General Unsecured Claim in Class 14.

*Impairment and Voting:* Class 11 takes nothing under the Plan. The holder of a Class 11 Claim is not entitled to vote and is deemed to have rejected the Plan.

*Estimated Recovery:* 0%

#### Class 12: Tomblin Secured Claim (Honeysuckle House).

*Classification:* Class 12 consists of the Allowed Secured Claim of Tomblin. Tomblin has a third position deed of trust encumbering the Honeysuckle House.

*Treatment:* Since the value of the Honeysuckle House is less than the amount owed on the EMC first deed of trust, then this lien shall be deemed satisfied pursuant to 11 U.S.C. §§105 and 1123(a)(5)(E), and automatically canceled, terminated and of no further force or effect without further act or action under any applicable agreement, law, regulation, order, or rule, provided however, that Raymond Farmer and Diane Farmer reserve the right to seek an Order from the Bankruptcy Court cancelling the lien.  To the extent Tomblin's Claim is Allowed, it shall be treated as a General Unsecured Claim in Class 14.

*Impairment and Voting:* Class 12 takes nothing under the Plan.  The holder of a Class 12 Claim is not entitled to vote and is deemed to have rejected the Plan.

*Estimated Recovery:* 0%

### Class 13: Wachovia Secured Claim (Honeysuckle Lot)

*Classification:* Class 13 consists of the Allowed Secured Claim of Wachovia.  Prior to the Petition Date, Wachovia held a first position deed of trust encumbering the Honeysuckle Lot.

*Treatment:* This obligation shall be treated as a secured obligation of Raymond Farmer and Diane Farmer at the value set forth in the Debtors' Schedules.  Payments on account of the Wachovia Allowed Secured Claim shall begin within ninety (90) days of the Effective Date and shall be paid monthly with interest at a fixed rate of 4.70% per annum, amortized over thirty (30) years, with no prepayment penalties.  Wachovia shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.

*Impairment and Voting:* Class 13 is impaired by the Plan.  The holders of Class 13 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 14: Raymond Farmer and Diane Farmer General Unsecured Claims

*Classification:* Class 14 consists of all Allowed General Unsecured Claims of creditors of Raymond Farmer and Diane Farmer.

*Treatment:* Class 14 Claims shall be paid their Pro Rata Share of an amount equal to the value of Raymond Farmer's and Diane Farmer's projected disposable income for a period of five (5) years as defined in section 1129(a)(15)(B) of the Bankruptcy Code.  Class 14 Claims will be paid from the relevant Distribution Reserve on a pro rata basis in semiannual installments with the first payment to be made within six (6) months of the Effective Date.  The Debtors reserve the right to satisfy their obligations under this paragraph in less than five (5) years.

*Impairment and Voting:* Class 14 is impaired by the Plan.  The holders of Class 14 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 0%

### Sub-Plan 3: Wildewood

### Class 15: Secured Tax Claims of Spartanburg County, South Carolina

*Classification:* Class 15 consists of the Allowed Secured Tax Claims of Spartanburg County, South Carolina.

*Treatment:* The holder of the Allowed Class 15 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 15 Claim and the Reorganized Debtors, or (c) upon the closing of the Sale of the Wildewood Apartments. The holder of the Allowed Class 15 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.

*Impairment and Voting:* Class 15 is impaired by the Plan.  The holders of Class 15 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 16: Palmetto Secured Claim

*Classification:* Class 16 consists of the Allowed Secured Claim of Palmetto.  Prior to the Petition Date, Palmetto asserted a first position mortgage encumbering the Wildewood Apartments.

*Treatment:* The Debtors and Palmetto have stipulated that Palmetto shall have an Allowed Secured Claim as set forth in the Palmetto Consent Order.  Joshua Farmer and Raymond Farmer will sell the Wildewood Apartments free and clear of liens, claims and interests pursuant to sections 363 and 1129(b)(2)(A)(iii) of the Bankruptcy Code, at an auction to be conducted after the Confirmation Hearing.  The sale will be closed in connection with the Plan

becoming effective. Palmetto shall have the right to submit a credit bid in connection with the Sale pursuant to section 363(k) of the Bankruptcy Code up to the full amount of its debt. Upon confirmation of the Plan, the Debtors and Palmetto have agreed that Palmetto will waive its Unsecured Deficiency Claim and its claim to a pro rata distribution of the Individual Debtors' projected disposable income as such term is defined under section 1129(a)(15) of the Bankruptcy Code.

*Impairment and Voting:* Class 16 is impaired by the Plan. The holders of Class 16 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 17: Harbour Finance Secured Claim

*Classification:* Class 17 consists of the Allowed Secured Claim of Harbour Finance. Harbour Finance has a second position mortgage encumbering Wildewood Apartments.

*Treatment:* To the extent the net proceeds from the Sale of the Wildewood Apartments exceeds the Palmetto Allowed Secured Claim, then Harbour Finance shall be paid the remainder of such net proceeds until its claim is paid in full. In the event of a distribution, Harbour Finance will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the Wildewood Apartments.

*Impairment and Voting:* Class 17 is impaired by the Plan. The holders of Class 17 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* Unknown

### Class 18: Wildewood General Unsecured Claims

*Classification:* Class 18 consists of all Allowed General Unsecured Claims of creditors of Wildewood.

*Treatment:* To the extent the net proceeds from the Sale of the Wildewood Apartments exceeds the Palmetto Allowed Secured Claim and Harbour Finance debt, then Class 18 Claims shall be paid their Pro Rata Share of such net proceeds. In the event of a distribution, Class 18 Claims will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the Wildewood Apartments.

*Impairment and Voting:* Class 18 is impaired by the Plan. The holders of Class 18 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* Unknown

### <u>Sub-Plan 4: Meadow Green</u>

### Class 19: Secured Tax Claims of Spartanburg County, South Carolina

*Classification:* Class 19 consists of the Allowed Secured Tax Claims of Spartanburg County, South Carolina.

*Treatment:* The holder of the Allowed Class 19 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 19 Claim and the Reorganized Debtors, or (c) upon the closing of the Sale of the Meadow Green Apartments. The holder of the Allowed Class 19 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.

*Impairment and Voting:* Class 19 is impaired by the Plan. The holder of a Class 19 Claim is entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 20: Palmetto Secured Claim

*Classification:* Class 20 consists of the Allowed Secured Claim of Palmetto. Prior to the Petition Date, Palmetto asserted a first position mortgage encumbering the Meadow Green Apartments.

