IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>JOSHUA and ANDREA FARMER<br><br>　　　　　　Debtors. | § § § § § § | CASE NO.: 10-40270<br>CHAPTER 11 |
| IN RE:<br><br>RAYMOND and DIANE FARMER<br><br>　　　　　　Debtors. | § § § § § | CASE NO.: 10-40269<br>CHAPTER 11 |

## **OBJECTION TO SECOND AMENDED DISCLOSURE STATEMENT**

NOW COMES Toby Tomblin and The Estate of Janet L. Tomblin (deceased) (collectively "Tomblin"), by and through its undersigned counsel, and objects to the Debtor's Second Amended Disclosure Statement and shows the Court as follows:

1. That Tomblin is a duly scheduled creditor in this proceeding with secured claims.

2. That the definition of "Effective Date" is ambiguous.

3. That the Disclosure Statement fails to estimate Allowed Administrative Claims, including professional fees.

4. That the Disclosure Statement fails to provide estimates as to the amount due to each class of claim.

5. That the Disclosure Statement fails to adequately estimate the anticipated payments to Tomblin and fails to explain the treatment of Tomblin's claims

6. That Tomblin is unable to make a determination as to feasibility of the Debtor's proposed plan because the Debtors' financial information is incomplete – specifically including, but not necessarily limited to, the nature, source, and projected amount of the Debtors' disposable income and the projected Net Income of Two Mile - and does not reflect the ability of the Debtors to maintain sufficient income to fund a plan.

7. Tomblin request the Court to require to Debtor to amend the disclosure statement to present the Debtors' income after the filing of their petitions and a better disclosure of the basis of the Debtors' anticipated income in the future including, but not limited, income and rental projections.

8. That the Debtors should be required to disclose the reason for dramatically changing the treatment of Tomblin from a fully secured creditor on a one-half undivided interest to a wholly unsecured creditor.

9. Because of the size of the Second Amended Disclosure Statement, Tomblin requests the Court to require the Debtors to provide a summary of the changes made to the First Amended Disclosure Statement in order to determine if the concerns of Tomblin and other creditors have been addressed.

10. Tomblin continues to investigate this matter and reserves the right to raise further objections to the Disclosure Statement as designated by this Court.

WHEREFORE, Tomblin requests the Court to deny approval of the Debtors' Disclosure Statement, that the Debtors be required to address the concerns of Tomblin and other creditors in this case, and for such other and further relief as the Court deems just and proper.

THIS the 18th day of April, 2011.

VAN WINKLE, BUCK, WALL,
STARNES AND DAVIS, P.A.

By:   /s/ Mark A. Pinkston
MARK A. PINKSTON
State Bar. No. 16789
Attorney for Macon Bank
Post Office Box 7376
Asheville, North Carolina  28802
(828) 258-2991 (Telephone)
(828) 257-2767 (Facsimile)

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served the foregoing Objection to Second Amended Disclosure Statement in the above-entitled action upon all other parties to this cause by depositing a copy hereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, addressed as follows or as electronically filed:

| | |
|---|---|
| Andrew T. Houston | served electronically |
| O. Max Gardner, III | served electronically |
| Richard S. Wright | served electronically |
| Travis W. Moon | served electronically |
| US Bankruptcy Administrator | served electronically |

THIS the 18th day of April, 2011.

s/ Mark A. Pinkston
Mark A. Pinkston
DMS:4819-0274-8681v1|34062-34062-0001|4/18/2011