UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| RAYMOND B. FARMER and DIANE P. FARMER, ) | CASE NO. 10-40269 |
| JOSHUA FARMER and ANDREA FARMER, ) | CASE NO. 10-40270 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

## OBJECTION TO CONFIRMATION OF PLAN

BAC Home Loans Servicing, L.P., its assignees and/or successors in interest, Secured Creditor in the above-entitled Bankruptcy proceeding, holds a lien on the following subject property generally described as **422 Pelican Flight Drive, Dewees Island, South Carolina** (hereinafter the "real property") and hereby submits the following Objection to Debtors' Plan of Reorganization:

### I. INTRODUCTION

Debtors Joshua and Andrea Farmer, along with Raymond and Diane Farmer (hereinafter "Debtors") filed their Voluntary Joint Chapter 11 Petition in Bankruptcy with this Court on or about April 05, 2010.

Secured Creditor filed a secured proof of claim in the sum of $986,896.88 in regards to the Subject Property. The amount due on the Note and Mortgage secured by the real property have continued to accrue since the filing of Debtors' Chapter 11 Petition.

### II. THE PLAN IS TOO VAGUE TO BE CONFIRMED

The proposed plan treatment for the Secured Creditor is unduly vague. The Plan states that at the option of Secured Creditor the Debtors' interest in the Subject Property will upon

1

confirmation of the Plan either re-vest in the names of Joshua Farmer and Andrea Farmer with the Debtors to make no payments or will be transferred to the co-owners of the Subject property by quitclaim deed with the Debtors to make no payments. Secured Creditor believes that this treatment is confusing and vague, and wants to specifically know who will be making the payments on the Subject Property.

### III. THE DEBTORS' PLAN VIOLATES 11 U.S.C. § 1129(B)(2)(a) AND 11 U.S.C. §1129(a)(7) AND THEREFORE CONFIRMATION SHOULD BE DENIED

In order to confirm a plan over the objection of an impaired secured creditor, the plan must not discriminate unfairly and must be fair and equitable with respect to the secured claim. 11 U.S.C. §1129(b)(2). At a minimum "fair and equitable" means that Secured Creditors must receive the indubitable equivalent of his claim. Sandy Ridge Development Corp. v. Louisiana National Bank, 881 F.2d 1346, 1349-50 (5th Cir. 1989). 11 U.S.C. §1129 (b)(2)(A)(iii) of the section entitled "Confirmation of Plan" states:

> (2) the condition that a plan be fair and equitable with respect to a class includes the following requirement[]:
>
> (A) With respect to a class of secured claims, the plan provides—
>
> (iii) for the realization by such holders of the indubitable equivalent of such claims.

11 U.S.C. §1129 (b)(2)(A)(iii) (emphasis added).

In addition, 11 U.S.C. §1129(a)(7) states:

With respect to each impaired class of claims or interests—

> (A) each holder of a claim or interest of such class—
>
> (i) has accepted the plan; or
>
> (ii) will receive or retain under the plan on account of such claim

2

or interest property of a value, as of the effective date of the plan, that is <u>not less than the amount that such holder would so receive or retain if the Debtors were liquidated under chapter 7 of this title on such date</u>; or

<u>11 U.S.C. §1129(a)(7)</u> (emphasis added).

As Secured Creditor has not accepted Debtors' Plan, Secured Creditor must "under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is <u>not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date</u>." <u>11 U.S.C. §1129(a)(7)</u>

However, Debtors fail to offer Secured Creditor the <u>indubitable equivalent of its claim</u> or the <u>liquidation amount</u> under the proposed Disclosure Statement and Plan of Reorganization. In regard to the Subject Property the Debtors only list the lien held by Chase Manhattan Mortgage and fail to provide for Secured Creditor's Claim whatsoever.

Debtors do not offer Secured Creditor the "indubitable equivalent" as <u>Debtors' Plan does not specify whether the Co-Owners have agreed to such treatment or whether they will cease payments.</u>

Debtors' Chapter 11 Plan of Reorganization should be denied as it does not provide Secured Creditor with the indubitable equivalent of its claim and fails to provide for Secured Creditor whatsoever.

## IV.    **CONCLUSION**

Secured Creditor respectfully requests for the court to deny Debtors' Plan or order Debtors to amend their Plan to pay the outstanding mortgage balances pursuant to the original Note and Mortgage on the Subject Property. Alternatively, Secured Creditor requests that this Court order the Debtors to surrender the Subject Property.

**WHEREFORE, SECURED CREDITOR PRAYS AS FOLLOWS:**

(1) That the objections to Debtors' Plan of Reorganization be granted; or

(2) Alternatively, to require Debtors to amend their Plan and Disclosure statement to clarify how each one of Secured Creditors' Subject Properties will be treated; and,

(3) For such other relief as this Court deems proper.

Dated:                                  Rogers, Townsend & Thomas PC

                                        BY: /s/ Matthew T. McKee.
                                        Matthew T. McKee, Esquire
                                        N.C. Bar No.: 28675
                                        2550 West Tyvola Rd, Suite 520
                                        Charlotte NC 28217
                                        (704) 442-9500
                                        (704) 442-8453 fax

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| RAYMOND B. FARMER and DIANE P. FARMER, ) | CASE NO. 10-40269 |
| JOSHUA FARMER and ANDREA FARMER, ) | CASE NO. 10-40270 |
| Debtors. ) | (Jointly Administered) |

## CERTIFICATE OF SERVICE

I, Matthew T. McKee, as attorney of record for BAC Home Loans Servicing, L.P., hereby certify that on the 20th day of April, 2011, I served a copy of the Objection to Debtors' Plan of Reorganization by either electronic notice, in accordance with the local rules, or by depositing the same, enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, said envelope being addressed as follows:

Raymond B. Farmer
Diane P. Farmer
305 Honeysuckle Dr.
Rutherfordton, NC 28139
Debtors

Joshua B. Farmer
Andrea G. Farmer
234 Edwards Street Extension
Rutherfordton, NC 28139
Debtors

Andrew T. Houston, Esquire
Hamilton Moon Stephens Steele & Martin
201 South College Street, Suite 2020
Charlotte, NC 28244
Attorney for Debtors

U.S. Bankruptcy Administrator
402 West Trade Street, Suite 200
Charlotte, NC 28202-1669

6

20 Largest Unsecured Creditors (list attached)

>Rogers, Townsend & Thomas PC
>Attorneys for BAC Home Loans Servicing, L.P.
>
>By: _____
>     Matthew T. McKee
>NC Bar No. 28675
>2550 West Tyvola Rd, Suite 520
>Charlotte NC 28217
>Telephone: (704) 442-9500
>C.094-18560

7