

FILED & JUDGMENT ENTERED
Steven T. Salata

Jun  27  2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re:<br><br>JOSHUA AND ANDREA FARMER,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-40269 |
| In re:<br><br>RAYMOND AND DIANE FARMER,<br><br>Debtors. | Chapter 11<br><br>Case No. 10-40270 |

**CONSENT ORDER RESOLVING OBJECTION TO**
**SECOND AMENDED DISCLOSURE STATEMENT**

THIS MATTER came before the Court upon the Objection to Second Amended Disclosure Statement filed by Toby Tomblin and the Estate of Janet L. Tomblin (collectively, "Tomblin") (ECF No. 414; the "Tomblin Objection"). Based on the Tomblin Objection, the record before the Court and the stipulations and consent of the parties herein, the Court adopts the following stipulations as its FINDINGS OF FACT:

1. On April 5, 2010 (the "Petition Date"), the Debtors filed two voluntary joint petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors are currently debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

MWH: 10006.001; 00001305.5

- 1 -

2. No trustee or examiner has been appointed in these chapter 11 cases. The chapter 11 cases were administratively consolidated by an order entered on May 10, 2010.

3. Tomblin filed a secured proof of claim listing the amount of her claim as $88,041.66. Tomblin's proof of claim lists the value of the property securing her claim as $80,000.

4. On March 18, 2011, the Debtors filed: (i) a *Second Amended Joint Plan of Reorganization of Raymond and Diane Farmer and Joshua and Andrea Farmer Pursuant to Section 1121(a) of the Bankruptcy Code* (the "Plan")(ECF No. 390), and (ii) a *Second Amended Joint Disclosure Statement of Joshua and Andrea Farmer and Raymond and Diane Farmer Relating to Second Amended Joint Plan of Reorganization Pursuant to Section 1125 of the Bankruptcy Code* (the "Disclosure Statement")(ECF No. 391).

5. Tomblin's secured claim(s) were classified in Classes 4 and 12 of the Plan.

6. On March 23, 2011, the Debtors filed an *ex parte* motion seeking, among other things, conditional approval of the Disclosure Statement (ECF No. 400).

7. By Order entered on March 24, 2011, the Court conditionally approved the Disclosure Statement and established certain deadlines related to plan voting and confirmation (ECF No. 402).

8. On April 18, 2011, Tomblin filed the Tomblin Objection arguing, among other things, that the Disclosure Statement failed to provide adequate information under section 1125 of the Bankruptcy Code.

9. The Debtors and Tomblin have agreed to a resolution of the Tomblin Objection on the terms set forth below. Based upon the consent of the parties:

IT THEREFORE IS ORDERED, ADJUDGED AND DECREED as follows:

A. That Tomblin shall have an allowed secured claim in the amount of $83,241.66 pursuant to 11 U.S.C.§ 502, which represents the amount of Tomblin's claim less a credit of $4,800.00 for pre-confirmation adequate protection payments made to Tomblin;

B. Payments on account of the Tomblin allowed secured claim shall begin on July 1, 2011, and shall be made monthly at the rate of six and one-half percent (6.5%) per annum on the unpaid balance until the Tomblin allowed secured claim is paid in full;

C. Such payments shall be paid in 152 consecutive monthly installments of $801.69 each, with the first such installment being due on July 1, 2011, and a like installment being due on the first day of each successive month thereafter; with one final installment of $801.51 being due on the first day of the 153rd month following July 1, 2011;

D. If the Debtors fail to make any payment contemplated in paragraph C within thirty (30) days of its due date, then Tomblin (or her heirs, successors or assigns), in her discretion, may exercise any and all state law *in rem* remedies that exist against the collateral securing the claim, provided however, that nothing contained herein should be construed to prevent the Debtors and Tomblin from reaching a mutually agreed upon modification of the terms of this Consent Order;

E. Except as expressly modified in this Consent Order, the remaining provisions of the underlying loan documents shall remain in full force and effect;

F. Each person who executes this Consent Order by or on behalf of each respective party warrants and represents that he or she has been duly authorized and empowered to execute and deliver this Consent Order of behalf of such party; and

G. No provision of this Stipulation may be changed, except by a written instrument executed by the parties or as ordered by the Court.

WE STIPULATE AND CONSENT:

| */s/ Andrew T. Houston* | */s/ Mark A. Pinkston* |
|---|---|
| Andrew T. Houston | Mark A. Pinkston |
| Moon, Wright & Houston, PLLC | Van Winkle Law Firm |
| 227 West Trade Street, Suite 1800 | P.O. Box 7376 |
| Charlotte, NC  28202 | Asheville, NC 28802 |
| (704) 944-6563 | (828) 258-2991 |
| *Attorney for Debtors* | *Attorney for Tomblin* |

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |