FILED & JUDGMENT ENTERED
Steven T. Salata

Jul 21 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: | Chapter 11 |
| JOSHUA AND ANDREA FARMER, | Case No. 10-40269 |
| Debtors. | |
| In re: | Chapter 11 |
| RAYMOND AND DIANE FARMER, | Case No. 10-40270 |
| Debtors. | |

## CONSENT ORDER

THIS MATTER came before the Court upon the *Motion of the Debtors to Enforce Cash Collateral Agreement or, Alternatively, to Surcharge Collateral Pursuant to 11 U.S.C. §506(c)* (ECF No. 443; the "Cash Collateral Motion"). Based on the Cash Collateral Motion, the record before the Court and the stipulations and consent of the parties herein, the Court adopts the following stipulations as its FINDINGS OF FACT:

1. On April 5, 2010 (the "Petition Date"), the Debtors filed two voluntary joint petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors are currently debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

- 1 -

2.  No trustee or examiner has been appointed in these chapter 11 cases. The chapter 11 cases were administratively consolidated by an order entered on May 10, 2010.

3.  Prior to the Petition Date, First National Bank of the South ("First National") loaned certain funds to Georgetown Village Apartments, LLC. The loan was secured by, among other things, a first priority mortgage and security interest on the Georgetown Village Apartments and related personal property (collectively, the "Property").

4.  On or about March 30, 2010, Georgetown Village Apartments, LLC transferred the Property to Raymond Farmer and Joshua Farmer (the "Farmers"), subject to all liens, claims and encumbrances.

5.  During the pendency of these cases, the FDIC as Receiver for First National has assigned the loan which is secured by an interest in the Property to NAFH National Bank. For purposes of convenience, this Order refers to the creditor as "NAFH."

6.  As set forth in the Cash Collateral Motion, the Debtors conducted an auction of the Property.

7.  The Debtors did not receive a cash bid to purchase the Property and NAFH was the prevailing bidder at the auction pursuant to its credit bid.

8.  On or about June 23, 2011, the Debtors filed an *Emergency Motion of the Debtors to Surcharge Collateral Pursuant to 11 U.S.C. §506(c)* (ECF No. 439)(the "Surcharge Motion," and together with the Cash Collateral Motion the "Motions"). In the Surcharge Motion, the Debtors seek to recover from NAFH's collateral the *pro rata* share of the fees and expenses incurred by the Debtors in connection with conducting the auction.

9.  The Debtors also filed the Cash Collateral Motion on June 27, 2011, seeking to pay among other things the following: (i) a June 2011 professional fee carveout; (ii) the

- 2 -

operating expenses incurred by the Debtors operating the Property from June 1, 2011 through the date of turnover; and (iii) the second quarter 2011 quarterly fees payable under 28 U.S.C. §1930.

10. The Debtors continued operating and managing the Property until on or around July 1, 2011.

11. As a result of continuing to manage the Property, the Debtors have incurred operating expenses related to the Property from June 1, 2011 through the date of turnover.

12. The Debtors currently possess $23,446.21 related to the Property, which consists of $15,016.21 in the operating account related to the Property and $8,430.00 in a separate tax escrow account maintained by counsel for the Debtors.

13. The Debtors and First National have agreed to a resolution of the Motions on the terms set forth below. Based upon the consent of the parties:

IT THEREFORE IS ORDERED, ADJUDGED AND DECREED as follows:

A. June Professional Fee Carveout. The Debtors are hereby authorized to pay the June professional fee carveout in the amount of $2,048.00 to counsel for the Debtors as set forth in the Court's Amended Cash Collateral Order entered on July 13, 2010 (ECF No. 145).

B. Funds to NAFH. The Debtors shall immediately turnover the amount of $19,680.21 to NAFH.

C. Funds to Debtors. The Debtors are hereby authorized to retain the amount $3,766.00, to pay for fees and expenses incurred running the auction and to pay the *pro rata* portion of the second quarter 2011 quarterly fees attributable to the Property under 28 U.S.C. §1930.

D. Operating Expenses. NAFH shall pay any and all operating expenses incurred by the Debtors operating and managing the Property from June 1, 2011, through the date the deed

was recorded evidencing the transfer of the Property from the Farmers to NAFH, or its designee; provided however, that nothing contained herein should be construed to require NAFH to make any payments to insiders of the Debtors or to Debtors' counsel except as set forth in this Order.

WE STIPULATE AND CONSENT:

| */s/ Andrew T. Houston* | */s/ Louis G. Spencer* |
|---|---|
| Andrew T. Houston | Louis G. Spencer |
| Moon Wright & Houston, PLLC | McNair Law Firm |
| 227 West Trade Street, Suite 1800 | 301 S. Tryon Street, Suite 1615 |
| Charlotte, NC  28202 | Charlotte, NC 28282 |
| (704) 944-6563 | (704) 347-1170 |
| *Attorney for Debtors* | *Attorney for First National Bank of the South* |

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |