FILED & JUDGMENT ENTERED
Steven T. Salata

Aug 09 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| **Joshua and Andrea Farmer** ) | Chapter 11 |
| ) | Case No. 10-40270 |
| Debtors. ) | |
| In re: ) | |
| ) | |
| **Raymond and Diane Farmer** ) | Chapter 11 |
| ) | Case No. 10-40269 |
| Debtors. ) | |

### ORDER DENYING DEBTORS' MOTION TO SURCHARGE COLLATERAL

This matter came before the Court on July 27, 2011, for hearing upon the *Emergency Motion of the Debtors to Surcharge Collateral Pursuant to 11 U.S.C. §506(c)*(the "Surcharge Motion")(D.E. 439). Counsel for the Debtors, counsel for The Palmetto Bank, and counsel for the Timbercreek Noteholders and the Gaffney Noteholders appeared at the hearing. Based upon a review of the Surcharge Motion, the record in these cases, the submissions of the parties, and the arguments presented by counsel at the hearing, it is hereby:

**ORDERED, ADJUDGED and DECREED that:**

MWH: 10006.001; 00001749.2                     1

1. The Surcharge Motion is DENIED for the reasons stated on the record on July 27, 2011, provided however, that the Debtors are hereby authorized to retain the sums identified herein to pay the quarterly fees payable for the second quarter of 2011 under 28 U.S.C.§1930.

2. <u>Palmetto Collateral</u>. Within two (2) business days after the entry of this Order, the Debtors shall turnover the amount of $107,347.84 to The Palmetto Bank, which represents the funds currently held by the Debtors in the operating and tax escrow accounts for the East Ridge Apartments, the Meadow Green Apartments, the Wildewood Apartments, and the Addison Townhomes, less the amount of the quarterly fees payable for the second quarter of 2011 related to those properties as set forth in the following sentence. The Debtors are hereby authorized to retain the amount of $13,963.00 to pay the quarterly fees attributable to the properties identified in this paragraph for the second quarter of 2011.

3. <u>Timbercreek Collateral</u>. Within two (2) business days after the entry of this Order, the Debtors shall turnover the amount of $136,299.55 to the Timbercreek Noteholders, which represents the funds currently held by the Debtors in the operating and tax escrow accounts for the Timbercreek Apartments, less the amount of the quarterly fees payable for the second quarter of 2011 related to that property as set forth in the following sentence. The Debtors are hereby authorized to retain the amount of $1,272.00 to pay the quarterly fees attributable to the property identified in this paragraph for the second quarter of 2011.

4. <u>Gaffney Collateral</u>. Within two (2) business days after the entry of this Order, the Debtors shall turnover the amount of $393,155.37 to the Gaffney Noteholders, which represents the funds currently held by the Debtors in the operating and tax escrow accounts for the Creekside Apartments and the Magnolia Ridge Apartments, less the amount of the quarterly fees payable for the second quarter of 2011 related to those properties as set forth in the following

sentence. The Debtors are hereby authorized to retain the amount of $1,644.00 to pay the quarterly fees attributable to the properties identified in this paragraph for the second quarter of 2011.

5. <u>Termination of Cash Collateral Use</u>. The Debtors were authorized to pay professionals of the estates from the cash collateral of The Palmetto Bank, the Timbercreek Noteholders, and the Gaffney Noteholders (collectively, the "Secured Lenders"), pursuant to monthly cash collateral carveouts from April 2010 through March 2011. The Debtors' authority to pay professional fees from the cash collateral of the Secured Lenders terminated at the end of March 2011 under the terms of a series of consent orders entered between the parties (ECF Nos. 389, 405, and 406). Subject to the sharing of previously authorized carveouts by estate professionals on a *pari passu* basis, the Debtors shall not use the cash collateral of the Secured Lenders to pay professional fees of the Debtors incurred after April 1, 2011.

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of this Order. | United States Bankruptcy Court |