*Treatment:* The Debtors and Palmetto have stipulated that Palmetto shall have an Allowed Secured Claim as set forth in the Palmetto Consent Order. Joshua Farmer and Raymond Farmer will sell the Meadow Green Apartments free and clear of liens, claims and interests pursuant to sections 363 and 1129(b)(2)(A)(iii) of the Bankruptcy Code, at an auction to be conducted after the Confirmation Hearing. The sale will be closed in connection with the Plan becoming effective. Palmetto shall have the right to submit a credit bid in connection with the Sale pursuant to section 363(k) of the Bankruptcy Code up to the full amount of its debt. Upon confirmation of the Plan, the Debtors and Palmetto have agreed that Palmetto will waive its Unsecured Deficiency Claim and its claim to a pro rata distribution of the Individual Debtors' projected disposable income as such term is defined under section 1129(a)(15) of the Bankruptcy Code.

*Impairment and Voting:* Class 20 is impaired by the Plan. The holders of Class 20 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

### Class 21: Reynolds Secured Claim

*Classification:* Class 21 consists of the Allowed Secured Claim of Reynolds. Prior to the Petition Date, Reynolds asserted a second position mortgage encumbering the Meadow Green Apartments.

*Treatment:* To the extent the net proceeds from the Sale of the Meadow Green Apartments exceeds the Palmetto Allowed Secured Claim, then Reynolds shall be paid the remainder of such net proceeds until his claim is paid in full. In the event of a distribution, Reynolds will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the Meadow Green Apartments.

*Impairment and Voting:* Class 21 is impaired by the Plan. The holders of Class 21 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* Unknown

### Class 22: Meadow Green General Unsecured Claims

*Classification:* Class 22 consists of all Allowed General Unsecured Claims of creditors of Meadow Green.

*Treatment:* To the extent the net proceeds from the Sale of the Meadow Green Apartments exceeds the Palmetto Allowed Secured Claim and Reynolds debt, then Class 22 Claims shall be paid their Pro Rata Share of such net proceeds. In the event of a distribution, Class 22 Claims will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the Meadow Green Apartments.

*Impairment and Voting:* Class 22 is impaired by the Plan. The holders of Class 22 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* Unknown

### Sub-Plan 5: East Ridge

### Class 23: Secured Tax Claims of Spartanburg County, South Carolina

*Classification:* Class 23 consists of the Allowed Secured Tax Claims of Spartanburg County, South Carolina.

*Treatment:* The holder of the Allowed Class 23 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 23 Claim and the Reorganized Debtors, or (c) upon the closing of the Sale of the East Ridge Apartments. The holder of the Allowed Class 23 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.

*Impairment and Voting:* Class 23 is impaired by the Plan. The holders of Class 23 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

### Class 24: Palmetto Secured Claim

*Classification:* Class 24 consists of the Allowed Secured Claim of Palmetto. Prior to the Petition Date, Palmetto asserted a first position mortgage encumbering the East Ridge Apartments.

*Treatment:* The Debtors and Palmetto have stipulated that Palmetto shall have an Allowed Secured Claim as set forth in the Palmetto Consent Order. Joshua Farmer and Raymond Farmer will sell the East Ridge Apartments free and clear of liens, claims and interests pursuant to sections 363 and 1129(b)(2)(A)(iii) of the Bankruptcy Code, at an auction to be conducted after the Confirmation Hearing. The sale will be closed in connection with the Plan becoming effective. Palmetto shall have the right to submit a credit bid in connection with the Sale pursuant to section 363(k) of the Bankruptcy Code up to the full amount of its debt. Upon confirmation of the Plan, the Debtors and Palmetto have agreed that Palmetto will waive its Unsecured Deficiency Claim and its claim to a pro rata distribution of the Individual Debtors' projected disposable income as such term is defined under section 1129(a)(15) of the Bankruptcy Code.

*Impairment and Voting:* Class 24 is impaired by the Plan. The holders of Class 24 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

*Class 25: Harbour Finance Secured Claim*
*Classification:* Class 25 consists of the Allowed Secured Claim of Harbour Finance. Prior to the Petition Date, Harbour Finance had a second position mortgage encumbering the East Ridge Apartments
*Treatment:* To the extent the net proceeds from the Sale of the East Ridge Apartments exceeds the Palmetto Allowed Secured Claim, then Harbour Finance shall be paid the remainder of such net proceeds until its claim is paid in full. In the event of a distribution, Harbour Finance will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the East Ridge Apartments.
*Impairment and Voting:* Class 25 is impaired by the Plan. The holders of Class 25 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* Unknown

*Class 26: ProBuild Secured Claim*
*Classification:* Class 26 consists of the ProBuild Secured Claim.
*Treatment:* ProBuild filed a mechanic's lien against the East Ridge Apartments but failed to timely perfect its lien. Since ProBuild failed to perfect its lien, the lien shall be canceled, terminated and of no further force or effect without further act or action under any applicable agreement, law, regulation, order, or rule, provided however, that the Debtors reserve the right to seek an Order from the Bankruptcy Court directing the applicable register of deeds to cancel the lien of record. To the extent ProBuild's Claim is Allowed, it shall be treated as a General Unsecured Claim in Class 27 below.
*Impairment and Voting:* Class 26 takes nothing under the Plan. The holders of Class 26 Claims are not entitled to vote and are deemed to have rejected the Plan.
*Estimated Recovery:* 0%

*Class 27: East Ridge General Unsecured Claims*
*Classification:* Class 27 consists of all Allowed General Unsecured Claims of creditors of East Ridge.
*Treatment:* To the extent the net proceeds from the Sale of the East Ridge Apartments exceeds the Palmetto Allowed Secured Claim and Harbour Finance debt, then Class 27 Claims shall be paid their Pro Rata Share of such net proceeds. In the event of a distribution, Class 27 Claims will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the East Ridge Apartments.
*Impairment and Voting:* Class 27 is impaired by the Plan. The holders of Class 27 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* Unknown

**Sub-Plan 6: Timbercreek**

*Class 28: Secured Tax Claims of Spartanburg County, South Carolina*
*Classification:* Class 28 consists of the Allowed Secured Tax Claims of Spartanburg County, South Carolina.
*Treatment:* The holder of the Allowed Class 28 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 28 Claim and the Reorganized Debtors, or (c) upon the closing of the Sale of the Timbercreek Apartments. The holder of the Allowed Class 28 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.
*Impairment and Voting:* Class 28 is impaired by the Plan. The holders of Class 28 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

*Class 29: Timbercreek Noteholders Secured Claim*
*Classification:* Class 29 consists of the Allowed Secured Claim of the Timbercreek Noteholders.
*Treatment:* The Debtors and the Timbercreek Noteholders have stipulated that the Timbercreek Noteholders shall have an Allowed Secured Claim as set forth in the Timbercreek Consent Order. Joshua Farmer and Raymond Farmer will sell the Timbercreek Apartments free and clear of liens, claims and interests pursuant to sections 363 and 1129(b)(2)(A)(iii) of the Bankruptcy Code, at an auction to be conducted after the Confirmation Hearing. The sale will be closed in connection with the Plan becoming effective. Timbercreek Noteholders shall have the right to submit a credit bid in connection with the Sale pursuant to section 363(k) of the Bankruptcy Code up to the full amount of its debt. Upon confirmation of the Plan, the Debtors and Timbercreek Noteholders have agreed that

Timbercreek Noteholders will waive their Unsecured Deficiency Claim(s) and their claim(s) to a pro rata distribution of the Individual Debtors' projected disposable income as such term is defined under section 1129(a)(15) of the Bankruptcy Code.

*Impairment and Voting:* Class 29 is impaired by the Plan. The holders of Class 29 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 30: Timbercreek General Unsecured Claims

*Classification:* Class 30 consists of all Allowed General Unsecured Claims of creditors of Timbercreek.

*Treatment:* To the extent the net proceeds from the Sale of the Timbercreek Apartments exceeds the Timbercreek Noteholders Allowed Secured Claim, then Class 30 Claims shall be paid their Pro Rata Share of such net proceeds. In the event of a distribution, Class 30 Claims will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the Timbercreek Apartments.

*Impairment and Voting:* Class 30 is impaired by the Plan. The holders of Class 30 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* Unknown

### Sub-Plan 7: Groves

### Class 31: Secured Tax Claims of Aiken County, South Carolina

*Classification:* Class 31 consists of the Allowed Secured Tax Claims of Aiken County, South Carolina.

*Treatment:* The Secured Tax Claims of Aiken County, South Carolina were satisfied by the Debtors during the Chapter 11 Cases.

*Impairment and Voting:* Class 31 is unimpaired by the Plan. The holders of Class 31 Claims are not entitled to vote and are deemed to have to accepted the Plan.

*Estimated Recovery:* N/A

### Class 32: Secured Tax Claims of City of North Augusta, South Carolina

*Classification:* Class 32 consists of the Allowed Secured Tax Claims of the City of North Augusta, South Carolina.

*Treatment:* The Secured Tax Claims of City of North Augusta, South Carolina were satisfied by the Debtors during the Chapter 11 Cases.

*Impairment and Voting:* Class 32 is unimpaired by the Plan. The holders of Class 32 Claims are not entitled to vote and are deemed to have accepted the Plan.

*Estimated Recovery:* N/A

### Class 33: Inland Secured Claim

*Classification:* Class 33 consists of the Allowed Secured Claim of Inland. Prior to the Petition Date, Inland had a validly perfected, first priority lien on the Groves Apartments and the leases, rents, profits and proceeds related to the Groves Apartments.

*Treatment:* The Debtors and Inland stipulated that Inland shall have an Allowed Secured Claim in the amount of $3,774,559.37. In March 2011, the Debtors conveyed the Groves Apartments to Inland's designee, IMCC North Augusta Groves, L.L.C., by tendering a Deed in Lieu of Foreclosure dated as of March 11, 2011 in full satisfaction of Inland's Allowed Secured Claim. The Debtors and Inland have agreed that Inland will waive an Unsecured Deficiency Claim and its claim to a pro rata distribution of the Individual Debtors' projected disposable income as such term is defined under section 1129(a)(15) of the Bankruptcy Code.

*Impairment and Voting:* Class 33 is unimpaired by the Plan. The holder of a Class 33 Claim is not entitled to vote and is deemed to have accepted the Plan.

*Estimated Recovery:* N/A

### Class 34: Groves General Unsecured Claims

*Classification:* Class 34 consists of all Allowed General Unsecured Claims of creditors of Groves.

*Treatment:* The holders of Allowed General Unsecured Claims of creditors of Groves will receive no distribution under the Plan.

*Impairment and Voting:* Class 34 receives nothing under the Plan. The holders of Class 34 Claims are not entitled to vote and are deemed to have rejected the Plan.

*Estimated Recovery:* 0%

**Sub-Plan 8: Georgetown**

*Class 35: Secured Tax Claims of Spartanburg County, South Carolina*
*Classification:* Class 35 consists of the Allowed Secured Tax Claims of Spartanburg County, South Carolina.
*Treatment:* The holder of the Allowed Class 35 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 35 Claim and the Reorganized Debtors, or (c) upon the closing of the Sale of the Georgetown Village Apartments. The holder of the Allowed Class 35 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.
*Impairment and Voting:* Class 35 is impaired by the Plan. The holders of Class 36 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

*Class 36: NAFH Secured Claim*
*Classification:* Class 36 consists of the Allowed Secured Claim of NAFH. Prior to the Petition Date, FNBS asserted a mortgage encumbering the Georgetown Village Apartments. On or about March 7, 2011, The Federal Deposit Insurance Corporation as Receiver for FNBS, assigned the loan and accompanying loan documents to NAFH.
*Treatment:* The Debtors and NAFH have stipulated that NAFH shall have an Allowed Secured Claim as set forth in the Georgetown Consent Order. Joshua Farmer and Raymond Farmer will sell the Georgetown Village Apartments free and clear of liens, claims and interests pursuant to sections 363 and 1129(b)(2)(A)(iii) of the Bankruptcy Code, at an auction to be conducted after the Confirmation Hearing. The sale will be closed in connection with the Plan becoming effective. NAFH shall have the right to submit a credit bid in connection with the Sale pursuant to section 363(k) of the Bankruptcy Code up to the full amount of its debt.
*Impairment and Voting:* Class 36 is impaired by the Plan. The holders of Class 36 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

*Class 37: GTV Investors Secured Claim*
*Classification:* Class 37 consists of the Allowed Secured Claim of GTV Investors. Prior to the Petition Date, GTV Investors asserted a second mortgage encumbering Georgetown Village Apartments.
*Treatment:* To the extent the net proceeds from the Sale of the Georgetown Village Apartments exceed the NAFH debt, then GTV Investors shall be paid the remainder of such net proceeds until its claim is paid in full. In the event of a distribution, GTV Investors will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the Georgetown Village Apartments.
*Impairment and Voting:* Class 37 is impaired by the Plan. The holders of Class 37 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* Unknown

*Class 38: Georgetown General Unsecured Claims*
*Classification:* Class 38 consists of all Allowed General Unsecured Claims of creditors of Georgetown.
*Treatment:* To the extent the net proceeds from the Sale of the Georgetown Village Apartments exceeds the NAFH Allowed Secured Claim and the GTV Investors debt, then Class 38 Claims shall be paid its Pro Rata Share of such net proceeds. In the event of a distribution, Class 38 Claims will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the Georgetown Village Apartments.
*Impairment and Voting:* Class 38 is impaired by the Plan. The holders of Class 38 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* Unknown

**Sub-Plan 9: Gaffney**

*Class 39: Secured Tax Claims of Cherokee County, South Carolina*
*Classification:* Class 39 consists of the Allowed Secured Tax Claims of Cherokee County, South Carolina.
*Treatment:* The holder of the Allowed Class 39 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 39 Claim and the

Reorganized Debtors, or (c) upon the closing of the Sale of the Creekside Apartments and Magnolia Ridge Apartments. The holder of the Allowed Class 39 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.
*Impairment and Voting:* Class 39 is impaired by the Plan. The holders of Class 39 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

### Class 40: Gaffney Noteholders Secured Claims
*Classification:* Class 40 consists of the Allowed Secured Claim of the Gaffney Noteholders. Prior to the Petition Date, Gaffney Noteholders asserted a first mortgage on the Creekside Apartments and Magnolia Ridge Apartments.
*Treatment:* The Debtors and the Gaffney Noteholders have stipulated that the Gaffney Noteholders shall have an Allowed Secured Claim as set forth in the Gaffney Consent Order. Joshua Farmer and Raymond Farmer will sell the Creekside Apartments and Magnolia Ridge Apartments free and clear of liens, claims and interests pursuant to sections 363 and 1129(b)(2)(A)(iii) of the Bankruptcy Code, at an auction to be conducted after the Confirmation Hearing. The sale will be closed in connection with the Plan becoming effective. Gaffney Noteholders shall have the right to submit a credit bid in connection with the Sale(s) pursuant to section 363(k) of the Bankruptcy Code up to the full amount of their debt. Upon confirmation of the Plan, the Debtors and Gaffney Noteholders have agreed that Gaffney Noteholders will waive their Unsecured Deficiency Claim(s) and their claim(s) to a pro rata distribution of the Individual Debtors' projected disposable income as such term is defined under section 1129(a)(15) of the Bankruptcy Code.
*Impairment and Voting:* Class 40 is impaired by the Plan. The holders of Class 40 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

### Class 41: Gaffney General Unsecured Claims
*Classification:* Class 41 consists of all Allowed General Unsecured Claims of creditors of Gaffney.
*Treatment:* To the extent the net proceeds from the Sale of the Creekside Apartments and Magnolia Ridge Apartments exceeds the Gaffney Noteholders Allowed Secured Claim(s), then Class 41 Claims shall be paid their Pro Rata Share of such net proceeds. In the event of a distribution, Class 41 Claims will be paid from the Sale proceeds as soon as practicable from the date of the entry of the Order approving the Sale of the Creekside Apartments and Magnolia Ridge Apartments.
*Impairment and Voting:* Class 41 is impaired by the Plan. The holders of Class 41 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* Unknown

### Sub-Plan 10: Two Mile Properties

### Class 42: Secured Tax Claims of Greenville County, South Carolina
*Classification:* Class 42 consists of the Allowed Secured Tax Claims of Greenville County, South Carolina.
*Treatment:* The holder of the Allowed Class 42 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 42 Claim and the Reorganized Debtors, (c) in connection with the Sale of the Addison Townhomes; or (d) in annual Cash payments commencing twelve (12) months after the Effective Date, in an aggregate amount equal to such Allowed Secured Tax Claim as required by Section 1129(a)(9)(D) of the Bankruptcy Code, within five (5) years of the Petition Date. The holder of the Allowed Class 42 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.
*Impairment and Voting:* Class 42 is impaired by the Plan. The holders of Class 42 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

### Class 43: Secured Tax Claims of Cherokee County, South Carolina
*Classification:* Class 43 consists of the Allowed Secured Tax Claims of Cherokee County, South Carolina.
*Treatment:* The holder of the Allowed Class 43 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 43 Claim and the

Reorganized Debtors, or (c) in annual Cash payments commencing twelve (12) months after the Effective Date, in an aggregate amount equal to such Allowed Secured Tax Claim as required by Section 1129(a)(9)(D) of the Bankruptcy Code, within five (5) years of the Petition Date. The holder of the Allowed Class 43 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.

*Impairment and Voting:* Class 43 is impaired by the Plan. The holders of Class 43 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 44: Secured Tax Claims of Rutherford County, North Carolina

*Classification:* Class 44 consists of the Allowed Secured Tax Claims of Spartanburg County, South Carolina.

*Treatment:* The holder of the Allowed Class 44 Claim shall be paid its Allowed Secured Tax Claim, at the option of the Reorganized Debtors: (a) in full, in Cash, on the Effective Date or as soon as practicable thereafter; (b) upon such other terms as may be mutually agreed upon between such holder of the Allowed Class 44 Claim and the Reorganized Debtors, or (c) in annual Cash payments commencing twelve (12) months after the Effective Date, in an aggregate amount equal to such Allowed Secured Tax Claim as required by Section 1129(a)(9)(D) of the Bankruptcy Code, within five (5) years of the Petition Date. The holder of the Allowed Class 44 Claim shall retain its existing liens, privileges and encumbrances, which shall retain the same validity, priority and extent that existed on the Petition Date.

*Impairment and Voting:* Class 44 is impaired by the Plan. The holders of Class 44 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 45: FNB Secured Claim(s) (Winchester Drive Houses)

*Classification:* Class 45 consists of the Allowed Secured Claim of FNB.

*Treatment:* FNB and the Debtors have stipulated that this claim shall be treated as a secured obligation of Two Mile Properties Newco in the amount of $140,000.00. Payments on account of the FNB's Allowed Secured Claim shall begin within thirty (30) days of the Effective Date and shall be made monthly from the revenues generated by the Winchester Drive Houses, at the fixed rate of interest of five percent (5%), for a period of six (6) months. Thereafter, payments shall be made monthly at the fixed rate of interest of five percent (5%), amortized over a period of fifteen (15) years. The restructured loan will mature five (5) years from the Effective Date, with no prepayment penalties. FNB shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.

*Impairment and Voting:* Class 45 is impaired by the Plan. The holders of Class 45 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 46: FNB Secured Claim(s) (Mayse Road Houses)

*Classification:* Class 46 consists of the Allowed Secured Claims of FNB.

*Treatment:* FNB and the Debtors have stipulated that this claim shall be treated as a secured obligation of Two Mile Properties Newco in the amount of $415,000.00. Payments on account of the FNB secured claim shall begin within thirty (30) days of the Effective Date and shall be made monthly from the revenues generated by the Mayse Road Houses, at the fixed rate of interest of five percent (5%), for a period of six (6) months. Thereafter, payments shall be made monthly at the fixed rate of interest of five percent (5%), amortized over a period of fifteen (15) years. The restructured loan will mature five (5) years from the Effective Date, with no prepayment penalties. FNB shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.

*Impairment and Voting:* Class 46 is impaired by the Plan. The holders of Class 46 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 47: First South Secured Claim (Creekside Mini-Storage)

*Classification:* Class 47 consists of the Allowed Secured Claim of First South. Prior to the Petition Date, First South had a first priority mortgage encumbering the Creekside Mini-Storage.

*Treatment:* First South and the Debtors have stipulated that this claim shall be treated as a secured obligation of Two Mile Properties Newco in the amount of $229,000.00. Payments on account of the First South Allowed

Secured Claim shall commence within thirty (30) days of the Effective Date and shall be made monthly from the revenues generated by the Creekside Mini-Storage, at the fixed rate of interest of five percent (5%), for a period of six (6) months. Thereafter, payments shall be made monthly at the fixed rate of interest of five percent (5%), amortized over a period of twenty (20) years. The restructured loan will mature five (5) years from the Effective Date, with no prepayment penalties. First South shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein. *Impairment and Voting:* Class 47 is impaired by the Plan. The holders of Class 47 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

### Class 48: Miller Secured Claim (Creekside Mini-Storage)
*Classification:* Class 48 consists of the Allowed Secured Claim of Miller. Prior to the Petition Date, Miller had a second position mortgage encumbering the Creekside Mini-Storage.
*Treatment:* Since the value of the Creekside Mini-Storage does not exceed the amount of the debt secured by the First South first deed of trust, then this lien shall be deemed satisfied pursuant to 11 U.S.C. §§105 and 1123(a)(5)(E), and automatically canceled, terminated and of no further force or effect without further act or action under any applicable agreement, law, regulation, order, or rule, provided however, the Debtors reserve the right to seek an Order from the Bankruptcy Court cancelling the lien. To the extent Miller's Claim is Allowed, it shall be treated as a General Unsecured Claim in Class 62 below.
*Impairment and Voting:* Class 48 takes nothing under the Plan. The holders of Class 48 Claims are not entitled to vote and are deemed to have rejected the Plan.
*Estimated Recovery:* 0%

### Class 49: Palmetto Secured Claim (Addison Townhomes)
*Classification:* Class 49 consists of the Allowed Secured Claim of Palmetto.
*Treatment:* The Debtors and Palmetto have stipulated that Palmetto shall have an Allowed Secured Claim as set forth in the Palmetto Consent Order. Joshua Farmer and Raymond Farmer will sell the Addison Townhomes free and clear of liens, claims and interests pursuant to sections 363 and 1129(b)(2)(A)(iii) of the Bankruptcy Code, at an auction to be conducted after the Confirmation Hearing. The sale will be closed in connection with the Plan becoming effective. Palmetto shall have the right to submit a credit bid in connection with the sale pursuant to section 363(k) of the Bankruptcy Code up to the full amount of the debt secured by Addison Townhomes. Upon confirmation of the Plan, the Debtors and Palmetto have agreed that Palmetto will waive its Unsecured Deficiency Claim and its claim to a pro rata distribution of the Individual Debtors' projected disposable income as such term is defined under section 1129(a)(15) of the Bankruptcy Code.
*Impairment and Voting:* Class 49 is impaired by the Plan. The holders of Class 49 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

### Class 50: Palmetto Secured Claim(s) (Office and Warehouse)
*Classification:* Class 50 consists of the Allowed Secured Claim of Palmetto.
*Treatment:* Upon the Effective Date of the Plan, title to the Office/Warehouse shall re-vest in the names of Joshua and Andrea Farmer and Ray and Diane Farmer. Palmetto shall have an allowed secured claim in the amount of $611,000. Monthly payments shall commence within thirty (30) days of the Effective Date of the Plan at the fixed rate of interest of seven percent (7.00%), with the principal balance of the restructured loan amortized over a period of twenty-five (25) years. The restructured loan will mature three (3) years from the Effective Date of the Plan. Palmetto shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.
**Impairment and Voting:** Class 50 is impaired by the Plan. The holders of Class 50 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

### Class 51: Alliance Secured Claim(s)
*Classification:* Class 51 consists of the Allowed Secured Claim of Alliance. Prior to the Petition Date, Alliance had a purchase money security interest in eight (8) speed queen washing machines and four (4) speed queen stack dryers (the "Alliance Collateral"). The Alliance Collateral is valued at $11,328.00.

***Treatment:*** Alliance and the Debtors have stipulated that Alliance shall have an Allowed Secured Claim in the amount of $11,328.00. Upon confirmation of the Plan, the Debtors will tender the Alliance Collateral to Alliance in full satisfaction of its Allowed Secured Claim. Alliance shall have an Allowed Unsecured Deficiency Claim in the amount of $12,611.42, which will be treated in Class 62 below.
***Impairment and Voting:*** Class 51 is unimpaired by the Plan. The holder of a Class 51 Claim is not entitled to vote and is deemed to have accepted the Plan.
***Estimated Recovery:*** 100%

### Class 52: Baytree Secured Claim
***Classification:*** Class 52 consists of the Allowed Secured Claim of Baytree. Baytree has a purchase money security interest in a Boxxer 421 carpet cleaning machine and related supplies (the "Baytree Collateral").
***Treatment:*** This obligation shall be treated as a secured obligation of Two Mile Properties Newco of the value set forth in the Debtors' Schedules. Payments on account of the Baytree secured claim shall begin within ninety (90) days of the Effective Date and shall be made monthly from the business and operations of Two Mile Properties Newco, as follows: (i) with interest payments of 5.25% per annum, amortized over a period of seventy-two (72) months, or (ii) on such other terms as may be agreed upon by the Debtors and Baytree. Baytree shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein. To the extent the amount of its Allowed Claim exceeds the amount of its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim shall be treated in Class 62 below.
***Impairment and Voting:*** Class 52 is impaired by the Plan. The holders of Class 52 Claims are entitled to vote to accept or reject the Plan.
***Estimated Recovery:*** 100%

### Class 53: FNB Secured Equipment Claim
***Classification:*** Class 53 consists of the Allowed Secured Claim of FNB. FNB holds a purchase money security interest in equipment as evidenced by a UCC financing statement filed with the North Carolina Secretary of State, file no. 20080016560 and in three (3) twenty (20) foot cargo trailers (the "FNB Equipment Collateral").
***Treatment:*** At the Debtors' option, the FNB Equipment Collateral will either be: (i) sold with the net proceeds of the sale to be paid to FNB, or (ii) treated as a secured obligation of Two Mile Properties Newco in the amount of $70,000.00. In the event the FNB Equipment Collateral is retained under option (ii), then payments on account of the FNB secured equipment claim shall commence within thirty (30) days of the Effective Date and shall be made monthly from the business and operations Two Mile Properties Newco, at the fixed rate of interest of five and one-quarter percent (5.25%), for a period of six (6) months. Thereafter, payments shall be made monthly at the fixed rate of interest of five and one-quarter percent (5.25%), amortized over a period of seven (7) years. The restructured loan will mature five (5) years from the Effective Date, with no prepayment penalties. FNB shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein. To the extent FNB's Allowed Claim exceeds its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim will be treated in Class 62 below.
***Impairment and Voting:*** Class 53 is impaired by the Plan. The holders of Class 53 Claims are entitled to vote to accept or reject the Plan.
***Estimated Recovery:*** 100%

### Class 54: GMAC Secured Claim (2008 Chevrolet Silverado 3500 Flat Bed)
***Classification:*** Class 54 consists of the Allowed Secured Claim of GMAC. Prior to the Petition Date, GMAC has a purchase money security interest in a 2008 Chevrolet Silverado 3500 Flat Bed Truck.
***Treatment:*** This obligation shall be treated as a secured obligation of Two Mile Properties Newco in the amount set forth in the Debtors' Schedules, less the amount of any pre-confirmation adequate protection payments. Payments on account of the GMAC secured claim shall begin within ninety (90) days of the Effective Date and shall be made monthly from the business and operations of the Two Mile Properties Newco, as follows: (i) with interest payments of 5.25% per annum, amortized over a period of seventy-two (72) months, or (ii) on such other terms as may be agreed upon by the Debtors and GMAC. GMAC shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein.
***Impairment and Voting:*** Class 54 is impaired by the Plan. The holders of Class 54 Claims are entitled to vote to accept or reject the Plan.
***Estimated Recovery:*** 100%

*Class 55: GMAC Secured Claim (2007 Chevrolet Silverado 2500 HD VIN:8682)*
*Classification:* Class 55 consists of the Allowed Secured Claim of GMAC. GMAC has a purchase money security interest in a 2007 Chevrolet Silverado 2500 HD VIN:8682.
*Treatment:* This obligation shall be treated as a secured obligation of Two Mile Properties Newco in the amount set forth in the Debtors' Schedules, less the amount of any pre-confirmation adequate protection payments. Payments on account of the GMAC secured claim shall begin within ninety (90) days of the Effective Date and shall be made monthly from the business and operations of the Two Mile Properties Newco, as follows: (i) with interest payments of 5.25% per annum, amortized over a period of seventy-two (72) months, or (ii) on such other terms as may be agreed upon by the Debtors and GMAC. GMAC shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein. To the extent GMAC's Allowed Secured Claim exceeds its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim shall be treated in Class 62 below.
*Impairment and Voting:* Class 55 is impaired by the Plan. The holders of Class 55 Claims are entitled to vote to accept or reject the Plan.
*Estimated Recovery:* 100%

*Class 56: GMAC Secured Claim (2007 Chevrolet Silverado 2500 HD VIN:8398)*
*Classification:* Class 56 consists of the Allowed Secured Claim of GMAC. GMAC has a purchase money security interest in a 2007 Chevrolet Silverado 2500 HD VIN:8398.
*Treatment:* GMAC shall have an Allowed Secured Claim in the amount set forth in the Debtors' Schedules, less the amount of any pre-confirmation adequate protection payments. Within ninety (90) days of the Effective Date, the vehicle will be tendered to GMAC in full satisfaction of its Allowed Secured Claim. To the extent the amount of GMAC's Allowed Claim exceeds the amount of its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim shall be treated in Class 62 below.
*Impairment and Voting:* Class 56 is unimpaired by the Plan. The holder of a Class 56 Claim is not entitled to vote and is deemed to have accepted the Plan.
*Estimated Recovery:* 100%

*Class 57: John Deere Secured Claim*
*Classification:* Class 57 consists of the Allowed Secured Claim of John Deere. John Deere has a purchase money security interest in a commercial walk-behind mower (the "John Deere Collateral").
*Treatment:* John Deere shall have an Allowed Secured Claim in the amount set forth in the Debtors' Schedules. Within ninety (90) days of the Effective Date, the John Deere Collateral will be tendered to John Deere in full satisfaction of its Allowed Secured Claim. To the extent the amount of John Deere's Allowed Claim exceeds the amount of its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim shall be treated in Class 62 below.
*Impairment and Voting:* Class 57 is unimpaired by the Plan. The holder of a Class 57 Claim is not entitled to vote and is deemed to have accepted the Plan.
*Estimated Recovery:* 100%

*Class 58: Land Rover Secured Claim*
*Classification:* Class 58 consists of the Allowed Secured Claim of Land Rover. Land Rover has a purchase money security interest in a 2008 Land Rover-Range Rover. The value of the Land Rover is $60,473.36.
*Treatment:* Land Rover shall have an Allowed Secured Claim in the amount of $60,473.36. Within ninety (90) days of the Effective Date, the vehicle will be tendered to Land Rover in full satisfaction of its Allowed Secured Claim.
*Impairment and Voting:* Class 58 is unimpaired by the Plan. The holder of a Class 58 Claim is not entitled to vote and is deemed to have accepted the Plan.
*Estimated Recovery:* 100%

*Class 59: Toyota Finance Secured Claim (2008 Toyota Prius VIN:6921)*
*Classification:* Class 59 consists of the Allowed Secured Claim of Toyota Finance. Toyota Finance has a purchase money security interest in a 2008 Toyota Prius VIN:6921.
*Treatment:* This obligation shall be treated as a secured obligation of Joshua Farmer in the amount set forth in the Debtors' Schedules, less the amount of any pre-confirmation adequate protection payments. Payments on account of the Toyota Finance Allowed Secured Claim shall begin within ninety (90) days of the Effective Date and shall be

made monthly, as follows: (i) with interest payments of 5.25% per annum, amortized over a period of seventy-two (72) months, or (ii) on such other terms as may be agreed upon by Joshua Farmer and Toyota Finance. Toyota Finance shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein. To the extent Toyota Finance's Allowed Claim exceeds the value of its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim shall be treated in Class 62 below.

*Impairment and Voting:* Class 59 is impaired by the Plan. The holders of Class 59 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 60: Toyota Finance Secured Claim (2008 Toyota Prius VIN:8801)

*Classification:* Class 60 consists of the Allowed Secured Claim of Toyota Finance. Toyota Finance has a purchase money security interest in a 2008 Toyota Prius VIN:8801.

*Treatment:* This obligation shall be treated as a secured obligation of Diane Farmer in the amount set forth in the Debtors' Schedules, less the amount of any pre-confirmation adequate protection payments. Payments on account of the Toyota Finance Allowed Secured Claim shall begin within ninety (90) days of the Effective Date and shall be made monthly, as follows: (i) with interest payments of 5.25% per annum, amortized over a period of seventy-two (72) months, or (ii) on such other terms as may be agreed upon by Diane Farmer and Toyota Finance. Toyota Finance shall retain its liens with the priority thereof, as they existed on the Petition Date pursuant to §1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until their claims are paid as set forth herein. To the extent Toyota Finance's Allowed Claim exceeds the value of its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim shall be treated in Class 62 below.

*Impairment and Voting:* Class 60 is impaired by the Plan. The holders of Class 60 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 61: Wells Fargo Secured Claim

*Classification:* Class 61 consists of the Allowed Secured Claim of Wells Fargo. Wells Fargo has a purchase money security interest in a Toshiba Copier e-studio 2500C (the "Wells Fargo Collateral").

*Treatment:* Wells Fargo shall have an Allowed Secured Claim in the amount set forth in the Debtors' Schedules. Within ninety (90) days of the Effective Date, the Wells Fargo Collateral will be tendered to Wells Fargo in full satisfaction of its Allowed Secured Claim. To the extent the Wells Fargo Allowed Claim exceeds the amount of its Allowed Secured Claim, then the resulting Unsecured Deficiency Claim shall be treated in Class 62 below.

*Impairment and Voting:* Class 61 is impaired by the Plan. The holders of Class 61 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 100%

### Class 62: Two Mile Properties General Unsecured Claims

*Classification:* Class 62 consists of all Allowed General Unsecured Claims of creditors of the former Two Mile Properties LLC.

*Treatment:* Class 62 Claims shall be paid their Pro Rata Share of an amount equal to the value of the following: (i) the net monthly cash flow of Two Mile Properties Newco for a period of three (3) years from the Effective Date; (ii) the New Value contributed by the Debtors as discussed in Section 4.3 of this Plan, and (iii) the net proceeds from the sale of the Two Mile Properties Liquidated Assets. The projected value of the foregoing totals $70,493.00. Class 62 Claims will be paid from the Distribution Reserve on a pro rata basis in semi-annual installments with the first payment to be made within one year of the Effective Date.

*Impairment and Voting:* Class 62 is impaired by the Plan. The holders of Class 62 Claims are entitled to vote to accept or reject the Plan.

*Estimated Recovery:* 1.5%

| Item # | Description | Debtor | Spouse | Notes |
|---|---|---|---|---|
| | Joshua & Andrea Farmer - March 11, 2011 | | | |
| | Income | | | |
| 1 | Monthly Gross Wages | 5,000.00 | 5,000.00 | From Law Firm |
| 2 | Estimated Overtime | - | - | |
| 4 | Payroll Deductions | | | |
| 6 | **Net Take Hown Pay** | 5,000.00 | 5,000.00 | |
| 7 | Income from Operation of Business | - | - | |
| 8 | Income from Real Property | 4,500.00 | - | Rental - Office/Warehouse |
| 9 | Interest & Dividends | - | - | |
| 10 | Alimony, Maintenance & Support | - | - | |
| 11 | Social Security or Other Governmental Assistance | - | - | |
| 12 | Pension/Retirement | - | - | |
| 13 | Other Monthly Income | 1,000.00 | - | Rental - Bsmt. Apt. |
| 14 | Subtotal Lines 7 through 13 | 5,500.00 | - | |
| 15 | **Average Monthly Income** | 10,500.00 | 5,000.00 | |
| 16 | **Combined Average Monthly Income** | 15,500.00 | | |
| 17 | Describe any expected increase or decrease | None | | |
| | Expenses | Household | | |
| 1 | House Payment | 2,480.00 | | |
| 2a | Utilities:  Electricity | 250.00 | | |
| 2b | Utilities:  Water & Sewer | 100.00 | | |
| 2c | Utilities:  Other | - | | |
| 3 | Home Maintenance | 200.00 | | |
| 4 | Food | 800.00 | | |
| 5 | Clothing | 300.00 | | |
| 6 | Laundry/Dry Cleaning | 100.00 | | |
| 7 | Medical & Dential Expenses | 225.00 | | |
| 8 | Transportation | 500.00 | | |
| 9 | Recreation, etc. | 100.00 | | |
| 10 | Charitable Contributions | 1,500.00 | | |
| 11a | Insurance:  Homeowners's | - | | |
| 11b | Insurance:  Life | 100.00 | | |
| 11c | Insurance:  Health | - | | |
| 11d | Insurance:  Auto | 100.00 | | |
| 11e | Insurance:  Other | - | | |
| 12 | Taxes - Income & Self-Employment | 2,000.00 | | |
| 13a | Installment Payments:  Auto | 775.00 | | Audi A8L & Toyota Prius |
| 13b | Installment Payments:  Other | 67.42 | | Honeysuckle Lot |
| 14 | Alimony, Maintenance & Support | - | | |
| 15 | Payments for Support of Dependents not at Home | - | | |
| 16 | Regular Expenses from Operation of Business | 4,318.42 | | Office/Warehouse Paymer |
| 17 | Other | 500.00 | | Childcare |
| 18 | **Average Monthly Expenses** | 14,415.84 | | |
| 19 | Describe any expected increase or decrease | None | | |
| 20 | Statement of Monthly Income | | | |
| 20a | **Average Monthly Income (from Line 15 of Sch. I)** | 15,500.00 | | |
| 20b | **Average Monthly Expenses (from Line 18 above)** | 14,415.84 | | |
| 20c | **Monthly Net Income (a minus b)** | 1,084.16 | | |



EXHIBIT

F

| Item # | Description | Debtor | Spouse | Notes |
|---|---|---|---|---|
| | Raymond & Diane Farmer - March 11, 2011 | | | |
| | Income | | | |
| 1 | Monthly Gross Wages | 2,383.15 | 2,383.15 | Carlson-Farmer |
| 2 | Estimated Overtime | - | - | |
| 4 | Payroll Deductions | 134.68 | 726.21 | |
| 6 | **Net Take Hown Pay** | 2,248.47 | 1,656.94 | |
| 7 | Income from Operation of Business | - | - | |
| 8 | Income from Real Property | - | - | |
| 9 | Interest & Dividends | - | - | |
| 10 | Alimony, Maintenance & Support | - | - | |
| 11 | Social Security or Other Governmental Assistance | - | 1,200.00 | Starting Next Month |
| 12 | Pension/Retirement | - | - | |
| 13 | Other Monthly Income | 850.00 | 483.00 | HH Contribution & Teaching Salary |
| 14 | Subtotal Lines 7 through 13 | 850.00 | 1,683.00 | |
| 15 | **Average Monthly Income** | 3,098.47 | 3,339.94 | |
| 16 | **Combined Average Monthly Income** | 6,438.41 | | |
| 17 | Describe any expected increase or decrease | None | | |
| | Expenses | Household | | |
| 1 | House Payment | 1,650.00 | | |
| 2a | Utilities:  Electricity | 650.00 | | |
| 2b | Utilities:  Water & Sewer | 185.00 | | |
| 2c | Utilities:  Other | 300.00 | | |
| 3 | Home Maintenance | 200.00 | | |
| 4 | Food | 700.00 | | |
| 5 | Clothing | 200.00 | | |
| 6 | Laundry/Dry Cleaning | 75.00 | | |
| 7 | Medical & Dential Expenses | 350.00 | | |
| 8 | Transportation | 400.00 | | |
| 9 | Recreation, etc. | 100.00 | | |
| 10 | Charitable Contributions | 965.76 | | |
| 11a | Insurance:  Homeowners's | - | | |
| 11b | Insurance:  Life | 200.00 | | |
| 11c | Insurance:  Health | - | | |
| 11d | Insurance:  Auto | 62.00 | | |
| 11e | Insurance:  Other | - | | |
| 12 | Taxes - Income & Self-Employment | - | | |
| 13a | Installment Payments:  Auto | 260.00 | | Toyota Prius |
| 13b | Installment Payments:  Other | - | | |
| 14 | Alimony, Maintenance & Support | - | | |
| 15 | Payments for Support of Dependents not at Home | - | | |
| 16 | Regular Expenses from Operation of Business | - | | |
| 17 | Other | - | | |
| 18 | **Average Monthly Expenses** | 6,297.76 | | |
| 19 | Describe any expected increase or decrease | None | | |
| 20 | Statement of Monthly Income | | | |
| 20a | **Average Monthly Income (from Line 15 of Sch. I)** | 6,438.41 | | |
| 20b | **Average Monthly Expenses (from Line 18 above)** | 6,297.76 | | |
| 20c | **Monthly Net Income (a minus b)** | 140.65 | | |



EXHIBIT
G
tabbies

| Two Mile Properties PDI | | | | |
|---|---|---|---|---|
| | Properties | Services | | |
| Property Rental Income | 8,900 | 6,200 | | |
| | | | | |
| Operating Expenses | | | | |
| Auto | - | 500 | | |
| Advertising | 300 | | | |
| Repairs | 250 | | | |
| Insurance | 505 | | | |
| Rent | - | 1,500 | | |
| Salaries and Benefits | - | 2,500 | | |
| Taxes | 960 | | | |
| Total Operating Expenses | 2,015 | 4,500 | | |
| | | | | |
| Net Operating Income | 6,885 | 1,700 | | |
| | | | | |
| Bank Payments | 5,876 | 1,612 | | |
| | | | | |
| Cash Flow | 1,009 | 88 | | |
| | | | | |
| Total Cash Flow | 1,097 | | | |
| | | | | |
| New Loans | Amount | Rate | Amort. | Payment |
| Mayse Road | 415,000 | 5.00% | 180 | 3,268 |
| Winchester Drive | 140,000 | 5.00% | 180 | 1,103 |
| Creekside Mini-Storage | 229,000 | 5.00% | 240 | 1,505 |
| GMAC 3500 | 16,625 | 5.25% | 72 | 269 |
| GMAC 2500 | 13,700 | 5.25% | 72 | 221 |
| First National Bank Equip | 70,000 | 5.25% | 84 | 993 |
| Baytree Leasing | 8,000 | 5.25% | 72 | 129 |



EXHIBIT

H

tabbies

| Projected Disposable Income Calculation | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Monthly PDI | Plan PDI | Estimated Auction Proceeds | New Value | Priority Claims | General Unsecured Creditor Pool (Est.) | % Distribution to Unsecured Creditors (Est.) | Notes |
| Josh and Andrea (Personal) | 1,084 | 65,050 | - | - | 80,820 | 6,117,514 | 0.00% | |
| Ray and Diane (Personal) | 141 | 8,439 | - | - | 67,877 | 5,257,357 | 0.00% | |
| Two Mile Properties, LLC | 1,097 | 39,493 | 21,000 | 10,000 | - | 4,760,767 | 1.48% | |
| | 112,982 | | 21,000 | 10,000 | 148,697 | 16,135,639 | | |



EXHIBIT